IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 1:16-cv-00441

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SALVATORE CELAURO, JR.;
MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

    Deceased.

## UNITED STATES' COMPLAINT

The United States of America, through its undersigned counsel, files this Complaint and alleges as follows:

### INTRODUCTION

1. This is a civil action timely brought by the United States to reduce to judgment certain outstanding federal tax liabilities assessed against Defendant Salvatore Celauro, Jr. and to foreclose related federal tax liens on real property located in Park County, Colorado.

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because it is the district where the liability for the taxes at issue accrued and where the property that is the subject of the action is situated.

## IDENTIFICATION OF DEFENDANTS

5. Defendant-taxpayer Salvatore Celauro, Jr. is an adult individual residing within this judicial district. Mr. Celauro is named as a defendant in this action because he has unpaid federal tax liabilities and because he has an interest in the real property at issue in this case.

6. Defendant Michele Graziano is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the real property at issue.

7. Defendant Park County, Colorado is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

## TAX LIABILITIES AND LIENS

8. Defendant Salvatore Celauro, Jr. failed to file federal income tax returns for the 1998, 1999, 2001, and 2002 tax years. The IRS conducted an audit for each of those years, and on various dates, a delegate of the Secretary of the Treasury made timely assessments against Mr. Celauro for unpaid federal income taxes, penalties, and interest for the 1998, 1999, 2001, and 2002 tax years as follows:

| Tax Year | Assessment Date | Amount Assessed | | Unpaid Balance Plus Accruals as of 2/19/2016 |
|---|---|---|---|---|
| 1998 | 2/27/2006 | $ 17,575.00 | (Tax) | |
| | 2/27/2006 | 12,741.88 | (Fraudulent Failure to File Penalty) | |
| | 2/27/2006 | 4,393.75 | (Failure to Pay Tax Penalty) | |
| | 2/27/2006 | 3,954.38 | (Late Filing Penalty) | |
| | 2/27/2006 | 804.20 | (Estimated Tax Penalty) | |
| | 2/27/2006 | 19,237.60 | (Interest) | |
| | 4/24/2006 | 80.00 | (Fees and Collection Costs) | |
| | 5/15/2006 | 80.00 | (Fees and Collection Costs) | |
| | 4/1/2013 | 12.00 | (Fees and Collection Costs) | |
| | 10/7/2013 | 26,241.08 | (Interest) | $ 72,506.34 |
| | | | | |
| 1999 | 2/27/2006 | $ 12,354.00 | (Tax) | |
| | 2/27/2006 | 8,956.65 | (Fraudulent Failure to File Penalty) | |
| | 2/27/2006 | 3,088.50 | (Failure to Pay Tax Penalty) | |
| | 2/27/2006 | 2,779.65 | (Late Filing Penalty) | |
| | 2/27/2006 | 597.88 | (Estimated Tax Penalty) | |
| | 2/27/2006 | 10,611.54 | (Interest) | |
| | 10/7/2013 | 17,430.28 | (Interest) | $ 59,930.59 |
| | | | | |
| 2001 | 2/27/2006 | $ 14,242.00 | (Tax) | |
| | 2/27/2006 | 10,325.45 | (Fraudulent Failure to File Penalty) | |
| | 2/27/2006 | 2,563.56 | (Failure to Pay Tax Penalty) | |
| | 2/27/2006 | 3,204.45 | (Late Filing Penalty) | |
| | 2/27/2006 | 569.18 | (Estimated Tax Penalty) | |
| | 2/27/2006 | 6,365.94 | (Interest) | |
| | 10/7/2013 | 16,922.77 | (Interest) | $ 58,185.72 |
| | | | | |
| 2002 | 2/27/2006 | $ 13,835.00 | (Tax) | |
| | 2/27/2006 | 10,030.38 | (Fraudulent Failure to File Penalty) | |
| | 2/27/2006 | 1,660.20 | (Failure to Pay Tax Penalty) | |
| | 2/27/2006 | 3,112.88 | (Late Filing Penalty) | |
| | 2/27/2006 | 462.31 | (Estimated Tax Penalty) | |
| | 2/27/2006 | 4,342.91 | (Interest) | |
| | 10/7/2013 | 15,185.22 | (Interest) | $ 52,211.35 |

9. The assessed amounts for the 1998, 1999, 2001, and 2002 tax years include penalties for Mr. Celauro's fraudulent failure to file returns for each of those tax years under 26 U.S.C. § 6651(f). The fraudulent failure to file penalties are based upon: (1) Mr. Celauro's failure to file returns for each of the tax years; (2) his use of a foreign bank account to conceal assets from the IRS; (3) his failure to cooperate with IRS; (4) his making of frivolous arguments to the IRS when communicating with the IRS; and (5) his failure to make estimated tax payments.

10. Defendant Salvatore Celauro, Jr. filed a frivolous return with the Internal Revenue Service on or about July 29, 2011. On the dates listed below, a delegate of the Secretary of the Treasury made timely, duly-authorized assessments against Mr. Celauro as follows:

| Tax Year | Assessment Date | Amount Assessed | Unpaid Balance Plus Accruals as of 2/19/2016 |
|---|---|---|---|
| 2011 | 11/21/2011 | $ 5,000.00   (Penalty for Filing Frivolous Return) | |
| | 11/21/2011 | 80.00   (Fees and Collection Costs) | |
| | 10/7/2013 | 293.61   (Interest) | **$ 5,769.48** |

11. Despite timely notice and demand for payment of the assessments described in Paragraphs 8 and 10, above, Defendant Salvatore Celauro, Jr. has neglected, failed, or refused to fully pay the assessments made against him.

