*Doc 1*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:16-CV-00441 *MJW*

UNITED STATES OF AMERICA,

**FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3/28/2016
JEFFREY P. COLWELL, CLERK**

Plaintiff

- against -

SALVATORE CELAURO, JR. [sic];

                       Wrongly Accused
                       Belligerent Litigant

MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

                    Deceased.

-----------------------------------------------------------------------------------------------------------------

**NOTICE**
OF MY CHALLENGE TO THE
POLITICAL JURISDICTION OF
UNITED STATES OF AMERICA
OVER ME
AND
**DEMAND**
THAT THIS COMPLAINT AGAINST ME
BE DISMISSED AS UNITED STATES OF AMERICA
CANNOT PROPERLY ESTABLISH THAT IT HAS
POLITICAL OR CIVIL CONTRACTUAL JURISDICTION
OVER ME

**THE ISSUES**

1.    This is a challenge to the political and/or civil contractual jurisdiction of the charging

party, such being the Executive Branch of UNITED STATES OF AMERICA, and **NOT** to this

Honorable Court.

2.    It is the responsibility of the Executive Branch of UNITED STATES OF AMERICA, to

present its proof, from its existing files, that it has in some manner, in conformance to the

restriction set forth and established in the Thirteenth Amendment to the Federal Constitution,

that UNITED STATES OF AMERICA has gained my voluntary agreement to be subservient to the political or civil contractual Jurisdiction of UNITED STATES OF AMERICA.

3.   As UNITED STATES OF AMERICA has no ability to establish that UNITED STATES OF AMERICA has political or civil contractual jurisdiction over me, as is required of UNITED STATES OF AMERICA, under the prohibition of involuntary servitude mandate, established in the Thirteenth Amendment to the Federal Constitution, this Honorable Court has no standing to proceed, and this Honorable Court has no standing to inquire of me as to my political or civil contractual status, for this Honorable Court to do so would indicate this Court to be biased against me, in favor of the complaining party.  Such action would constitute a violation of the Separation of Powers Doctrine, and disqualify the judge of this Honorable Court from any further participation in this matter.

4.   Please find attached hereto and incorporated herein in full by this reference, as Exhibit "A" hereto, a list of numerous appellate court case citations from around the country, including United States cases, that establish that when jurisdiction (of any manner), is challenged, it must be proven, on the record, by the moving party, the Executive Branch of UNITED STATES OF AMERICA, not by the judge of this Honorable Court.

5.   It is clearly self-evident that the Thirteenth Amendment to the Federal Constitution causes the admonitions in these numerous appellate court cases, including United States cases, to apply reasonably, in this instant case, to the complaining party, the Executive Branch of UNITED STATES OF AMERICA, and **NOT** directly to this Honorable Court.   However, this Honorable Court has no standing to proceed against me, unless and until the Executive Branch of UNITED STATES OF AMERICA presents its proof, from its files existing at the time and on the date I was wrongly accused, that such UNITED STATES OF AMERICA then had and now

has properly gained political and or civil contractual jurisdiction over me. And that UNITED STATES OF AMERICA has gained such jurisdiction in full compliance with and not in violation of the restrictions established in the Thirteenth Amendment to the Federal Constitution.

6. UNITED STATES OF AMERICA (through either its Administrative/Judicial Branch or its Executive Branch), does not have standing to interrogate me in order to establish that it had political or civil contractual jurisdiction over me at the time and date I was wrongly accused by UNITED STATES OF AMERICA, and certainly do not have standing to attempt to establish such jurisdiction to be effective at this late date.

7. UNITED STATES OF AMERICA must present its proof from its existing files, and if UNITED STATES OF AMERICA claims to have such proof, such must be presented to me in writing, and I must be accorded a reasonable opportunity to subpoena witnesses and gather evidence in opposition.

8. As it is a foregone conclusion that the Executive Branch of the Government of UNITED STATES OF AMERICA will not be able to present any acceptable proof, because any proof that it might present would have been obtained through fraudulent inducement, not through any honorable and forthright means.

9. In consideration of the foregoing, this Honorable Court has no option, other than to dismiss this case lodged against me by the Executive Branch of the Government of UNITED STATES OF AMERICA.

10. Let this Honorable Court be informed that I am challenging the jurisdiction of the UNITED STATES OF AMERICA. This Court is well advised and therefore had no standing to continue this case and will remain so unless and until the Executive Branch of UNITED STATES OF AMERICA presents to me its written proof that it has properly obtained any

manner or form of jurisdiction over me, as is required under the Federal Thirteenth Amendment, and the numerous appellate court case citations, including United States cases, annexed hereto and incorporated herein by reference.

