*Doc. 3*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:16-CV-00441 ｍＪＷ

UNITED STATES OF AMERICA,

Plaintiff

- against -

SALVATORE CELAURO, JR. [sic];

Wrongly Accused
Belligerent Litigant

MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

Deceased.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
3/28/2016
**JEFFREY P. COLWELL, CLERK**

----------------------------------------------------------------------------------------------------------------

## MEMORANDUM OF LAW

### INTRODUCTION

Congress, at one time revered, is now the most despised class in America.[1] This Memorandum documents and presents evidence of their efforts *over* the last 150+ years to evade and defeat the jurisdictional restrictions of the Constitution, usurp exercise of jurisdiction in extra-constitution geographic area, and betray, defraud, and subjugate their creator, the American People, by way of perversion of the ordinary and popular meaning of certain key words in the Constitution - "State" and "United States" - through stealth transmutation of said proper nouns into arcane statutory terms with an unfathomable and constitutionally opposite meaning, reliance on inability of the American People to ascertain

---

[1] Survey finds only Congress is thought of more poorly than financial institutions.

In the annals of image problems, the banking industry ranks right up there – or rather down there – with Congress, with a high-profile survey ranking Bank of America Corp. at the bottom of the heap.

Five years after the financial crisis, the Reputation Institute survey said that banking has a worse reputation than BigPharma, the media, oil companies and telecommunications firms – just slightly above Congress. ... *Los Angeles Times*, "Banks have worst industry image," August 29, 2013, B3.

the true meaning and legal effect of said terms, and exploitation of the new "law" to deprive them of Life, Liberty, and Property.

"*Ignorance of law* consists of the want of knowledge of those laws which it is our duty to understand and which every man is presumed to know"[2] – but understanding the "law" enacted by Congress is not possible without knowledge of the selfsame simple but semi-secret rules of statutory construction used by Congress (and all other legislatures) and the Supreme Court (and all other courts) to legislate the law into existence and pronounce / declare it thereafter.

The basic rules of statutory construction (included here) enable anyone to ascertain the meaning of any statute in any body of law and thereby protect himself and his property from "legal" attack mounted against him by government actors under color of law, office, or authority.

## TWO SOVEREIGN AUTHORITIES
## IN THE AMERICAN REPUBLIC

1.  The author and source of law in America, creator of Congress and the national government, in whose name and by whose authority Congress publish, on July 4, 1776, *The unanimous Declaration of the thirteen united States of America,* who ordain and establish, on March 4, 1789, the *Constitution for the United States of America,* and in whom all political power inheres, i.e., the American People, are joint tenants in the sovereignty (hereinafter the "Joint Tenants in the Sovereignty"), in contradistinction to Congress, who exercise sovereign authority as well, but only in territory and other property belonging to the United States; to wit:

    "The same feudal ideas run through all their jurisprudence, and constantly remind

---

[2] John Bouvier, *Bouvier's Law Dictionary,* Third Revision (Being the Eighth Edition), revised by Francis Rawle (West Publishing Co.: St. Paul, Minn., 1914) (hereinafter "BOUVIER'S"), p. 2156.

us of the distinction between the Prince and the subject. No such ideas obtain here; at the Revolution, **the sovereignty devolved on the people**, and they are truly the sovereigns of the country, but they are sovereigns without subjects ... and have none to govern but themselves; the citizens of America are equal as fellow citizens, and as **joint tenants in the sovereignty**." *Chisholm v. Georgia*, 2 U.S. 419, 471-472 (1793) (emphasis added).

"Sovereignty itself is, of course, not subject to law, for it is the author and source of law; but, in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exist and acts." *Vick Wo v. Hopkins*, 118 U.S. 356, 370 (1886).

"The Congress shall have Power ... To exercise exclusive Legislation in all Cases whatsoever, over such District ... as may ... become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased ... for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings; ..." Constitution for the United States, Article 1 § 8(17).

"The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; ..." *Id.*, Article 4 § 3(2).

"It is clear that Congress, as a legislative body, exercise two species of legislative power: the one, limited as to its objects, but extending all over the Union: the other, an absolute exclusive legislative power over the District of Columbia." *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 434 (1821).

"[T]here is no such thing as a power of inherent sovereignty in the government of the United States. It is a government of delegated powers, supreme within its prescribe sphere but powerless outside of it. In this country, **sovereignty resides in the people**, and Congress can exercise no power which they have not, by their Constitution, entrusted to it; all else is withheld." *Julliard v. Greenman*, 110 U.S. 421, 467 (1884) (emphasis added).

## WORDS VIS-À-VIS TERMS

2.  The difference between a *word* and a *term* is as follows:

word ... "A vocal sound or combination of vocal sounds, used as a symbol to embody or signify an idea or thought, especially a notion or conception, and forming one of the elements of language; a single, independent utterance, forming usually a constituent unit of a sentence; vocable." *A Standard Dictionary of the English Language*, Isaac Funk, editor in chief (Funk & Wagnalls Company: New York, 1903) (hereinafter "FUNK & WAGNALLS"), p. 2078.

term ... "A word or expression used to express or designate some fixed or definite thing; a word having a limited and specific meaning, naming and characterizing

some particular object, quality, state, or the like; especially, a technical word or expression, as in the sciences, arts, trades, and the like ..." *Id.* at 1859.

