IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  16-cv-00441-MJW

UNITED STATES OF AMERICA,

Plaintiff,

v.

SALVATORE CELAURO, JR.;
MICHELE GRAZIANO; and
PARK COUNTY, COLORADO,

Defendants.

---

## AMENDED ORDER TO SHOW CAUSE

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Christine M. Arguello on April 28, 2016 (Docket No. 17).  Before that date, this case had been directly assigned to Magistrate Judge Watanabe pending the parties' consent or non-consent under 28 U.S.C. § 636(c). (Docket No. 2.)  On April 21, 2016, the undersigned set a Rule 16(b) Scheduling Conference for May 26, 2016 at 10:00 a.m.  (Docket No. 15.)

On May 26, 2016 at 10:00 a.m., neither Defendant Salvatore Celauro, Jr. nor Michele Graziano appeared at the Scheduling Conference as ordered.  The Court takes judicial notice that the weather in Denver was clear, there were no lines at courthouse security, and there was no apparent impediment to Defendants' timely appearance. Finally, the Court notes that Defendant Graziano was served late and may not have had sufficient notice of this conference (Docket No. 22); Defendant Celauro, by contrast, has

2

had notice of these proceedings since at least March 8, 2016 (Docket No. 21; *see also* Docket Nos. 5 through 12; Docket No. 23).

Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) **rendering a default judgment against the disobedient party**; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).  Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust."  Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

3

**ORDERED** that on **July 25, 2016, at 9:00 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held during which **Defendant Salvatore Celauro, Jr. SHALL APPEAR IN PERSON** and show cause why sanctions up to and including default judgment should not be entered against Defendant Salvatore Celauro, Jr. pursuant to Fed. R. Civ. P. 16(f).  In addition to a recommendation that default judgment be entered, other sanctions that may very well be imposed are attorney fees and costs and a finding and order of contempt.

It is **FURTHER ORDERED** that this Amended Order to Show Cause supersedes the Order to Show Cause entered on May 26, 2016 (Docket No. 25).


Dated:        May 31, 2016                    s/ Michael J. Watanabe
              Denver, Colorado                Michael J. Watanabe
                                              United States Magistrate Judge