IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:16-CV-00441

UNITED STATES OF AMERICA,

    Plaintiff

- against -

SALVATORE CELAURO, JR. [sic];

    Wrongly Accused
    Belligerent Litigant

MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

    Deceased.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUN 17 2016
JEFFREY P. COLWELL
CLERK

---

STATEMENT
IN OPPOSITION TO
STIPULATION BETWEEN
THE UNITED STATES
AND
MICHELE GRAZIANO

---

sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]
15 June 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:16-CV-00441

UNITED STATES OF AMERICA,

                    Plaintiff

- against -

SALVATORE CELAURO, JR. [sic];
                    Wrongly Accused
                    Belligerent Litigant

MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

                    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2016

JEFFREY P. COLWELL
CLERK

---

**STATEMENT
IN OPPOSITION TO
STIPULATION BETWEEN
THE UNITED STATES
AND
MICHELE GRAZIANO**

1. I agree that my property is as described.

2. As I have stated in my Affidavit and Memorandum of Law, the UNITED STATES OF AMERICA and the IRS do not have jurisdiction over me, therefore, the UNITED STATES OF AMERICA cannot have any claim over my property. If, as stated, "The first of the federal tax liens arose on February 27, 2006", the UNITED STATES OF AMERICA must go after the previous owner of the property, as I bought the property on 30 November 2012. The county has those records. I have paid all property taxes since I moved in. PARK COUNTY has all those records.

3. MICHELE GRAZIANO cannot have any claims on my property as the judgment she claims to have was issued by a Ms. ELIZABETH A. BLOOM. She was pretending to be a

magistrate in the Nassau County Family Court as she has no Oath of Office to be a magistrate. This fact is well documented, which has been sent to Ms. BLOOM and MICHELE GRAZIANO. See, Exhibit A, letter to the Secretary of State for New York; Exhibit B, response from the Secretary of State for New York showing her last Oath of Office was for a Law Clerk to the Supreme Court dated 11 October 2002; and Exhibit C, my letter dated 10 November 2014 to Ms. BLOOM with MICHELE GRAZIANO in copy, that Ms. BLOOM does not have a valid Oath of Office. Therefore, the office of magistrate is empty; **she is acting in fraud**; and that **her orders are void** *ab initio*. Is it standard operating procedure for all those in the governmental system **to disobey mandates** created by the People who are the Sovereigns in this country? Is it standard operating procedure for all those in the governmental system **to commit fraud** against the People? Do those who work in the governmental system **lack morals**? The so-called "lien" is not due to "unpaid support order" payments. It has to do with the children's cell phones being added to my phone account because of some problem MICHELE GRAZIANO had at the time. MICHELE GRAZIANO and I were divorced and we had an Agreement. Pursuant to the Agreement, page 11, Article XI – Support and Maintenance of the Children, paragraph 2 states, "The parties shall each share the cost of camps, sports, special education, etc. * * *. The custodial parent's share shall be fifty per cent (50%) * * *." (See Exhibit D, Agreement, page 11 to 12, Article XI, paragraph 2). It was my mistake for not having the charges deducted from the support payments all these years. Since MICHELE GRAZIANO has never reimbursed me of her percentage for any payments, I had made for the children's cell phones, I made the deductions in my support payments. This was no different than the funds I paid for the kid's college tuitions. I made payments that MICHELE GRAZIANO never reimbursed me for her half; therefore, I deducted what she owed me, over $28,000. Are the deductions for the phone

bills any different than the college tuition payments? MICHELE GRAZIANO never provided any proof that support payments have not been paid in full. She has received everything that was due her. I have everything documented.

4. The UNITED STATES OF AMERICA cannot have any claims on my property as it does not have jurisdiction over me, as has been stated in all my documents, including in paragraph 2 above, therefore, any stipulation in meritless.

5. The Court cannot rule on this case, except to dismiss it, as has been stated, because the UNITED STATES OF AMERICA has not proven it has jurisdiction over me. The sale of the property cannot take place as stated, and the distribution cannot take place.