12. Since the dates of the above-described assessments, interest, penalties, and statutory additions have accrued and will continue to accrue, as provided by law.

13. Collections have also been made and applied to these liabilities. As of February 19, 2016, Mr. Celauro owed the United States $248,603.48.

14. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the dates of the assessments and attached to all property and rights to property of Mr. Celauro.

15. In order to provide notice to third parties entitled to notice of the statutory liens, the IRS filed a Notice of Federal Tax Liens ("NFTL") with the Clerk and Recorder of Park County, Colorado on March 12, 2013.

## SUBJECT PROPERTY AND ENCUMBRANCES

16. This action seeks to foreclose upon real property owned by Defendant Salvatore Celauro, Jr. (the "Subject Property"), which is a parcel of real property located at 3282 North County Road 43, Bailey, Colorado 80421. The Subject Property is more particularly described as follows:

> Lot 6,
> DEER CREEK VALLEY RANCHOS – UNIT 4
>
> County of Park,
> State of Colorado

17. On November 30, 2012, Mr. Celauro acquired the subject property. The Deed was recorded with the Park County Clerk and Recorder on December 4, 2012.

18. As alleged in Paragraph 15, above, the United States recorded a NFTL with the Park County Clerk and Recorder on March 12, 2013.

19. On July 20, 2015, Michele Graziano recorded an "Order for Entry Money Judgment" in the amount of $8,438.25 with the Park County Clerk and Recorder.

## COUNT I
### Reduce Federal Tax Assessments against Salvatore Celauro, Jr. to Judgment

20. The United States incorporates Paragraphs 1 through 19 by reference, as if fully set forth herein.

21. A duly-authorized delegate of the Secretary of the Treasury made timely assessments against Salvatore Celauro, Jr. for the 1998, 1999, 2001, 2002, and 2011 tax years on the dates and in the amounts set forth in Paragraphs 8 and 10, above.

22. Despite timely notice and demand for payment of the assessments described above, Mr. Celauro has refused or neglected to fully satisfy these assessments, and the unpaid assessments remain due, together with accrued but unassessed statutory interest and other additions, in the amount of $248,603.48, as of February 19, 2016.

23. Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Mr. Celauro for the unpaid balance of the assessed amounts described in Paragraphs 8 and 10, above, plus statutory interest and any other additions accruing to the date of payment.

24. The unpaid assessment amount set forth in Paragraph 22, above, includes the fraudulent failure to file penalties assessed under 26 U.S.C. § 6651(f) and described in Paragraphs 8 and 9, above.

25. In the alternative, should the Court find that Mr. Celauro is not liable for the fraudulent failure to file penalty assessed under 26 U.S.C. § 6651(f) and described in Paragraphs 8 and 9, above, the United States is entitled to recover penalties for Mr. Celauro's failure to file tax returns for the 1998, 1999, 2001, 2002, and 2011 tax years under 26 U.S.C. § 6651(a)(1)

because Mr. Celauro's failure to file tax returns was not due to any reasonable cause and instead was due to his untenable position that he is immune from federal taxation.

## COUNT II
### Foreclose Federal Tax Liens on Subject Property

26. The United States incorporates Paragraphs 1 through 25 by reference, as if fully set forth herein.

27. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose on the assessment dates shown in the tables set forth in Paragraphs 8 and 10, above, against all property and rights to property belonging to Defendant Salvatore Celauro, Jr., including the Subject Property.

28. The United States recorded a Notice of Federal Tax Lien for the assessments described in Paragraphs 8 and 10, above, with the Park County Clerk and Recorder on March 12, 2013.

29. The tax liens arising for the assessments set forth in Paragraphs 8 and 10, above, have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323.

30. The United States is entitled to foreclose its federal tax liens upon the Subject Property and receive the proceeds from the sale of the Subject Property to be applied towards satisfaction of the outstanding federal tax assessments against Salvatore Celauro, Jr.

\\

\\

\\

WHEREFORE, the United States respectfully requests that the Court:

A. Enter judgment in favor of the United States and against Defendant Salvatore Celauro, Jr. on the assessments described in Paragraphs 8 and 10, above, in the amount of $248,603.48, plus statutory interest and other additions accruing from February 19, 2016;

B. In the alternative, should the Court find that Mr. Celauro is not liable for the fraudulent failure to file penalty assessed under 26 U.S.C. § 6651(f) and described in Paragraphs 8 and 9, above, enter judgment in favor of the United States and against Defendant Salvatore Celauro, Jr. on the assessments described in Paragraphs 8 and 10, above, including failure to file penalties as provided for in 26 U.S.C. § 6651(a)(1);

B. Determine, adjudge, and decree that the liens of the United States for the assessments described in Paragraphs 8 and 10, above, attached to the Subject Property and that the United States has valid and subsisting liens against the Subject Property;

C. Order that the federal tax liens of the United States be foreclosed upon the Subject Property, that the Subject Property be sold, and that the proceeds from the sale be distributed to the United States and all other creditors in their respective priorities, in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

D. Award the United States its costs and such other relief as is just and proper.

Dated: February 23, 2016                    CAROLINE D. CIRAOLO
                                            Acting Assistant Attorney General


                                            */s/ Ryan S. Watson*
                                            RYAN S. WATSON
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 683, Ben Franklin Station
                                            Washington, D.C. 20044-0683
                                            Tel:  202.514.5173
                                            Fax:  202.307.0054
                                            Ryan.Watson@usdoj.gov
                                            *Attorneys for Defendants*

                                            *Of Counsel*
                                            BENJAMIN WAGNER
                                            United States Attorney
                                            *Attorneys for the United States of America*