## DISCUSSION

11.  The issue of this Notice and Demand is limited to examining the issue of whether or not UNITED STATES OF AMERICA can present proof that it has political or civil contractual jurisdiction over me.  The underlying complaints are **NOT** relevant!

12.  The relationship of my standing to UNITED STATES OF AMERICA is a political issue based on UNITED STATES OF AMERICA's compliance with the Federal Thirteenth Amendment; it is not a judicial issue.  This Court does not have standing to determine my political status any more than would this Court have standing to determine the political status of the Queen of England.

13.  This is true because the political status of everyone can only be determined by the voluntary act of each man or woman, based on their own individual choice, as is clearly established in the prohibition of involuntary servitude, set forth and established in the Thirteenth Amendment to the Federal Constitution.

14.  The burden of proof is on the complaining party, to present its proof from its existing files that it gained political or civil jurisdiction over me without violating the prohibition of involuntary servitude recognized in the Federal Constitution, in the Thirteenth Amendment thereto.

I, sal-junior:Celauro, Wrongly Accused, hereby Demand that the complaints lodged against me be dismissed due to the fact that UNITED STATES OF AMERICA has no legitimate claim of political or civil contractual jurisdiction over me.  That the judge of this Honorable Court

order the Clerk of this Honorable Court, to issue a check payable to sal-junior:Celauro that I be accorded any and all additional relief to which I might be entitled.

## ADDITIONAL NOTICE TO
## THIS HONORABLE COURT

Due to the fact that it will not be possible for the Executive Branch of UNITED STATES OF AMERICA to present proof, in conformance with the Federal Thirteenth Amendment, that UNITED STATES OF AMERICA has properly gained either political or civil contractual jurisdiction over me, I, sal-junior:Celauro, will not present myself to this Honorable Court unless and until the Executive Branch of UNITED STATES OF AMERICA presents to me its proof that it has such dominion over me, which I am not able to refute.

Let this Honorable Court be hereby advised: This Notice and Demand negates any promise to appear, unless and until the complaining entity successfully complies with this Demand.

Let this Honorable Court and UNITED STATES OF AMERICA be hereby further advised, should the Executive Branch of UNITED STATES OF AMERICA present such proof to me, in writing, that I cannot refute, I will then conform to any order of this Honorable Court.

Let this Honorable Court and UNITED STATES OF AMERICA be hereby further advised, I freely acknowledge that the complaining entity, UNITED STATES OF AMERICA, has a serious dilemma. As there is no possible way that UNITED STATES OF AMERICA can present proof that it has properly gained any manner of jurisdiction over me, and at the same time, that if UNITED STATES OF AMERICA responds with the information that it does purport to have, UNITED STATES OF AMERICA knows that I will eviscerate any such presentation due to the self-evident fraudulent procurement thereof by UNITED STATES OF AMERICA, thereby totally embarrassing UNITED STATES OF AMERICA.

Therefore, let it be hereby acknowledged by me that as UNITED STATES OF AMERICA is in a situation that it cannot win and dares not lose, I agree that this case is not to be used as a precedent by any other man or woman challenging the political or civil jurisdiction of UNITED STATES OF AMERICA. That their case must stand or fall on its own merits.

## NOTICE TO UNITED STATES OF AMERICA
## LAW ENFOREMENT

A certified copy of this Notice and Demand, duly file stamped by the Clerk of this Honorable Court, when presented to any UNITED STATES OF AMERICA Law Enforcement Officer, shall serve as Official Notice to such officer, that UNITED STATES OF AMERICA has no dominion over sal-junior:Celauro, and such officer shall not further interfere with the Pursuit of Happiness of sal-junior:Celauro anywhere within UNITED STATES OF AMERICA.

Proceeding at all times under Threat, Duress and Coercion

*sal-junior:Celauro*

sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]
29 March 2016

Exhibit A

### Case Citations re: Jurisdiction and Void Judgments

1.  "There are certain eternal principles of justice which never ought to be dispensed with, * * * that jurisdiction cannot be justly exercised by a state over property not within the reach of its process, or over persons not owing them allegiance or not subjected to their jurisdiction by being found within their limits." *Mills v. Duryee*, 11 U.S. (7 Cran.) 481, 486 (1813).