3. When Congress give a *word* or *phrase* a specified or technical meaning or specific definition via statute, the ordinary definition and usage thereof as a mere *word* or *words* (as found in the dictionary) is forfeit and the novel definition and meaning of the new statutory *term*, controls – i.e., there is no discretion to take the new *term* in any other way than provided in the statute; to wit:

> Table 1. Linguistic Inference Canons ...
> ... Ordinary usage: Follow ordinary usage of terms, unless the legislature gives them a specified or technical meaning. ...
> Dictionary definition: Follow dictionary definitions of terms, unless the legislature has provided a specific definition. Jacob Scott, "Codified Canons and the Common Law Interpretation", *The Georgetown Law Journal*, Vol. 98, Issue 2, January 2010 (hereinafter "SCOTT"), p. 357.

4. Whereas, the basic rules of statutory construction / interpretation are an indispensable component of the machinery of government and used by all legislative bodies and court fora to legislate the law into existence and interpret and pronounce / declare it thereafter, said rules are generally unknown by everyone else, even legal professionals; to wit:

> "It is presumable that Congress legislates with knowledge of our basic rules of statute construction, ..." *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 496, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991).

> Every legislature in the United States has codified canons-interpretive "rules of thumb" to guide statutory interpretation, but these codifications have received virtually no attention in the academy. SCOTT, p. 341.

## CONSTRUCTION AND CONSTRUE

5. "Construction" and "construe" are defined, in pertinent part, as follows:

> "con-struc'tion ... The act of construing, or the interpretation thereby arrived at ... *Law*. The interpretation of an instrument or statute so as to attain its true meaning and legal effect." FUNK & WAGNALLS, p. 404.

"con-strue' ... To determine the meaning of; interpret; explain ..." *Id.*

## BASIC RULES OF STATUTORY CONSTRUCTION

6.   The basic rules of statutory construction / interpretation, found piecemeal in other

law dictionaries, appear in tandem in the *Oxford Dictionary of Law*, to wit, in

pertinent part:

> The principal rules of statutory interpretation are as follows:
>   (1) An Act must be construed as a whole, so that internal inconsistencies are avoided.
>   (2) Words that are reasonably capable of only one meaning must be given that meaning whatever the result. This is called the *literal rule*.
>   (3) Ordinary words must be given their ordinary meanings and technical words their technical meanings, unless absurdity would result. This is the *golden rule*.
>   (4) When an Act aims at curing a defect in the law, any ambiguity is to be resolved in such a way as to favour that aim (the *mischief rule*).
>   (5) The rule *ejusdem generis* (**of the same kind**): when a list of specific items belonging to the same class is followed by general words (as in "cats, dogs, and other animals"), the general words are to be treated as confined to other items of the same class (in this example, to other *domestic* animals).
>   (6) The rule *expressio unius est exclusio alterius* (**the inclusion of the one is the exclusion of the other**): when a list of specific items is not followed by general words it is to be taken as exhaustive. For example, "weekends and public holidays" excludes ordinary weekdays.
>   (7) The rule *in pari materia* (**on the like matter**): when a prior Act is found to be "on the like matter" it can be used as an aid in construing the statute in question ...
>   (8) The rule *noscitur a sociis* (**known by its associates**): when a word or phrase is uncertain meaning, it should be construed in the light of the surrounding words ...
> Penal and **taxing statutes are subject to strict construction** ...

*A Dictionary of Law*, Seventh Edition, Jonathan Law and Elizabeth Martin, editors (Oxford University Press: Oxford, 2009) (hereinafter "OXFORD"), p. 295 (emphasis added).

## TWO TYPES OF POLITICAL SOCIETY
## IN THE AMERICAN REPUBLIC

7.   The Supreme Court explains the political distinction between, on the one hand, *the*

*members of the Union*, and on the other, *the District of Columbia and the territories*:

"On the part of the plaintiffs it has been urged that Columbia is a distinct political society; and is therefore 'a state' according to the definitions of writers on general law. This is true. But as the act of congress obviously uses the word 'state' in reference to the term as used in the constitution, it becomes necessary to inquire whether Columbia is a state in the sense of that instrument. The result of that examination is a conviction that the members of the American confederacy only are the states contemplated in the constitution.

... These clauses show that **the word state is used in the constitution as designating a member of the union**, and excludes from the term the signification attached to it by writers on the law of nations." *Hepburn & Dundas v. Ellzey,* 6 U.S. (2 Cran.) 445, 452-453, 2 L.Ed. 332 (1805) (emphasis added).

"It has been attempted to distinguish a Territory from the district of Columbia; but the court is of opinion, that this distinction cannot be maintained. **They may differ in many respects, but neither of them is a state, in the sense in which that term is used in the constitution.**" *New Orleans v. Winter,* 14 U.S. (Wheat.) 91, 94, 4 L.Ed. 44 (1816) (emphasis added).

### CONGRESS SET ABOUT TO EVADE AND DEFEAT THE JURISDICTIONAL RESTRICTIONS OF THE CONSTITUTION

8. Notwithstanding the clarity of the Supreme Court in *Hepburn* and *New Orleans, supra,* "to provide Internal Revenue", Congress, on June 30, 1864, classify the District of Columbia and the territories as "states" and exclude from that designation the members of the Union as contemplated by the Framers and memorialized in the Constitution; to wit:

Sec. 182. *And be it further enacted,* That wherever the word state is used in this act it shall be construed to include the territories and the District of Columbia where such construction is necessary to carry out the provisions of this act. "An Act to provide Internal Revenue to support the Government, to pay interest on the Public Debt, and for other Purposes", Ch. 173, 13 Stat. 223, 306, June 30, 1864.