6. UNITED STATES OF AMERICA and MICHELE GRAZIANO should bear their own expenses as this case is frivolous.

7. MICHELE GRAZIANO cannot initiate any collection procedures as I have shown her so-called claim is not a valid claim as the so-called Order she received was not from a valid magistrate.

8. This case is frivolous and meritless, therefore, it does not matter what agreement the UNITED STATES OF AMERICA and MICHELE GRAZIANO have made.

THEREFORE, any stipulation is worthless.

Proceeding at all times under Threat, Duress and Coercion

Date: 15 June 2016

*sal-junior*
sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]

cc: UNITED STATES OF AMERICA via Ryan S. Watson
    MICHELE GRAZIANO
    PARK COUNTY, Colorado via Herbert C. Phillips

**Exhibit A**

sal-junior
c/o 25587 Conifer road, suite 105 #317
Conifer, Colorado [80433]


29 September 2014


Mr. Cesar A. Perales
Secretary of State
c/o New York Department of State
State Records
99 Washington Avenue
Albany, New York 12231


Certified Mail: 7012 1640 0001 1138 7109


Dear Mr. Perales:

This is a request to receive a copy of the Oath of Office for the following Public Servants who work in Nassau County:

Elizabeth A. Bloom     Magistrate Family Court or any other title

Pursuant to Civil Service Law § 62, "The oath or statement of every state employee shall be filed in the office of the secretary of state".

If this Public Servant is missing an Oath of Office please provide a letter indicating such. Should I not receive any Oath of Offices and/or letter(s) indicating there are no Oaths of Offices within 30 days of receipt of this letter, it will be presumed none exist.

I have enclosed $2.00 in the form of a Postal Money Order, number _____, to cover the costs of copying and mailing. Please send the copies to my address above.

Thank you for your prompt attention on this matter.

Sincerely,

*sal-junior*

sal-junior

**Exhibit B**

*[Page shown rotated 90°. Contents: an envelope addressed in handwriting, with a Department of State appointment oath form.]*

Return address area:
DOS-019 (Rev. 04/06)
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

Addressee (handwritten):
Sal-Junior
25587 Conifer Road
Suite 105 #317
Conifer Co. 80433

Notation: Rec'd 10 Oct 2014

Postage indicia: U.S. POSTAGE PITNEY BOWES — ZIP 12210 — $000.48° — 0001391830 — OCT 07 2014

Barcode number: 80433307?

---

**Appointment form (lower portion):**

NAME (Type or Print): **Bloom** (LAST) **Elizabeth** (FIRST) **A** (MIDDLE INITIAL)

STATE OF NEW YORK  }
COUNTY OF _____ } ss.:

I do hereby pledge and declare that I will support the constitution of the United States and the constitution of the State of New York, and that I will faithfully discharge the duties of the position of

(Title of position) **Law Clerk to Justice _____** _____ (Salary Grade) **24**
(Department or other Agency where employed) **S.D.T.E.D Court**

according to the best of my ability.

[Signature] _Elizabeth Bloom_
SIGNATURE OF APPOINTEE

JAN 13 2003
STATE OF NEW YORK
DEPARTMENT OF STATE
FILED

MISCELLANEOUS
(RESIDENCE NUMBER-STREET-CITY)

[Signature] _Elizabeth Bloom_    10/11/02
(SIGNATURE OF APPOINTEE)    DATE

I hereby acknowledge receipt of a copy of Public Officers Law Sections 73 through 78, have read the same, and agree to conform to the provisions thereof.

[Signature] _Elizabeth Bloom_    10/11/02
SIGNATURE OF APPOINTEE    DATE

DOS/CRP-263

**Exhibit C**

sal-junior
c/o 25587 Conifer road, suite 105 #317
Conifer, Colorado [80433]

10 November 2014

[Magistrate] ELIZABETH BLOOM
Nassau County Family Court
1200 Old Country Road
Westbury, New York 11590

Certified Mail: 7014 1820 0000 1889 8908

Dear [Magistrate] BLOOM:

sal-junior is a Natural born Living Soul, a man on the Land, an Inherent Holder of the Political Power of this American union of States, and **NOT** a corporation.