2.  "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. **But if it act without authority, its judgments and orders are regarded as nullities.** They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal, in opposition to them. They constitute no justification, **and all persons concerned in executing such judgments or sentences are considered in law as trespassers.**" *Elliott v. Lessee of Piersol*, 26 U.S. (1 Pet.) 328, 340 (1828) [emphasis added].

3.  "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are nullities; they are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal, in opposition to them; they constitute no justification, and all persons concerned in executing such judgments, or sentences, are considered in law as trespassers." *Williamson v. Berry*, 49 U.S. (8 How.) 495, 541, 12 L. Ed. 1170, 1189 (1850); Dynes v. Hoover, 61 U.S. 65, 66 (1857).

4.  "The jurisdiction in such cases, both as to the subject-matter of the judgment, and as to the persons to be affected by it, must appear by the record; and everything will be presumed to be without the jurisdiction which does not distinctly appear to be within it. *Morse v. Presby*, 5 Foster, 302 [N.H.]" *Galpin v. Page*, 85 U.S. (18 Wall.) 350, 371 (1873).

5.  "Judgment without jurisdiction is unavailing for any purpose." *Galpin v. Page*, 85 U.S. (18 Wall.) 350, 373 (1873).

6.  "When, therefore, the record states the evidence or makes an averment with reference to a jurisdictional fact, it will be understood to **speak the truth on that point**, and it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred." *Galpin v. Page*, 85 U.S. (18 Wall.) 350, 366 (1873); *Old Wayne Mut. Life Ass'n. v. McDonough*, 204 U.S. 8, 17, 27 S. Ct. 236 (1907) [emphasis added].

7.  "* * * the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of **all other courts** of the United States, **in all cases** where such **jurisdiction does not affirmatively appear in the record** on which, in the exercise of that power, it is called to act." *Mansfield, C. & L. M. RY. Co. and another v. Swan and others*, 111 U.S. 379 (1884); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900); *Kentucky v. Powers*, 201 U.S. 1, 35-36 (1906); *Chicago, B. & Q. R. Co. v. Willard*, 220 U.S. 413, 419 (1911); *Carden v. Arkoma Associates*, 110 S. Ct. 1015, 494 U.S. 185, 195 (1990) [emphasis added].

8. "The Constitution did not mean to confer [upon the states] a new power or jurisdiction, but simply to regulate the effect of the acknowledged jurisdiction over persons and things within the territory." *Old Wayne Mut. Life Ass'n. v. McDonough*, 204 U.S. 8, 16-17, 27 S. Ct. 236 (1907).

9. "Courts are constituted by authority and they cannot beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal. *Elliott v. Peirsol*, 1 Pet. 328, 340; *Old Wayne Life Ass'n v. McDonough*, 204 U.S. 8, 27 Sup. Ct. 236." *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353-354, 41 S. Ct. 116 (1920).

10. "Jurisdiction is the power to declare the law; and when it ceases to exist, the only function remaining to the court is that of announcing the fact and **dismissing the cause**." *Bullington v. Angel*, 220 N.C. 18, 16 S.E.2d 411 (1941) [emphasis added].

11. "Accordingly, if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations **by competent proof**. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188, 189 S., 56 S.Ct. 780, 784, 785; *KVOS, Inc. v. Associated Press*, 299 U.S. 269,278, 57 S.Ct. 197, 200. *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 729." *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *King Bridge Co. v. Otoe County*, 120 U.S. 225, 26 (1887); *Thomas v. Board of Trustees*, 195 U.S. 207, 210 (1904); *Minnesota v. Northern Securities Co.*, 194 U.S. 48, 62-63 (1904); *Warth v. Seldin*, 422 U.S. 490, 527, and n. 6 (Brennan, J., dissenting) (1975); *Simon v. Eastern K. Welfare Rights Organization*, 426 U.S. 26, 45, n. 25 (1976); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 114-115, and n. 31 (1979); *Bender v. Williamsport Area School District*, 475 U.S. 534, 546-547 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-889 (1990); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-561 (1992) [emphasis added].

12. "'Jurisdiction should be distinguished from the exercise of jurisdiction. The authority to decide a cause at all, and not the decision rendered therein, is what makes up jurisdiction; and when there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction.' 15 C.J., p. 729, § 25; 21 C.J.S., Courts, § 26." *Klancher v. Anderson*, 158 P.2d 923, 925, 113 Colo. 478, 484 (1945); *McLeod v. Provident Mut. Life Ins. Co. of Philadelphia*, 526 P.2d 1318, 1322, 186 Colo. 234, 241 (1974).