9. Whereas, the list of specific items in the above definition of "state", i.e., "the territories and the District of Columbia", is not followed by general words: The (a) rule of statutory construction that allows us to determine the full extent of the meaning of said definition is *expressio unius est exclusio alterius* (the inclusion of the one is the exclusion of the other; OXFORD, rule 6, *supra*), (b) said list is exhaustive

as given, and (c) full extent of the meaning of the definition of "state" in the Revenue Act of June 30, 1864, on that date, is the District of Columbia and all of the territories, i.e., Arizona Territory, Colorado Territory, Dakota Territory, Indian (Oklahoma) Territory, Montana Territory, Nebraska Territory, Nevada Territory, New Mexico Territory, Utah Territory, and Washington Territory, *and no other thing* - and Congress excludes by deliberate choice from the meaning of the definition of said new term the 36 commonwealths united by and under authority of the Constitution and admitted into the Union as of that date.

### ACTUAL LEGISLATIVE FRAUD ON THE PART OF CONGRESS

10. A partial list of legal principles that Congress violate upon enactment of Section 182 of the Revenue Act of June 30, 1864, is as follows:

"We are bound to interpret the constitution in the light of the law as it existed at the time it was adopted, ..." *Mattox v. United States*, 156 U.S. 237, 243 (1895).

Words that are reasonably capable of only one meaning must be given that meaning whatever the result. This is called the *literal role*. OXFORD, rule 2, *supra*.

Ordinary words must be given their ordinary meanings and technical words their technical meanings, unless absurdity would result. This is the *golden role*. *Id*.

The words of a statute are to be construed with reference to its subject matter. If they are susceptible to several meanings, that one is to be adopted that best accords with the subject to which the statute relates. ... Henry Campbell Black, *Handbook on the Construction and Interpretation of the Laws* (West Publishing Co., St. Paul, Minn., 1896), p. 125.

The words of a statute are to be taken in their ordinary and popular meaning, unless they are technical terms or words of art, in which case they are to be understood in their technical sense. ... *Id*., at 128.

*Si nulla sit conjectura quæ ducat alio, verba intelligenda sunt ex proprietate, non grammatica sed populari ex usu.* If there be no inference which leads to a different result, words are to be understood, according to the proper meaning, not in a grammatical, but in a popular and ordinary sense. BOUVIER'S, p. 2163.

*Proprietates verborum observerandæ sunt.* The proprieties of words (i.e. proper meanings) of words are to be observed. *Id.* at 2155.

*Verba nihil operandi melius est quam absurde.* It is better that words should have no operation, than to operate absurdly. *Id.* at 2167.

*Quoties in verbis nulla est ambiguitas ibi nulla expositio contra verba expressa fienda est.* When there is no ambiguity in the words, then no exposition contrary to the words is to be made. *Id.* at 2160.

*Quæ ad unum finem locuta sunt, non debent ad alium detorqueri.* Words spoken to one end, ought not to be perverted to another. *Id.* at 2155.

*A verbis legis non est recedendum.* From the words of the law there should be no departure. *Id.* at 2124.

*Sensus verborum ex causa dicendi accipiendus est, et sermones semper accipiendi sunt secundum subjectam materiam.* The sense of words is to be taken from the occasion of speaking them, and discourses are always to be interpreted according to the subject matter. *Id.* at 2162.

*Verba ita sunt intelligenda, ut res magis valeat quam pereat.* Words are to be so understood that the subject-matter may be preserved rather than destroyed. *Id.* at 2167.

*Sensus verborum est anima legis.* The meaning of words is the spirit of the law. *Id.* at 2162.

*Lex est ratio summa, quæ jubet quæ sunt utilia et necessaria, et contraria prohibet.* Law is the perfection of reason, which commands what is useful andnecessary, and forbids the contrary. *Id.* at 2143.

*Intentio inservire debet legibus, non leges intentioni.* Intentions ought to be subservient to the laws, not the laws to intentions. *Id.* at 2139.

*Prætextu liciti non debet admitti illicitum.* Under pretext of legality, what is illegal ought not to be admitted. *Id.* at 2154.

*Quælibet jurisdictio cancellos suos habet.* Every jurisdiction has its bounds. *Id.* at 2156.

*Rerum ordo confunditur, si unicuique jurisdictio non servatur.*    The order of things is confounded if every one preserves not his jurisdiction. *Id.* at 2161.

*Nihil quod est contra rationem est licitum.* Nothing against reason is lawful. *Id.* at 2148.

*Nil temere novandum.* Nothing should be rashly changed. *Id.*

*Sicut natura nil facit per saltum, ita nec lex*. As nature does nothing by a bound or leap, so neither does the law. *Id.* at 2163.

*Lex est norma recti*. Law is a rule of right. *Id.* at 2143.

*Quicquid est contra normam recti est injuria*. Whatever is against the rule of right is wrong. *Id.* at 2158.