The Constitution is a mandate of the People to set up a government and describes what the members of the government are required to do.

> "**The people of the State created**, the people of the State can only change, its Constitution." *Chisholm v. State of Georgia*, 2 U.S. (Dall.) 419, 448 (1793). (Emphasis added.)

> "* * * how true it is, that States and Governments **were made for man**; and, at the same time, how true it is, that his creatures and servants have first deceived, next vilified, and, at last, oppressed their master and maker." *Chisholm v. State of Georgia*, 2 U.S. (Dall.) 419, 455 (1793). (Emphasis added.)

> "**Every State Constitution is a compact made by and between the citizens of a State** to govern themselves in a certain manner." *Chisholm v. State of Georgia*, 2 U.S. (Dall.) 419, 471 (1793). (Emphasis added.)

> "* * * when the meaning and scope of a constitutional provision are clear it cannot be overthrown by legislative action, * * *." *Fairbank v. U.S.*, 181 U.S. 283, 311 (1901).

> "The Constitution is a written instrument. As such its meaning does not alter. That which it meant when adopted, it means now." *State of South Carolina v. U.S.*, 199 U.S. 437, 448 (1905).

> "**The creature cannot rule the creator.**" *Kansas v. Colorado*, 206 U.S. 46, 83 (1907). (Emphasis added.)

Pursuant to the Constitution for the united States of America, Article VI clause 3:

> "The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and **all executive and judicial Officers**, both of the United States and of the

A man standing on the land

A man standing on the land

several States, **shall be bound by Oath** or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or **Public Trust** under the United States." (Emphasis added.)

As found in American Jurisprudence, 63C Am.Jur.2d, Public Officers and Employees, § 247, which states:

"As expressed otherwise, the powers delegated to a public officer are **held in trust** for the people and are to be exercised in behalf of the government or of all citizens who may need the intervention of the officer.[1] Furthermore, the view has been expressed that **all public officers, within whatever branch** and whatever level of government, and whatever be their private vocations, **are trustees of the people**, and accordingly labor under every disability and prohibition imposed by law upon trustees relative to the making of personal financial gain from a discharge of their trusts.[2] That is, a public officer occupies a fiduciary relationship to the political entity on whose behalf he or she serves,[3] and owes a fiduciary duty to the public.[4] It has been said that the fiduciary responsibilities of a public officer cannot be less than those of a private individual.[5] Furthermore, it has been stated that any enterprise undertaken by the public official who tends to weaken public confidence and undermine the sense of security for individual rights is against public policy."[6] (Emphasis added.)

Pursuant to Article XIII section 1 of the New York Constitution:

"Members of the legislature, and **all officers**, executive and **judicial**, except such inferior officers as shall be by law exempted, shall, before they enter on the duties of their respective offices, take and subscribe the following oath or affirmation: 'I do solemnly swear (or affirm) that I will support the constitution of the United States, and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of ......, according to the best of my ability;' and no other oath, declaration or test shall be required as a qualification for any office of public trust." (Emphasis added.)

Pursuant to Civil Service Law § 62:

---

[1] *State ex rel. Nagle v. Sullivan*, 98 Mont. 425, 40 P.2d 995, 99 A.L.R. 321; *Jersey City v. Hague*, 18 N.J. 584, 115 A.2d 8.
[2] *Georgia Dep't of Human Resources v. Sistrunk*, 249 Ga. 543, 291 S.E.2d 524. A public official is held in public trust. *Madlener v. Finley* (1st Dist.) 161 Ill.App.3d 796, 113 Ill.Dec. 712, 515 N.E.2d 697, app. gr. 117 Ill.Dec. 226, 520 N.E.2d 387 and revd. on other grounds 128 Ill.2d 147, 131 Ill.Dec 145, 538 N.E.2d 520.
[3] *Chicago Park Dist. v. Kenroy, Inc.*, 78 Ill.2d 555, 37 Ill.Dec. 291, 402 N.E.2d 181, appeal after remand (1st Dist.) 107 Ill.App.3d 222, 63 Ill.Dec. 134, 437 N.E.2d 783.
[4] *United States v. Holzer* (CA7 Ill.) 816 F.2d 304 and vacated, remanded on other grounds 484 U.S. 807, 98 L.Ed.2d 18, 108 S.Ct. 53, on remand (CA7 Ill.) 840 F.2d 1343, cert. den. 486 U.S. 1035, 100 L.Ed.2d 608, 108 S.Ct. 2022 and (criticized on other grounds by *United States v. Osser* (CA3 Pa.) 864 F.2d 1056) and (superseded by statute on other grounds as stated in *United States v. Little* (CA5 Miss.) 889 F.2d 1367) and (among conflicting authorities on other grounds noted in *United States v. Boylan* (CA1 Mass.) 898 F.2d 230, 29 Fed.Rules.Evid.Serv 1223).
[5] *Chicago ex rel. Cohen v. Keane*, 64 Ill.2d 559, 2 Ill.Dec. 285, 357 N.E.2d 452, later proceeding (1st Dist.) 105 Ill.App.3d 298, 61 Ill.Dec. 172, 434 N.E.2d 325.
[6] *Indiana State Ethics Comm'n v. Nelson* (Ind.App.) 656 N.E.2d 1172, reh. gr. (Ind.App.) 659 N.E.2d 260, reh. Den. (Jan 24, 1996) and transfer den. (May 28, 1996).

A man standing on the land

A man standing on the land

A man standing on the land

A man standing on the land

> "The oath or statement of **every state employee** shall be **filed in the office of the secretary of state**". (Emphasis added.)

According to the Secretary of State, Department of Records, ELIZABETH BLOOM does not have a valid Oath of Office filed with the Secretary of State.

This lack of an Oath of Office means ELIZABETH BLOOM is not a magistrate and acting in fraud of the office. Any and all decisions and orders are void *ab initio*. You cannot be obeying the law and the Constitution if you have not filed an Oath of Office.

> "His refusal or **neglect to file** his official oath or undertaking, if one is required, before or within thirty days after the commencement of the term of office for which he is chosen, if an elective office, or if an appointive office, within thirty days after notice of his appointment, or within thirty days after the commencement of such term; or to file a renewal undertaking within the time required by law, or if no time be so specified, within thirty days after notice to him in pursuance of law, that such renewal undertaking is required." PBO-Public Officers Article 3 § 30(1)(h) Creation of vacancies. (Emphasis added.)

> "Constitutional mandates are imperative." *Fairbank v. U.S.*, 181 U.S. 283, 291 (1901).

> "But constitutional provisions cannot be thus evaded." *Fairbank v. U.S.*, 181 U.S. 283, 296 (1901).

> "The obligation imposed by the Public Officers Law statute is personal to plaintiff, it is an act he is required to do and **the office became vacant** by the mere **failure to file the oath**, whether or not the defendants knew or were chargeable with notice that plaintiff had failed to file his oath, and they are not required to make any declaration or give any notice. On his default in filing his official oath "the appointment was vitiated and the office * * * became vacant." (*Ginsberg v. City of Long Beach*, 286 N.Y. 400, 403; see, also, *People ex rel. Walton v. Hicks*, 173 App.Div. 338, affd 221 N.Y. 503.)" *Boisvert v. County of Ontario, et al.*, 391 N.Y.S.2d 49; 89 Misc.2d 183 (1977). (Emphasis added.)

> "Failure to file an oath of office within the time prescribed by section 30 of the Public Officers Law vitiates the appointment and the office becomes vacant (*Ginsberg v. City of Long Beach*, 286 N.Y. 400, 403). * * * When a person appointed to office fails to timely file his oath of office, neither notice nor judicial procedure is necessary, **the office is automatically vacant** and may be filled by the proper appointive power (*People ex rel. Walton v. Hicks*, 173 App.Div. 338, aff'd. 221 N.Y. 503). Consequently, if petitioner did in fact fail to timely file his oath of office, no hearing on charges was required in order to dismiss him from office." *In the Matter of Comins v. County of Delaware*, 412 N.Y.S.2d 428; 66 A.D.2d 966 (1978). (Emphasis added.)