13. "It is fundamental that a court, whether it is a trial or appellate court, has the jurisdiction to determine its own jurisdiction. (*In re Grove Street*, 61 Cal. 438; *Clary v. Hoagland*, 6 Cal. 685; *Cohen v. Barrett*, 5 Cal. 195; *In re Meisner*, 30 Cal. App. 2d 290 [86 P.2d 124]; *In re Wyatt*, 114 Cal. App. 557 [300 P. 132]; *Fitzpatrick v. Sonoma County*, 97 Cal. App. 588 [276 P. 113]; *In re Tassey*, 81 Cal. App. 287 [253 P. 948]; *Dillon v. Dillon*, 45 Cal. App. 191 [187 P. 27]; 21 C.J.S., Courts, § 113.) The general rule is stated in 21 Corpus Juris Secundum, Courts, section 113. "Every court has judicial power to hear and determine, or inquire into, the question of its own jurisdiction, both as to parties and as to subject matter, and to decide all questions, whether of law or fact, the decision of which is necessary to determine the question of jurisdiction."" *Rescue Army v. Municipal Court*, 28 Cal. 2d 460, 473-474, 171 P.2d 8 (Carter, J., dissenting, 1946).

14. "A void judgment is one which **shows upon the face of the record** a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given. *Chickamauga Trust Co[mpany] v. Lonas*, 139 Tenn. 228, 235, 201 S.W. 777, L.R.A.1918D, 451; *Vanvabry v. Staton*, 88 Tenn. 353 [334], 12 S.W. 786; *Finley v. Gaut*, 67 Tenn. (8 Bext.), [148] 149; *Holmes v. Eason*, 76 Tenn. (8 Lea) [754], 755." *Richardson v. Mitchell*, 237 S.W. 2d 577, 34 Tenn. App. 318 (1950) [emphasis added].

15. "A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment. *Lynch v. State ex rel. Killebrew*, 179 Tenn. 339, 166 S.W.2d 397." *State ex rel. Underwood v. Brown*, 244 S.W. 2d 168, 193 Tenn. 113 (1951).

16. "Jurisdiction is the power of a court to decide a case on its merits; it is the power of a court to inquire into the facts, to apply the law, and to enter and enforce judgment. Jurisdiction presupposes the existence of a duly constituted court with control over a subject matter which comes within the classification limits designated by the constitutional authority or law under which the court is established and functions. *Williams v. Williams*, 188 N.C. 728, 125 S.E. 482; *S. v. Hall*, 142 N.C. 710, 55 S.E. 806; 14 Am. Jur., Courts, Sections 160 to 162. Jurisdiction also presupposes control by the court over the parties litigant, duly acquired either by general appearance or by such service of process as brings them before the court, actually or constructively, in a constitutional sense. *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E.2d 709; McIntosh, North Carolina Practice and Procedure, pp. 6 and 7." *Jones v. Brinson*, 238 N.C. 506, 509, 78 S.E.2d 334 (1953); *Perry v. Owens*, 257 N.C. 98, 101-102, 125 S.E.2d 287 (1962) *In re T.P.*, 678 S.E.2d 781 (N.C.App. 2009).

17. "While it is true that no consent can give a court jurisdiction of the subject matter of an action which the court does not possess without such consent, it is equally true that a court may obtain jurisdiction over the person of a party litigant **by his consent**." *Jones v. Brinson*, 238 N.C. 506, 509, 78 S.E.2d 334 (1953); *Williams v. Holland*, 39 N.C.App. 141, 146, 249 S.E.2d 821 (1978) [emphasis added].

18. "* * * lack of jurisdiction of the action, resulting in a **duty of the court to dismiss**." *Thomasian v. Superior Court*, 122 Cal.App.2d 322, 337, 265 P.2d 165 (Cal.App.Dist.1 1953) [emphasis added].

19. "* * * in *Carter v. Rountree*, 109 N.C. 29, 13 S.E. 716, * * * "A void judgment is one that has merely semblance, without some essential element or elements, as when the court purporting to render it has not jurisdiction. * * * A void judgment is without life or force, and the court will quash it on motion, or ex mero motu. Indeed, when it appears to be void, it may and will be ignored everywhere, and treated as a mere nullity." The later decisions are in full accord: *Stafford v. Gallops*, 123 N.C. 19, 31 S.E. 265; *Moore v. Packer*, 174 N.C. 665, 94 S.E. 449; *Duffer v. Brunson*, 188 N.C. 789, 125 S.E. 619; *Simms v. Sampson*, 221 N.C. 379, 20 S.E.2d 554. See McIntosh, N.C. P. & P. 734-737." *Mills v. Richardson*, 240 N.C. 187, 190-191, 81 S.E. 2d 409 (1954).