*Ubicunque est injuria, ibi damnum sequitur*. Wherever there is a wrong, there damage follows. *Id.* at 2166.

### FOR PURPOSES OF INTERNAL REVENUE
### CONGRESS CHANGED THE MEANING OF "STATE"

*Uno absurdo dato, infinita sequuntur*. One absurdity being allowed, an infinity follow. BOUVIER'S, p. 2166.

Sec. 3140. The word "State", when used in this Title, shall be construed to include the Territories and the District of Columbia where such construction is necessary to carry out its provisions. *Revised Statutes of the United States ... 1873-'74*, Title XXXV *Internal Revenue*, Chapter 1 *Officers of Internal Revenue*, p. 601, approved retroactively to December 1, 1873, as of the Act of March 2, 1877, amended and approved as of the Act of March 9, 1878.

11. Because the list of specific items in the above Section 3140 definition of "State" is **not** followed by general words, the same basic rule of statutory construction applies as with "state" (rule 6, *supra*) and as of March 9, 1878, retroactive to December 1, 1873, the full extent of the meaning of the definition of "State" is the District of Columbia, Alaska Territory, Arizona Territory, Dakota Territory, Indian (Oklahoma) Territory, Midway Atoll Territory, Montana Territory, New Mexico Territory, Utah Territory, and Washington Territory ***and no other thing***.

### "[T]O INCREASE THE REVENUE"
### CONGRESS CHANGED THE MEANING OF "UNITED STATES"

12. Whereas, between 1864 and 1916 Congress only *infer* or *construe* "United States" to mean the Territories and the District of Columbia, based on the meaning of the statutory term "state" / "State", which appears in "United States", on September 8, 1916, they officially transform "United States" into a statutory term

with a novel, constitutionally opposite meaning; to wit:

> TITLE 1.-INCOME TAX.
>> ... PART III.-GENERAL ADMINISTRATIVE PROVISIONS.
>>> ... SEC. 15. That the word "State" or "United States" when used in this title shall be construed to include any Territory, the District of Columbia, Porto Rico, and the Philippine Islands, when such construction is necessary to carry out its provisions. "An Act to increase the revenue, and for other purposes", Ch. 463, 39 Stat. 756, 773, September 8, 1916.

13. The full extent of the meaning of the definition of "State" and "United States" in Section 15 of the Revenue Act of September 8, 1916, is ascertained by two factors: (a) use of the phrase "any Territory", which necessarily comprehends all Territories extant on September 8, 1916, and (b) the absence of general words following the specific things listed in the definition, signifying that *expressio unius est exclusio alterius* obtains once again and the list is exhaustive as given.

14. Whereas, "any Territory" comprehends all Territories extant on September 8, 1916, i.e., Alaska, Hawaii, American Samoa, Guam, Midway Islands, the Panama Canal Zone, the Philippine Islands, and Porto Rico: (a) Inclusion of "Porto Rico, and the Philippine Islands" in the definition is unnecessary and misleading because said passage may be deleted from the definition without changing its meaning, and (b) the full extent of the meaning of the definition of "United States" in said Section 15 is the District of Columbia and eight aforesaid Territories.

15. Congress defines "United States" elsewhere in the Revenue Act of September 8, 1916; to wit:

> TITLE II.-ESTATE TAX.
>> SEC. 200. That when used in this title-
>>> ... The term "United States" means only the States, the Territories of Alaska and Hawaii, and the District of Columbia; ... *Id.* at 773.

16. Whereas, Title II of the Revenue Act of September 8, 1916, uses "States" in

Section 200 but provides no definition of "State", we must look elsewhere to resolve the discrepancy / ambiguity.

17. Whereas, there are two options re interpretation of the meaning of "States" in Section 200 of the Revenue Act of September 8, 1916, i.e.:

   (a) Whereas:

   (i) *"Quando lex est specialis, ratio autem generalis, generaliter lex est intelligenda.* When the law is special, but its reason is general, the law is to be understood generally" (BOUVIER'S (fn. 2, *supra*), p. 2156) - and Part III *General Administrative Provisions* (*supra*, p. 4) provides, generally, the only definition of "State" in said Act; and;

   (ii) "An Act must be construed as a whole, so that internal inconsistencies are avoided" (OXFORD, *supra*, p. 3),

   wherefore, it is reasonable to construe the meaning of "States" in Section 200 to be the same as that in Section 15, i.e., **the Territories and the District of Columbia**; and

   (b) In matters relating to internal revenue, except for the definition of "State" in Section 15 of the Revenue Act of September 8, 1916, *supra*, the extant controlling definition of "State" is that in Section 3140 of the *Revised Statutes of 1873-'74* (*supra*, p. 4), i.e., the Territories and the District of Columbia,

   wherefore, it is reasonable to conclude that the meaning of "States" in said Section 200 comprehends the Territories and the District of Columbia and *no other thing*.

18. Returning to the provisions of Section 200 of the Revenue Act of September 8, 1916, *supra*: Since the District of Columbia and the Territories of Alaska and Hawaii are all *States* per definition, it is misleading to enumerate these three particular States individually (while omitting to list the other six) in the same definition in combination with the use of "States", inferring / implying that the District of Columbia, Alaska, and Hawaii are somehow different than States, which they are not; to wit: The phrase "the Territories of Alaska and Hawaii, and the District of Columbia" may be deleted from the definition without changing its meaning.