> "This interpretation is mandated by the necessity to file an oath of office, which is intended to be part of the requirements making an officer fully qualified to carry out the duties of his office (see Public Officers Law, § 10)." *McDonough, et al. v. Murphy, as Rensselaer County Executive, et al.*, 461 N.Y.S.2d 439; 92 A.D.2d 1022 (1983).

A man standing on the land

A man standing on the land

A man standing on the land

A man standing on the land

"Public Officers Law § 30 provides that an appointive office shall become vacant for failing to file an official oath "within thirty days after [the] appointment, or within thirty days after the commencement of such term". *Lombino v. Town Board of the Town of Rye, et al.*, 614 N.Y.S.2d 564; 206 A.D.2d 462 (1994).

THEREFORE, the only action that ELIZABETH BLOOM can do is **to dismiss this case**.

If Ms. Graziano is not capable of cooperating with me, that is not my problem.

"* * * and, because it brings into action, and enforces **this great and glorious principle,** that **the people are the sovereign of this country**, and consequently that fellow citizens and joint sovereigns **cannot be degraded by appearing with each other in their own Courts to have their controversies determined.**" *Chisholm v. State of Georgia*, 2 U.S. (Dall.) 419, 479 (1793). (Emphasis added.)

Sincerely,

*sal-junior*

sal-junior

cc: Michele Graziano

**Exhibit D**

## **AGREEMENT**

AGREEMENT made this 11th day of November 1999 by and between Salvatore F. Celauro, Jr., mailing address at PMB #117, 19 Hanover Place, Hicksville, New York, and Michele Graziano Celauro, residing at 673 Jackie Lane, Baldwin, New York,

**W I T N E S S E T H:**

WHEREAS, the parties hereto were duly married to each other on Sunday, April 10, 1988, in Queens Village, New York, and ever since then and until Sunday, October 19, 1997 were living as husband and wife; and

WHEREAS, there are two children of the marriage between the parties, namely Michael S. Celauro, born September 8th, 1991, and Nicole M. Celauro, born August 2nd, 1993; and

WHEREAS, from Sunday, October 19, 1997, the husband and wife have been separated from each other and have lived and now live separate and apart from each other; and

WHEREAS, the parties desire to settle all financial issues relating to their property rights, the care, custody and visitation of the children, the support of the children, and all other respective rights, privileges, obligations and matters with respect to each other, arising out of the marriage relationship and otherwise, shall be fully prescribed and bounded thereby; and

WHEREAS, the parties hereto have been fully, separately and independently apprised and advised of their respective legal rights, remedies, privileges and obligations arising out of the marriage relation or otherwise; and

WHEREAS, the parties hereto each warrant and represent to one another that they and each of them, fully understand all of the terms, conditions, provisions and obligations incumbent upon each of them by virtue of this agreement to be performed or contemplated by each of them hereunder, and each believes the same to be fair, just, reasonable and to be in his or her respective individual best interests; and

WHEREAS, the parties desire that this agreement which is entered into after due and considered deliberation, shall be and constitute an agreement to be used as the basis for future events

1

8. It is the husband's intention to exercise fully his right of visitation as herein provided but the exercise thereof shall be entirely optional with him, and his failure to exercise such right on any particular occasion shall not be deemed or construed or constitute a waiver of his right thereafter to full compliance with the provisions hereof.

9. The parties may speak to the children over the telephone at all reasonable hours and times.

### ARTICLE XI - SUPPORT AND MAINTENANCE OF THE CHILDREN

1. As and for the support and maintenance of the children, the non-custodial parent shall pay to the custodial parent at the present place of residence or at any such address as may hereafter in writing designate, the sum of $370 per week for the two children, commencing on the week following the execution of this agreement and payable weekly thereafter by the Friday of each and every week until the happening of an emancipation event with respect to each of the children, or as otherwise indicated herein. The amount of this child support shall be revised annually on the anniversary of this agreement and increased to the same extent as the consumer price index applicable for Nassau County. The emancipation of the children shall be so defined as hereinafter set forth. Upon the emancipation of each child, the non-custodial parent's obligation to support said child in all aspects of financial support shall cease. Support for the unemancipated child shall be reduced to an amount agreed upon at the time of the emancipation of one child.