20. "A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it. Defect of jurisdiction may relate to a party or

parties, the subject matter, the cause of action, the question to be determined, or the relief to be granted. A judgment entered where such defect exists has neither life nor incipience, and a court is impuissant to invest it with even a fleeting spark of vitality, but can only determine it to be what it is--a nothing, a nullity. Being naught, it may be attacked directly or collaterally at any time. *Stubbs v. McGillis*, 44 Colo. 138, 96 P. 1005, 18 L.R.A.,N.S., 405, 130 Am.St.Rep. 116." ***Davidson Chevrolet, Inc. v. City and County of Denver***, 330 P.2d 1116, 1118-1119, 138 Colo. 171 (1958).

21. "Jurisdiction is the power to hear and determine the particular questions in the case involved. **If this power is absent, then the court is without jurisdiction.**" ***Colorado State Bd. of Medical Examiners v. District Court In and For El Paso County***, 331 P.2d 502, 506, 138 Colo. 227, 233-234 (1958); *Colorado Dept. of Revenue v. District Court In and For Adams County*, 470 P.2d 864, 868, 172 Colo. 144, 150 (1970) [emphasis added].

22. "And in *Davidson Chevrolet, Inc. v. City and County of Denver*, 138 Colo. 171, 330 P.2d 1116, 1118, we said: 'A void judgment is vulnerable to a direct or collateral attack regardless of the lapse of time.'" ***Michels v. Clemens***, 342 P.2d 693, 698, 140 Colo. 82 (1959).

23. "I am at a complete loss to understand how my brethren who make up the majority can reconcile the present opinion with that in *Davidson Chevrolet, Inc. et al. v. City and County of Denver*, 138 Colo. 171, 330 P.2d 1116, 1118, in which all members of this court concurred and where the court speaking through Mr. Justice Frantz said:

'A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it. Defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or the relief to be granted. A judgment entered where such defect exists has neither life nor incipience, and a court is impuissant to invest it with even a fleeting spark of vitality, but can only determine it to be what it is--a nothing, a nullity. Being naught, it may be attacked directly or collaterally at any time. *Stubbs v. McGillis*, 44 Colo. 138, 96 P. 1005, 18 L.R.A., N.S., 405, 130 Am.St.Rep. 116.'" ***City of Pueblo v. Grand Carniolian Slovenian Catholic Union of U.S. of America***, 358 P.2d 13, 23, 145 Colo. 6 (Moore, J., dissenting 1960).

24. "Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of the person or subject matter and judgments procured through fraud. *Ward v. Sampson*, 395 Ill. 353, 70 N.E.2d 324; I.L.P. Judgments, Sections 174 and 175. They may be attacked directly or collaterally. *Escue v. Nichols*, 335 Ill. App. 244, 81 N.E.2d 652, *Rompza v. Lucas*, 337 Ill. App. 106, 85 N.E.2d 467." ***Irving v. Rodriquez***, 169 N.E.2d 145, 27 Ill.App.2d 75 (1960).

25. "A void judgment is one which shows upon the face of the record a want of jurisdiction in the Court assuming to render the judgment, which want of jurisdiction may be either of the person, or the subject matter generally, or of the particular question to be decided or the relief assumed to be given. This statement was made in the *New York Casualty Company v. Lawson*, 160 Tenn. 329, 24 S.W.2d 881 case and quoted with approval in the case of *Lynch v. State ex rel. Killebrew*, 179 Tenn. 339, 342, 166 S.W.2d 397." ***State ex rel. Dawson v. Bomar***, 354 S.W.2d 763, 209 Tenn. 567 (1962).

26. "While the phrase "void on its face" is somewhat imprecise, it is clear that the invalidity need not appear on the face of the judgment alone; a judgment or order may be said to be intrinsically void, or "void on its face," if lack of jurisdiction appears from the record. *State of Missouri ex rel. and to Use of Stormfeltz v. Title Guaranty & Surety Co.*, 8 Cir., 72 F.2d 595, 598[8, 9], cert. den. 294 U.S. 708, 55 S.Ct. 404, 79 L.Ed. 1242; *Caruthersville School Dist. No. 18 v. Latshaw*, 360 Mo. 1211, 1219, 233 S.W.2d 6, 9[4-7]; *State ex rel. National Lead Co. v. Smith*, Mo. App., 134 S.W.2d 1061, 1069[18, 19]." ***Crockett Oil Co. v. Effie***, 374 S.W.2d 154 (Mo.App. 1964).