19. The third and only other definition of "United States" in the Revenue Act of September 8, 1916, is identical to that in Section 200; to wit:

> TITLE III.-MUNITION MANUFACTURER'S TAX.
> SEC. 300. That when used in this title-
> ... The term "United States" means only the States, the Territories of Alaska and Hawaii, and the District of Columbia; ...

20. "[T]axing statutes are subject to strict construction" (OXFORD, *supra*, p. 3) – and that Congress in the Act of September 8, 1916, defines "United States" to mean one thing, i.e., the collective of the eight aforesaid Territories and the District of Columbia, but give said term multiple definitions with differing language and redundant, superfluous content instead of a single controlling definition for the entire Act in as few words as possible, is evidence of constructive fraud in the form of circumlocution, pleonasm, tautology, and obscurantism, defined, in pertinent part, as follows:

> cir"cum-lo-cu'tion ... Indirect or roundabout expression; the use of many words when few would suffice ...
> Synonyms ... *Pleonasm* is the expression of an idea already plainly implied; *tautology* is the restatement in other words of an idea already stated, or a useless repetition of a word or words. "I saw it with my eyes" is a *pleonasm*; "all the members agreed unanimously" is a *tautology*. FUNK & WAGNALLS, p. 343.

> ple'o-nasm ... *Rhet*. The use of more words than are needed for the full expression of a thought; redundancy, as saying "the very identical thing itself" ... a violation of grammatical precision. ... *Id*. at 1360.

> tau-tol'o-gy ... *Rhet*. That form of pleonasm in which the same word or idea is unnecessarily repeated; unnecessary repetition, whether in word or sense; useless iteration ... *Id*. at 1845.

> ob · scu · rant · ism ... *n*. 1. Opposition to the increase and spread of knowledge. 2. Deliberate obscurity or evasion of clarity. *Webster's Encyclopedic Unabridged Dictionary of the English Language* (Gramercy Books, N.Y., 1989) (hereinafter "WEBSTER'S"), p. 994

21. Examination of any of the hundreds of other statutory definitions of "state", "State", and "United States" enacted into law by Congress and the 50 other American

legislatures since the Revenue Act of September 8, 1916, reveals that the above practice is the rule – and there is no exception and no such statute comprehends any of the several commonwealths united by and under authority of the Constitution and admitted into the Union as a *state* or *State* of the *United States*.

## CONGRESS IS NOT AUTHORIZED TO
## ALTER THE CONSTITUTION BY ORDINARY ACT (STATUTE)

"It is a proposition too plain to be contested, that the constitution controls any legislative act repugnant to it; or, - that the legislature may alter the constitution by an ordinary act." *Marbury v. Madison,* 5 U.S. (1 Cran.) 137, 177 (1803).

"The Constitution is a written instrument. As such its meaning does not alter. That which it meant when adopted, it means now." *South Carolina v. United* States, 199 U.S. 437 (1905).

22. Arbitrary summary congressional transmutation of the ordinary and popular meaning of the word "state", "State", and "United States" into statutory terms with a constitutionally opposite meaning to that intended by the Founding Fathers and Framers, in defiance of the Supreme Court and understood by everyone and used in all previous American legislative acts, contravenes both the letter and spirit of *The unanimous Declaration of the thirteen united States of America* of July 4, 1776, and *Constitution for the United States of America* and *Bill of Rights* of March 4, 1789, an effectively / constructively alters the Constitution by ordinary act (statute) and therefore constitutes constructive treason to the Constitution.

## ACTUAL MEANING OF THE 16TH AMENDMENT

"The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." *Sixteenth Article of Amendment to the Constitution,* February 3, 1913.

23. The greatest torrent of statutory, fiscal, and legal chaos, contention, and controversy in American history, unleashed just over a century ago, in the wake of the 16th Amendment

(and still raging this day), resolves upon recognition that, unbeknownst to Joint Tenants in the Sovereignty (the American People), the controlling definition of "State" in all matters relating to internal revenue and income tax is that found in Section 3140 of the *Revised Statutes of 1873-'74* (*supra*. p. 4) - and that use of the new term "States" in the 16th Amendment signifies that said legislation obtains only in the District of Columbia and the Territories (at that time Alaska, American Samoa, Guam, Hawaii, Midway Atoll, and the Panama Canal Zone).

## MEANING OF THE DEFINITION OF THE MODERN INTERNAL REVENUE CODE TERM "UNITED STATES"

24. The Internal Revenue Code of 1986, i.e., Title 26 U.S.C., provides, in pertinent part:

    § 7701 - Definitions
    (a) When used in this title, where not otherwise distinctly expressed …
        (9) United States
            The term "United States" when used in a geographical sense includes only the States and the District of Columbia.
        (10) State
            The term "State" shall be construed to include the District of Columbia, where such construction is necessary to carry out provisions of this title. …
    (c) Includes and including
        The terms "includes" and "including" when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined.

25. Because the 26 U.S.C. 7701(a)(9) definition of "United States" uses two other Title 26 U.S.C. terms, "includes" and "State", *supra*, within its provisions, we must account for the meaning of the definition of those terms in order to ascertain the meaning of said definition of "United States."