(a) The parties agree that there currently exist certain arrears by the husband in connection with the payment of child support in the total amount of $8,640. The husband agrees to pay off said arrears on a weekly basis by paying to the wife an additional $370 per week until the arrears is satisfied, commencing November 26, 1999. ~~the week after the signing of this agreement~~. *SCS* *MGC*

2. The parties shall each share the cost of camp, sports, special education, etc. except religion for each of the unemancipated children. The custodial parent's share shall be fifty percent (50%) and the non-custodial parent's share shall be fifty

11

percent (50%). The non-paying party agrees to reimburse the paying party for such payments within seven (7) days of demand unless the non-paying party has previously paid such bill directly to the provider. The wife will bare sole responsibility for any and all expenses due to religious practices, as the husband does not condone such activities.

    3. The parties are aware of the fact that under voluntary federal and state income tax laws with respect to the weekly sums being paid for the support and maintenance of the children or a child, as the case may be, the custodial parent is not required to include said weekly sum as income for income tax purposes and the non-custodial parent will not be entitled to deduct same on income tax returns.

### ARTICLE XII - MEDICAL INSURANCE AND MEDICAL EXPENSES

    1. The husband has no medical insurance and has no plans or intentions in the future to have medical insurance. The husband shall not obligate or imply to anyone that the wife will pay any of his health care expenses. The wife has medical insurance with coverage for the benefit of the children. The husband's cost of medical insurance premiums for the children are included in the weekly child support payments.

    2. The parties shall be equally responsible for the payment of all deductible, uninsured and non-reimbursed drug, medical, optical, dental, orthodontia, surgical, nursing and hospital expenses incurred with respect to each child.

### ARTICLE XIII - EMANCIPATION EVENT

    1. With respect to a child, an emancipation event shall occur or be deemed to have occurred in the earliest happening of any of the following:

        (a)   Reaching the age of twenty-one (21) years;

        (b)   Marriage (even though such marriage may be void or nullified and despite any annulment of it);

        (c)   Permanent residence away from the residence of the custodial parent. Residence at boarding school, camp, or college is not to be deemed a residence away from the residence of the

**ARTICLE XXII - RELIGIOUS DIVORCE**

The parties agree that they will take all steps solely within his or her power to remove any barrier to the other party's remarriage following any such divorce.

**ARTICLE XXIII - MAIDEN NAME**

The wife may use or revert to her maiden name, to wit Michele Marie Graziano.

**ARTICLE XXIV - SIGNING**

Each of the parties has read this stipulation carefully prior to the signing thereof.

IN WITNESS WHEREOF, the parties hereto set their hands and seals the day and year first above written and acknowledge that the provisions of this agreement shall be binding upon their respective heirs, next of kin, executors and administrators.

_____
Salvatore F. Celauro, Jr.

_____
Michele Graziano Celauro

STATE OF NEW YORK)
            ) ss.:
COUNTY OF NASSAU )

On the 11th day of November 1999, before me came Salvatore F. Celauro, Jr., known by me, who duly acknowledged and signed his name before me.

_____
Notary Public

ROBERT P. O'BRIEN
Notary Public, State of New York
No. 4984535
Qualified in Nassau County
Commission Expires 7/22/01

STATE OF NEW YORK)
            ) ss.:
COUNTY OF NASSAU )

On the 11th day of November 1999, before me came Michele Graziano Celauro, known by me, who duly acknowledged and signed his name before me.

_____
Notary Public

ROBERT P. O'BRIEN
Notary Public, State of New York
No. 4984535
Qualified in Nassau County
Commission Expires 7/22/01

19