27. "A judgment obtained without jurisdiction over the defendant is void." ***Overby v. Overby***, 457 S.W.2d 851 (Tenn. 1970); *First Deposit National Bank v. Men K. Quach*, No. 01-A-01-9809-CH-00505 (Tenn.App. 1999).

28. "A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect." ***Lubben v. Selective Service System***, 453 F.2d 645, 649 (1st Cir. 1972).

29. "Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 1936, 298 U.S. 178, 80 L. Ed. 1135, 56 S. Ct. 780; *Welsh v. American Surety Co.*, 5 Cir. 1951, 186 F.2d 16; 5 C. Wright & A. Miller, supra § 1363 at 653." ***Rosemond Sand v. Lambert Sand***, 469 F.2d 416 (5th Cir. 1972).

30. "A void judgment is one where the court lacks jurisdiction over the subject matter or over the parties." ***Lange v. Johnson***, 204 N.W.2d 205, 295 Minn. 320 (1973).

31. "Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction." ***Joyce v. United States***, 474 F.2d 215 (3rd Cir. 1973); *Dunser v. Aronoff*, 915 F.2d 1071 (6th Cir. 1990).

32. "When it clearly appears that the court lacks jurisdiction, **the court has no authority to reach the merits**. In such a situation the action should be dismissed for want of jurisdiction." ***Melo v. United States***, 505 F.2d 1026 (8th Cir. 1974) [emphasis added].

33. "Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. *Wahl v. Round Valley Bank*, 38 Ariz. 411, 300 P. 955 (1931); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 146 P. 203 (1914); see *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed.2d 278 (1940)." ***Cockerham v. Zikratch***, 619 P.2d 739, 127 Ariz. 230 (1980).

34. "A void judgment is one rendered in the absence of jurisdiction over the subject matter or the parties. *Lange v. Johnson*, 295 Minn. 320, 323, 204 N.W.2d 205, 208 (1953)." ***Matson v. Matson***, 310 N.W. 2d 502, (Minn. 1981).

35. "However, "[in] order for a judgment to be void, there generally must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. 7 Moore's

Federal Practice § 60.25[2] (2d ed. 1975)." *First Security Bank v. Neibaur*, 98 Idaho 598, 605 at n. 4, 570 P.2d 276, 283 at n. 4 (1977)." ***Puphal v. Puphal***, 105 Idaho 302, 669 P.2d 191 (1983); *Dragotoiu v. Dragotoiu*, 133 Idaho 644, 647, 991 P.2d 369 (1998)

36. "In making such allegations, the Department in effect challenged the court's subject matter jurisdiction to hear the case, a challenge which is properly raised by motion to dismiss." ***Criterion Ins. Co. v. State, Dept. of Ins.***, 458 So.2d 22, 25 (Fla.App. Dist.1 1984).

37. "A void judgment is one that has been procured by extrinsic or collateral fraud, [case cites omitted] or entered by court that did to have jurisdiction over subject matter or the parties, *Va. Dept. Corr. v. Crowley*, 227 Va. 254, 260-61, 316 S.E.2d 439, 442-43 (1984); *Slaughter v. Commonwealth*, 222 Va. 787, 791, 284 S.E.2d 824, 826 (1981); *Matthews v. Commonwealth*, 216 Va. 358, 359-61, 218 S.E.2d 538, 539-40 (1975); *Cofer v. Cofer*, 205 Va. 834, 836-37, 140 S.E.2d 663, 665-66 (1965)." ***Rook v. Rook***, 353 S.E. 2d 756, 233 Va. 92 (1987).

38. "A judgment or order is void where it is entered by a court which **lacks jurisdiction over the parties** or the subject matter, or **lacks inherent power** to enter the particular order or judgment (*Potenz Corp. v. Petrozzini* (1988), 170 Ill. App. 3d 617, 618), or where the order is procured by fraud (*Vulcan Materials Co. v. Bee Construction Co.* (1981), 101 Ill. App. 3d 30, 40)." ***Evans v. Corporate Services***, 565 N.E.2d 724, 207 Ill. App. 3d 297 (1990) [emphasis added].