## INCLUDES AND INCLUDING

26. The 26 U.S.C. 7701(c) definition of "includes and including" is a hybrid composite of two basic rules of statutory construction, *ejusdem generis* (rule 5, *supra*) and *expressio unius est exclusio alterius*, define (rule 6, *supra*.) and elsewhere, respectively and in

pertinent part, as follows:

> EJUSDEM GENERIS (Lat.). Of the same kind.
> In the construction of laws, wills, and other instruments, general words following an enumeration of specific things are usually restricted to things of the same kind *(ejusdem generis)* as those specifically enumerated. BOUVIER'S, p. 979.
>
> "*Expressio unius est exclusio alterius.* [The expression of one thing is the exclusion of the other.] ... The maxim invoked expresses a rule of construction, not of substantive law, ...". *United States v. Barnes*, 222 U.S. 513, 518-519, 32 S.Ct. 117 (1911), *Neuberger v. Commissioner*, 311 U.S. 83, 88 (1940).

27. Use of "includes" or "including" in the definition of any Title 26 U.S.C. term signifies that such definition is at once expansionary and exclusionary: ***expansionary*** in that it comprehends other things not listed in the definition; ***exclusionary*** in that such other things are confined / limited to those of the same kind or class as those specifically enumerated - a concept succinctly stated by Congress in 27 C.F.R. 72.11; to wit: "*The terms 'includes' and 'including' do not exclude things not enumerated which are in the same general class.*"

## MEANING OF "STATE" AND "UNITED STATES"
## IN TITLE 26 U.S.C. INDETERMINABLE AS GIVEN

*Misera est servitus, ubi jus est vagum aut incertum.* It is a miserable slavery where the law is vague or uncertain. BOUVIER'S, p. 2145.

*Ubi jus incertum, ibi jus nullum.* Where the law is uncertain, there is no law. *Id.* at 2165.

"Rules of statutory construction are to be invoked as aids to the ascertainment of the meaning or application of words otherwise obscure or doubtful. They have no place, as this court has many times held, except in the domain of ambiguity. Hamilton v. Rathbone, 175 U.S. 414, 421, 20 Sup.Ct. 155, 44 L.Ed. 219; United States v. Barnes, 222 U.S. 513, 518-519, 32 Sup. Ct. 117, 56 L. Ed. 291. They may not be used to create but only to remove doubt." *Russell Motor Car Co. v. United States*, 261 U.S. 514, 519, 43 S.Ct. 428, 67 L.Ed. 778 (1923).

28. Whereas, the controlling Title 26 U.S.C. 7701(a)(9) definition of the term "United States" (*supra*, paragraph 24) depends utterly on the meaning of the controlling 26

U.S.C. 7701(a)(10) definition of "State" for its meaning, but said definition of "State" reveals almost nothing - only that the District of Columbia shall be ***construed*** to be a State - and makes no reference, express or implied, to any other State; ***Wherefore it is impossible to ascertain the meaning of the definition of the terms "United States" and "State" as provided in Title 26 U.S.C. without introduction and application of certain extraneous, esoteric knowledge: the rules of statutory construction***.

## ULTIMATE LINCHPIN[3] OF ALL AMERICAN LAW: MEANING OF THE TITLE 26 U.S.C. TERM "STATE"

29. Notwithstanding the vagueness of the aforesaid controlling definition of "United States" and "State", in 26 U.S.C. 7701(a), the preamble thereto provides an instruction to identify the other things, besides the District of Columbia, that are embraced by the aforesaid definition of "State"; to wit: *"When used in this title, where not otherwise distinctly expressed ..."*

30. The definition of "State" is *otherwise distinctly expressed* in Title 26 U.S.C. as follows:

   The term "State" includes a possession of the United States. 26 U.S.C. 42(h)(8)(B).

   The term "State" includes the District of Columbia and any possession of the United States. *Id.* at 54(e)(3).

   The term "State" includes the District of Columbia and any possession of the United States. *Id.* at 103(c)(2).

   The term "State" includes the District of Columbia and any possession of the United States. *Id.* at 1397(i)(3).

---

[3] linch'pin" ... *n.* A pin through the end of an axle to keep the wheel of a vehicle in place. FUNK & WAGNALLS, p. 1033.
Linch*pin* ... *noun* ... something that serves to hold together the elements of a situation. *Webster's Third New International Dictionary, Unabridged* (Merriam-Webster, Inc., Springfield, Mass., 2000), s.v. "Linchpin."

The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa. *Id.* at 3121(e)(1).

As used in this subparagraph, the terms "State" and "political subdivision" have the meanings given those terms in section 218(b) of the Social Security Act.[4] *Id.* at 3121(u)(2)(B).

The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands. *Id.* at 3306(j)(1).

For purposes of this subsection, the term "State" has the meaning given such term by section 3306(j)(1). *Id.* at 3510(f)(4).

The term "State" means a State and the District of Columbia. *Id.* at 4482(c)(1).

The term "State" includes the Commonwealth of Puerto Rico and any possession of the United States. *Id.* at 5891(c)(6).

(A) In general
   The term "State" means -
      (i) any of the 50 States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Commonwealth of the Northern Mariana Islands ... *Id.* at 6103(b)(5).

The term "State" means each State of the United States and the District of Columbia. *Id.* at 9032(10).

31. The term "State" is otherwise expressed most distinctly at 26 U.S.C. 6103(b)(5)(A)(i); to wit:

"The term 'State' means ... any of the 50 States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Commonwealth of the Northern Mariana Islands."