39. "The defense of lack of personal jurisdiction is waived if it is not raised in the defendant's pleadings. *Clinic Masters, Inc. v. District Court*, 192 Colo. 120, 123, 556 P.2d 473, 475 (1976); *Board of County Comm'rs v. District Court*, 172 Colo. 311, 313, 472 P.2d 128, 129 (1970). However, the absence of subject matter jurisdiction may be raised at any stage of the proceedings. *Paine, Webber, Jackson & Curtis v. Adams*, 718 P.2d 508, 513 (Colo.1986); *Peaker v. Southeastern Colo. Water Conservancy Dist.*, 174 Colo. 210, 213, 483 P.2d 232, 233 (1971)." ***Stone's Farm Supply, Inc. v. Deacon***, 805 P.2d 1109, 1113 (Colo. 1991).

40. "A judgment is void if the court that rendered it lacked jurisdiction of the parties, or if its actions resulted in a denial of due process." ***Sramek v. Sramek***, 17 Kan.App.2d 573, 576, 840 P.2d 553 (1993).

41. "We conclude, based on our reading of cases from other jurisdictions, that a void judgment is an absolute nullity and may be ignored or disregarded, vacated on motion, or attacked on habeas corpus." ***Sramek v. Sramek***, 17 Kan.App.2d 573, 577, 840 P.2d 553 (1993).

42. "A void order, that is, one entered by a court which **lacks jurisdiction over the parties**, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided the party is properly before the court. *Evans*, 207 Ill. App. 3d at 301-02; see also *In re Annexation to City of Prospect Heights* (1982), 111 Ill. App. 3d 541." ***People ex rel. Brzica v. Village of Lake Barrington***, 644 N.E.2d 66, 268 Ill. App. 3d 420, 205 Ill. Dec. 850 (1994) [emphasis added].

43. "A defendant may, **by consent**, confer personal jurisdiction upon a court that would otherwise not have jurisdiction over it, * * *." ***Packaging Store, Inc. v. Leung***, 917 P.2d 361, 363 (Colo.App. 1996) [emphasis added].

44. "A void judgment is a mere nullity, and can be attacked at any time. *Tari v. State* (1927), 117 Ohio St. 481, 494, 159 N.E. 594, 597-598. * * * A void judgment is one entered by a court without jurisdiction to enter such judgment." *State v. Blankenship*, 111 Ohio App.3d 198, 675 N.E. 2d 1303 (1996).

45. "A void Judgement is a "'Judgement, decree or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved . . . .'" *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968) (quoting *Robertson v. Commonwealth of Virginia*, 25 S.E.2d 352, 358 (1943))." *State ex rel. Turner v. Briggs*, 94 Wash.App. 299, 971 P.2d 581 (1999).

46. ""A void judgment or order is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order or judgment, or where the order was procured by fraud." *Miller v. Balfour*, 303 Ill. App. 3d 209, 215, 707 N.E.2d 759 (1999)." *In re the Adoption of E.L. v. F. & P.A.*, 315 Ill.App.3d 137, 315 Ill.App.3d 137, 733 N.E.2d 846, 733 N.E.2d 846, 248 Ill.Dec. 171, 248 Ill.Dec. 171 (2000).

47. "In *Taylor v. State*, 995 S.W.2d 78 (Tenn. 1999), we reiterated that "[a] void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired. *Id.* at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161-64))" *State v. Richie*, 20 S.W.3d 624 (Tenn. 2000).

48. "Jurisdiction is the power and authority of the court to act. Unquestionably, a district court must have subject-matter jurisdiction over the cause of action. *See* Colo. Const. art. VI, § 9 ("The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases ....") In addition to subject-matter jurisdiction, the court must be able to assert personal jurisdiction over the defendants. Personal jurisdiction mandates that there is a proper relationship between the defendant and the forum. *See* U.S. Const. Amend. XIV; *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hancock v. Boulder County Pub. Trustee*, 920 P.2d 854, 858 (Colo.App.1995)." *Spencer v. Sytsma*, 67 P.3d 1, 8-9 (Colo. 2003).

49. "A void judgment may be challenged at any time pursuant to C.R.C.P. 60(b)(3) and must be vacated upon request. *Rainsberger v. Klein*, 5 P.3d 351 (Colo.App.1999)." *McGuire v. Champion Fence & Const., Inc.*, 104 P.3d 327, 329 (Colo.App. 2004).