32. Because (a) neither of the Title 26 U.S.C. terms "includes" or "including" is used in the 26 U.S.C. 6103(b)(5)(A)(i) definition of "State", and (b) there are no general words following the specific things listed in the definition: The rule *expressio unius est exclusio alterius* (OXFORD, rule 6, *supra*) tells us that the list is exhaustive as given and there are no other things to which the definition

---

[4] (b) For the purposes of this section -
  (1) The term "State" does not include the District of Columbia, Guam, or American Samoa. Social Security Act, Sec. 218 *Voluntary agreements for coverage of State and local employees.*

extends; there is however a phrase of unknown meaning within the definition: "any of the 50 States."

## THE 50 STATES

33. *Whereas*: Neither the phrase "any of the 50 States" nor the expression "50 States" is a Title 26 U.S.C. term; and

*Whereas*: Title 26 U.S.C. 6103(b)(5)(A)(i) uses "State" to define "State" by way of inclusion of the phrase "any of the 50 States"; and

*Whereas*: For the same reason the phrase "any of the seven Emirates" (of the United Arab Emirates) does not define "Emirate",[5] the phrase "any of the 50 States" likewise does not define "State"; and

*Whereas*: We are in the process of interpreting the meaning of the definition of the most significant legal term in all of American law, "State", upon which the controlling Title 26 U.S.C. definition of "United States" depends for its meaning and government relies for authority to apply deadly force in the collection of "internal revenue"; and

*Whereas*: It is impossible to ascertain the meaning of the phrase "any of the 50 States" without first determining the true meaning and legal effect of the Title 26 U.S.C. term "State"; and

*Wherefore*: The *phrase* "any of the 50 States" is of uncertain meaning and requires that we employ the rules of statutory construction to ascertain its true meaning and legal effect.

34. The rule of statutory construction that allows us to ascertain the meaning of the

---

[5] e·mir·ate ... *n.* the office or rank of an emir. WEBSTER'S, p. 467.
e·mir .. n. ... an Arab chieftain or prince. . . *Id.*

phrase "any of the 50 States" is *noscitur a sociis*, defined in OXFORD and
elsewhere, as follows:

> The rule *noscitur a sociis* (known by its associates): when a word or phrase is of
> uncertain meaning, it should be construed in the light of the surrounding words.
> OXFORD, rule 8, paragraph 6.
>
> *Noscitur a sociis*. It is known from its associates. The meaning of a word may
> be ascertained by reference to the meaning of words associated with it. Broom,
> Max 588; 1 B. & C. 644; 18 C. B. 102, 893; 5 M. & g. 639, 667; 12 Allen
> (Mass.) 77; 105 Mass. 433; 11 Barb. (N.Y.) 43, 63; 20 *Id.* 644; 166 U.S. 1, 17
> SupCt. 495, 41 L.Ed. 897; 67 Ill.App. 665. BOUVIER'S, p. 2140.
>
> Noscitur a sociis. It is known from its associates. 1 Vent. 225. The meaning of
> a word is or may be known from the accompanying words. 3 Term R. 87; Broom,
> Max 588. Henry Campbell Black, *A Dictionary of Law* (West Publishing
> Co., St. Paul, Minn., 1890) (hereinafter "BLACK'S"), p. 827.
>
> NOSCITUR A SOCIIS (*nō'-si-ter ā sō'-she-is*) - Lat.: it is known by its
> associates. Under this rule of statutory construction, the meaning of a word in a
> statute is ascertained in light of the meaning of the words with which it is
> associated. 250 N.W.2d 412, 413. When two or more words in a statute are
> grouped together, and ordinarily have a similar meaning but are not equally
> comprehensive, the general word will be limited and qualified by the specific
> word. 218 S.E.2d 735, 740. Stephen H. Gifts, *Law Dictionary*, Third Edition
> (Barron's Educational Series, Inc., Hauppauge, N.Y., 1991), p. 323.

35. Whereas, the specific words surrounding / accompanying the phrase "any of the 50
States", and with which said phrase is associated, are "the District of Columbia, the
Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the
Commonwealth of the Northern Mariana Islands"; and

> (a) Whereas, the full extent of the definition of "State" is the District of
> Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam,
> American Samoa, and the Commonwealth of the Northern Mariana Islands and
> no other thing; and
>
> (b) Whereas, "*Fides servanda.* Good faith must be observed" (BOUVIER'S, p.
> 2134), we must construe the meaning of the phrase "any of the 50 States" in
> strict accordance with the meaning of the definition of "State" as ascertained,
> *supra*, via application of the rules *expressio unius est exclusio alterius* and
> *noscitur a sociis*;

(c) Wherefore, the meaning of "State" in the phrase "any of the 50 States" is either: (i) the District of Columbia, (ii) the Commonwealth of Puerto Rico, (iii) the Virgin Islands, (iv) Guam, (v) American Samoa, or (vi) the Commonwealth of the Northern Mariana Islands and no other thing.

## GEOGRAPHICAL SENSE *VERSUS* POLITICAL

36. Whereas, Congress in 26 U.S.C. 7701(a)(9) defines "United States" expressly in a geographical sense, but not "State" in 26 U.S.C. 7701(a)(10), it is reasonable to conclude that "State" is not defined in a geographical sense.