50. "A covenant or provision that is void ab initio is "[n]ull from the beginning, as from the first moment when a contract is entered into." *Black's Law Dictionary* 1568 (7th ed. 1999)(defining "void ab initio"); *see City & County of Denver v. Bd. of County Comm'rs,*661 P.2d 1185, 1187 (Colo. App. 1982)(equating void ab initio with void, and stating, "The meaning of the term void is 'null, ineffectual, nugatory.' A 'void' judgment, for example, is one which 'has neither life nor incipience.' " (citation omitted) (quoting *Black's Law Dictionary and Davidson Chevrolet, Inc. v. City & County of Denver*, 138 Colo. 171, 175, 330 P.2d 1116, 1118 (1958)))" *Phoenix Capital, Inc. v. Dowell*, 176 P.3d 835, 840 (Colo.App. 2007); *City and County of Denver v. Board of County Com'rs of Jefferson County*, 661 P.2d 1185, 1187 (Colo.App. 1982).

51. "A void judgment is a "complete nullity" and has no legal effect. *De Avila v. Estate of DeHerrera*, 75 P.3d 1144, 1147 (Colo.App.2003)." ***SR Condominiums, LLC v. K.C. Const.*, Inc.**, 176 P.3d 866, 869 (Colo.App. 2007).

52. "A court may grant a party relief from a void judgment or order. *See* C.R.C.P. 60(b)(3). Generally, if a court lacks subject matter jurisdiction, any judgment it renders is void. *See In re Water Rights of Columbine Assocs.*, 993 P.2d 483, 488 (Colo. 2000); *Olson v. Hillside Cmty. Church SBC*, 124 P.3d 874, 878 (Colo. App. 2005); *In re Marriage of Mallon*, 956 P.2d 642, 645 (Colo. App. 1998)." ***In re the Petition of C.L.S.*,** 252 P.3d 556, 560 (Colo.App. 2011).

## Maxims of Law

53. "A judge who exceeds his office or jurisdiction is not to be obeyed." *Jenk. Cent.* p. 139, case 84; *Bouv.* 133.

54. "A judicial act by a judge without jurisdiction is void; but a ministerial act, from whomsoever proceeding, may be ratified. *Loffi.* 458.

55. "A judgment given by one who is not the proper judge is of no force and should not harm anyone." 10 *Coke*, 70, 766; *Bouv.* 133; *Fleta*, 1. 6, c. 6, s. 7; Broom, *Max.* 92.

56. "The condition of the defendant must be favored, rather than that of the plaintiff." *Dig.* 50, 17, 125; Broom, *Max.* 715.

57. "A good judge should do nothing of his own arbitrary will, nor on the dictate of his personal inclination, but should decide according to law and justice." 7 *Coke*, 27a.

## CERTIFICATE OF SERVICE

I, sal-junior:Celauro, acting in the status of flesh and blood, Sui Juris, of the Posterity of the People of the united States, a free man, in the original sense, do hereby state and affirm the following facts:

That on the 24th day of March 2016 deponent served the within "Notice of My Challenge to the Political Jurisdiction of United States of America Over Me and Demand That This Complaint Against Me be Dismissed as United States of America Cannot Properly Establish That It Has Political or Civil Contractual Jurisdiction Over Me", "Challenge to Presumed Political Jurisdiction Over This Natural Man by the U.S. Government and its IRS", "Memorandum of Law", and "Affidavit in Opposition to United States' Complaint" on Ryan S. Watson, U.S. Department of Justice, P.O. Box 683, Washington, D.C. 20044-0683 by Certified Mail number 7014 2120 0001 7300 3982; on Michele Graziano at 1796 Willis Avenue, Merrick, New York 11566 by Certified Mail number 7014 2120 0001 7300 3968; and on Park County Clerk & Recorder at 501 Main Street, P.O. Box 220, Fairplay, Colorado 80440 by Certified Mail number 7014 2120 0001 7300 3975, all deposited under the exclusive care and custody of the United States Postal Service.

I declare the statements given above are to the best of my knowledge and comprehension, true, correct, complete, not misleading, the truth, the whole truth, and nothing but the truth.

Dated: 25th March 2016

*sal-junior: Celauro*

sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:16-CV-00441

UNITED STATES OF AMERICA,

                                        Plaintiff

                - against -

SALVATORE CELAURO, JR. [sic];

                                        Wrongly Accused
                                        Belligerent Litigant

MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

                                        Deceased.
-------------------------------------------------------------------------------
NOTICE
OF MY CHALLENGE TO THE
POLITICAL JURISDICTION OF
UNITED STATES OF AMERICA
OVER ME
AND
DEMAND
THAT THIS COMPLAINT AGAINST ME
BE DISMISSED AS UNITED STATES OF AMERICA
CANNOT PROPERLY ESTABLISH THAT IT HAS
POLITICAL OR CIVIL CONTRACTUAL JURISDICTION
OVER ME
-------------------------------------------------------------------------------

sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]
29 March 2016