37. The primary sense of "state" and "State" as *words* is political; the secondary, governmental and the tertiary, geographical - e.g., the greatest lexicographer[6] in history, Noah Webster, makes no provision for "state" / "State" in a geographical sense; to wit:

> STATE, *n.* ...
> A political body, or body politic; the whole body of people united under on government, whatever may be the form of the government.
> Municipal law is a rule of conduct prescribed by the supreme power in a *state*. *Blackstone*.
> More usually the word signifies a political body governed by representatives; a commonwealth; as the *States* of Greece; the *States* of America. Noah Webster, *An American Dictionary of the English Language*, Vol. II, p. 80 (S. Converse, New York, 1828), s.v. "State."

38. Wherefore, the six objects of the definition of "State" in 26 U.S.C. 7701(a)(10) are *bodies politic* – not geographic areas – and "the 50 States" are the 50 bodies politic of one of the six aforesaid Title 26 U.S.C. States.

39. The bodies politic of the Commonwealth of Puerto Rico, Virgin Islands, Guam, American Samoa, and Commonwealth of the Northern Mariana Islands are not liable to tax under Title 26 U.S.C. - leaving members of the only remaining Title 26 U.S.C. State, the body politic of the District of Columbia, as sole subjects of the Internal

---

[6] lex·i·cog·ra·pher ... *n.* a writer or compiler of a dictionary. WEBSTER'S, p. 825.

Revenue Code; to wit:

U.S. possessions can be divided into two groups:

1. Those that have their own governments and their own tax systems (**Puerto Rico, U.S. Virgin Islands, Guam, American Samoa, and The Commonwealth of the Northern Mariana Islands**), and

2. Those that do not have their own governments and their own tax systems (Midway Island, Wake Island, Palmyra Island, Howland Island, Johnston Island, Baker Island, Kingman Reef, Jarvis Island, and other U.S. islands, cays, and reefs that are not part of any of the fifty states).

**The governments of the first group of territories impose their own income taxes and withholding taxes on their own residents.** ...[7] [emphasis added.]

Wherefore: The meaning of the term "State" in the phrase "any of the 50 States" in 26 U.S.C. 6103(b)(5)(A)(i) is *the body politic of the District of Columbia* - and the task is to identify *the 50 bodies politic of the District of Columbia*.

## UPPER-CASE-"S" "STATE" IS A FEDERAL TERM, LOWER-CASE-"S" "STATE" IS NOT

40. None of the tax laws used in any of the 50 commonwealths united by and under authority of the Constitution and admitted into the Union provide a definition of "State" (capital "S"), except where a particular legislature has incorporated expressly by reference the Internal Revenue Code into its own respective laws, and "State" has the same definition and meaning as in Title 26 U.S.C.

41. Notwithstanding that nearly every definition of "state" in the tax laws enacted by the legislatures of the 50 aforesaid commonwealths begins with the term itself, i.e., "state", thus requiring, for proper English grammar, that said term be capitalized, i.e., "State": "An Act must be construed as whole, so that internal inconsistencies are avoided" (OXFORD, *supra*, p. 3) - and inspection of the remainder of every such

---

[7] IRS.gov, "Persons Employed In a U.S. Possession / Territory - FIT," https://www.irs.gov/Individuals/International-Taxpayers/Persons-Employed-In-U.S.-Possessions (accessed 12 November 2015).

statute reveals that the term defined is "state", not "State" (except where the Internal Revenue Code is incorporated therein expressly by reference as aforesaid); e.g.:

"State" includes the states of the United States, the District of Columbia and the possessions of the United States. **Arizona Revised Statutes**, Title 43 *Taxation of Income* Section 43-104(20).

"State" includes the District of Columbia, and the possessions of the United States. **California Revenue and Taxation Code**, Part 10 *Personal Income Tax* Section 17018.

Any term used in this chapter shall have the same meaning as when used in comparable context in the laws of the United States referring to federal income taxes, unless a different meaning is clearly required. Any reference to the laws of the United States shall mean the Internal Revenue Code of 1986 [26 U.S.C. § 1 et seq.] and amendments thereto and other laws of the United States relating to federal income taxes, as the same may have been or shall become effective, for any taxable year. **Delaware Code**, Chapter 11 *Personal Income Tax* §1101.

"State" means any state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States, and any foreign country political subdivision thereof. **Hawaii Revised Statutes**, Chapter 235 *Income Tax Law* § 18-235-21.

State. The term "state" when applied to a jurisdiction other than this State ["State" is not defined] means any state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any Territory or Possession of the United States and any foreign country, or any political subdivision of any of the foregoing. ... **Illinois Compiled Statutes**, *Illinois Income Tax Act*, Section 1501(a)(22).

"State" means any state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States, and any foreign country or political subdivision thereof. **Iowa Code**, Division II *Personal net income tax* Section 422.32(9).

State means any state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States, and any foreign country or political subdivision thereof. **Nebraska Revised Statute**, Section 77-2734.04 *Income tax; terms, defined*, Subsection 22.

"State" means a state, district, territory or possession of the United States. **Oregon Revised Statutes**. Chapter 316 *Personal Income Tax*, Sec. 316.082(7)(d).

Meaning of terms. – Any term used in the Rhode Island personal income tax law shall have the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required. Any reference to the laws of the United States