# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**CIVIL NO. 1:16-CV-00441**

**UNITED STATES OF AMERICA,**

**Plaintiff**

- against -

**SALVATORE CELAURO, JR. [sic];**

**Wrongly Accused**
**Belligerent Litigant**

**MICHELE GRAZIANO; and**
**PARK COUNTY, COLORADO**

**Defendants.**

------------------------------------------------------------------

## FIRST
## OPPOSITION
## TO
## REPORT & RECOMMENDATION

------------------------------------------------------------------

**sal-junior:Celauro**
**c/o 25587 Conifer Road, suite 105 #317**
**Conifer, Colorado [80433]**
**8 August 2016**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 11 2016

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:16-CV-00441

UNITED STATES OF AMERICA,

                          Plaintiff

          - against -

SALVATORE CELAURO, JR. [sic];
                          Wrongly Accused
                          Belligerent Litigant
MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

                          Defendants.

------------------------------------------------------------------------------------------------

**FIRST
OPPOSITION
TO
REPORT & RECOMMENDATION**

I, sal-junior:Celauro, incorporate from my document titled "Answer in Opposition to Order to Show Cause" sections "Preliminary Statement", "Judicial Notice: Notice to the Administrative Court", "Administrative Notice", and "Maxims of Law" all from page 1 to the top of page 7 by reference, as if fully set forth herein, to save paper.

The UNITED STATES OF AMERICA initiated this **fraudulent** civil action by filing a Complaint in this Court **without** any proof it has jurisdiction over this man. I was personally served with a copy of the Summons and Complaint on 8 March 2016. I submitted my 4 responses, "Notice of My Challenge to the Political Jurisdiction of United States of America Over Me and Demand that This Complaint Against Me be Dismissed as United States of America Cannot Properly Establish That It Has Political or Civil Contractual Jurisdiction Over Me" (Notice and Demand), "Challenge to Presumed Political Jurisdiction Over This Natural Man by the U.S. Government and its IRS"

(IRS Challenge), "Memorandum of Law", and "Affidavit in Opposition to United States' Complaint" (Affidavit). They were received by this Court on 28 March 2016 as per my Certified Mail number 7015 3010 0000 7223 4234 (see Exhibit A1) and by the Plaintiff on 28 March 2016 (see Exhibit A2). My Certificate of Service is in Exhibit A3. This fact was stated in my document, "Answer in Opposition to Order to Show Cause" dated 6 June 2016.

I did not appear as I have sent my "Notice and Demand" for the UNITED STATES OF AMERICA to **PROVE, on the record**, where it had acquired jurisdiction over this man. The UNITED STATES OF AMERICA has **FAILED** to **PROVE, on the record**, as nothing was ever submitted to this Court nor received by me. I gave a reason as to why I would not appear on page 5 paragraph 2 until title "Additional Notice to This Honorable Court" (see Exhibit B). **I will not voluntarily submit to the jurisdiction of a court of the corporate entity.** I submitted my "Answer in Opposition to Order to Show Cause" requesting proof of jurisdiction as in all my documents to this Court. As I stated in this document, your FRCPs have "no effect on me as this Court does not have jurisdiction over me, the Natural man; therefore, the only action this Court can render is to dismiss this case in its entirety."

"Defendant Celauro filed frivolous documents * * *." **FRIVOLOUS documents**? My documents are written in **truth**, backed by **facts**, **court cases**, **maxims of law**, **evidence**, and **other public documents**. The Plaintiff has not answered **ANY** of my documents. Why? Because the attorney for the Plaintiff "can't handle the truth".

An examination and review of the definition of "frivolous" from the dictionaries I possess or found online:

> a.      Frivolous. "Slight; trifling; trivial; of little weight, worth or importance; not worth notice; as a *frivolous* argument; a *frivolous* objection or pretext." An American Dictionary of the English Language, by Noah Webster, LL. D., Vol. I, p. 88 (1828).
>
> b.      Frivolous. "* * * it means an answer which controverts no material allegation in the complaint, and presents no tenable defence. Lefferts v. Snediker, 1 *Abb. Pro* 41; Brown v.

Jennison, 3 *Sandf.* 732; see also SHAM, and Hull *v.* Smith, 8 *How. Pro* 149; a plea clearly insufficient upon its face, and therefore presumably put in for purposes of delay, or to embarrass the plaintiff. *Brown.* A frivolous answer is not necessarily an irrelevant one. Fasnacht *v.* Stehn, 5 *Abb. Pro* N. S. 338." Dictionary of Terms and Phrases used in American or English Jurisprudence, by Benj. Vaughan Abbott, Vol. I, p. 525 (1879).

c.    Frivolous Answers or Pleas. "These are pleas which are clearly insufficient upon the face of them, and are generally (when at all) put in for purposes of delay, or to embarrass the plaintiff. They may, on motion, be ordered to be at once struck out, *secus*, if the plea is not manifestly frivolous on the face of it." A Dictionary of American and English Law, by Stewart Rapalje and Robert L. Lawrence, Vol. I, p. 553 (1888).

d.    Frivolous. "An answer or plea is frivolous which controverts no material allegation in the complaint, and which is manifestly insufficient. Under the English common-law amendment act, and by the codes of some of the states, the court is authorized to strike out such a plea, so, that the plaintiff can obtain judgment without awaiting the regular call of the cause; 1 Abb. Pr. 41; 8 *id.* 149; 3 Sandf. 732. See 1 Misc. Rep. 483; 74 Hun 639; 53 Minn. 98; 51 Wis. 430. An answer cannot be stricken out on the ground that it is frivolous, where an extended argument or illustration is required to demonstrate its frailty; 67 Hun 648; 74 *id.* 627. A pleading interposed for delay is frivolous, but a pleading is not frivolous because vague; 7 Wis. 383; 16 How. Pr. 135; 2 N. Dak. 72. Frivolous is not synonymous with irrelevant; 5 Abb. Pr. N. S. 338, 343; 53 Barb. 650." Bouvier's Law Dictionary, by John Bouvier, Vol. I, p. 853 (1897).

e.    Frivolous. "An insufficient and immaterial pleading." A Concise Law Dictionary, by Frederic Jesup Stimson, p. 198 (1911).

f.    Frivolous. "An answer or plea is called "frivolous" when it is clearly insufficient on its face, and does not controvert the material points of the opposite pleading, and is presumably interposed for mere purposes of delay or to embarrass the plaintiff. Ervin v. Lowery, 64 N. C. 321; Strong v. Sproul, 53 N. Y. 499; Gray v. Gidiere, 4 Strob. (S. C.) 442; Peacock v. Williams (C. C.) 110 Fed. 910." Black's Law Dictionary, by Henry Campbell Black, M. A., 2nd Ed., p. 526 (1910).

g.    Frivolous. "An answer is "frivolous" where it appears from bare inspection to be lacking in legal sufficiency, and, where in any view of the facts pleaded, it does not present a defense. Neefus v. Neefus, 209 Minn. 495, 296 N.W. 579, 581. Any pleading is called "frivolous" when it is clearly insufficient on its face, and does not controvert the material points of the opposite pleading, and is presumably interposed for mere purposes of delay or to embarrass the plaintiff. Ervin v. Lowery, 64 N. C. 321; Strong v. Sproul, 53 N. Y. 499; Gray v. Gidiere, 4 Strob. (S. C.) 442; In re Beam, 93 N.J.Eq. 593, 117 A. 613, 614; Milberg v. Keuthe, 98 N.J.L. 779, 121 A. 713, 714." Black's Law Dictionary, by Henry Campbell Black, M. A., 4th Ed., p. 795-796 (1968).

h.    Frivolous. "Of little weight or importance. * * * A claim or defense is frivolous if a proponent can present no rational argument based upon the evidence or law in support of the claim or defense. Liebowitz v. Aimexco Inc., Colo.App., 701 P.2d 140, 142." Black's Law Dictionary, by Henry Campbell Black, M. A., 6th Ed., p. 668 (1990).

      i.     Frivolous. "1. a: of little weight or importance, b: having no sound basis (as in fact or law), 2. a: lacking in seriousness, b: marked by unbecoming levity." http://www.merriam-webster.com/dictionary/frivolous

I know very well about the **fraud** committed by those in the governmental system. Stating documents submitted to a court are "frivolous" means the court cannot handle the truth and do not want the **fraud** exposed. I have experienced and witnessed this numerous times.

My documents are written in **truth**, backed by **facts**, **court cases**, **maxims of law**, **evidence**, and **other public documents**. If my documents are frivolous, then also are the court cases, maxims of law, the Constitutions, evidence, and other public documents presented are frivolous. There was no intention to delay as all of my documents were in answer to a document I received, except my Demand to Dismiss. There was no intention to "embarrass the plaintiff", only to present the truth as I have known it. If the Plaintiff was embarrassed, then that was obviously because my documents exposed the truth and the **fraud** in the system. Is the request to prove jurisdiction "frivolous"? A review of my documents:

      a.     Notice and Demand, submitted 29 March 2016. This is a challenge to the political and/or civil contractual jurisdiction of the charging party, such being the Executive Branch of UNITED STATES OF AMERICA, and **NOT** to this Honorable Court, and in conformance to the restriction set forth and established in the Thirteenth Amendment to the Federal Constitution, that United States of America has gained my voluntary agreement to be subservient to the political or civil contractual Jurisdiction of United States of America. Included with the document is Exhibit A, which lists 52 court cases dating from 1813 to 2011 in reference to jurisdiction and it being proven on the record by the plaintiff. In addition, there are 5 Maxims of Law in the exhibit in reference to the duties of a judge. (See Exhibit C.) **Are all of these cases and Maxims of Law "frivolous"?**

      b.     IRS Challenge, submitted 29 March 2016. A challenge founded on Mathematically Certain Principles that have never been ruled as frivolous by any Federal Court, based on the Thirteenth Amendment to the Federal Constitution. Stated in the document are no less than 23 court cases, dealing with the sovereignty of the man, the government being created from the sovereigns, and the definition of "state" and "United States" being artificial entities, and one case about the "Law of Necessity". **Are all of these cases "frivolous"?**

      c.     Memorandum of Law, submitted 29 March 2016. This document proves the IRS has no jurisdiction outside of Washington, DC and any federal territories. There are numerous court cases, law dictionary definitions, Maxims of Law, the Code from Title 26, and other Title sections, too numerous to count, including references to the Constitution and other

organic documents. **Are all of these cases, dictionary definitions, Maxims of Law, the Code from Title 26, and other Title sections, including the Constitution and other organic documents "frivolous"?** If the Codes from Title 26 are "frivolous" then the entire Title is "frivolous".

d.      Affidavit in Opposition to United States' Complaint, submitted 29 March 2016. This document refutes the Complaint and references numerous U.S.C. Titles, the Constitution, American Jurisprudence 2nd, numerous court cases, and quotes from IRS personnel. **Are U.S.C Titles, the Constitution, American Jurisprudence, court cases, and quotes from IRS personnel "frivolous"?**

e.      Statement in Opposition to Stipulation Between the UNITED STATES and PARK COUNTY, Colorado, submitted 29 March 2016. This document is my opposition to the stipulation made between the UNITED STATES and Park County answering each paragraph by paragraph to the document received by the Plaintiff. Jurisdiction was again mentioned that it has not been proven. **Is this document stated in truth "frivolous"?**

f.      Opposition to Scheduling Order, submitted 27 May 2016. This document opposed the scheduling order due to the lack of jurisdiction. Sections from Title 28 and Title 26 were included. **Are sections from Title 28 and Title 26 along with the truth "frivolous"?**

g.      Answer in Opposition to Order to Show Cause, submitted 6 June 2016. This document refutes the Complaint and references numerous U.S.C. Titles, the Constitution, American Jurisprudence 2nd, FRCPs, numerous court cases, Maxims of Law, and quotes from IRS personnel. **Are U.S.C Titles, the Constitution, American Jurisprudence, the FRCP, court cases, Maxims of Law, and quotes from IRS personnel "frivolous"?**

h.      Statement in Opposition to Stipulation Between the United States and Michele Graziano, submitted 15 June 2016. This document was mostly about the so-called magistrate in the Nassau County Family Court of New York does not have an oath of office, therefore, her orders are void *ab initio*. With void orders Michele Graziano has no claim. In my letter to the so-called magistrate, which is Exhibit C in this document, the Constitution, the New York Constitution, the American Jurisprudence, New York Code, and numerous court cases were referenced. **Are the Constitution, the New York Constitution, the American Jurisprudence, New York Code, and numerous court cases "frivolous"?**

i.      Demand for Dismissal, with Prejudice, of this Alleged Case for Lack of Constitutional Authority that Gives the Court the Capacity to Take Jurisdiction and Enter Judgments, Orders, and Decrees in Favor of the United States of America Arising From a Civil or Criminal Proceeding Regarding a Debt (Demand for Dismissal), in Park County, Colorado, submitted 1 July 2016. This document referenced FRCP, and numerous Maxims of Law. The Court does not have jurisdiction over me, the Natural man; therefore, the only thing the Court can do is dismiss the case. **Are the FRCP, and numerous Maxims of Law "frivolous"?**

j.      Answer in Opposition to Motion for Entry of Default Against Salvatore Celauro, Jr.,

submitted 6 July 2016. A section from the U.S.C. was stated, along with the Plaintiff has failed to prove jurisdiction over me, the Natural man. As stated in the document, the envelope was dated 1 June 2016 yet I received the two envelopes from the Plaintiff on 6 July 2016. **Is the U.S.C "frivolous"?**

None of these documents have been responded to by the attorney for the Plaintiff. Obviously, he knows I know the truth. He cannot respond to my truths because he would have to falsify his documents, therefore, he uses the Court to claim that my documents are "frivolous". This is not the first time I have seen this.

The case of *Ehrenhaus v. Reynolds* cited has a problem. Ehrenhaus initiated the lawsuit. Therefore he voluntarily submitted to the jurisdiction of the court. I did not initiate this case, the UNITED STATES OF AMERICA did, therefore, it is the duty of the Plaintiff to prove jurisdiction over me, the Natural man. **I have never consented to give the Plaintiff or the Court jurisdiction.**

"While it is true that no consent can give a court jurisdiction of the subject matter of an action which the court does not possess without such consent, it is equally true that **a court may obtain jurisdiction over the person of a party litigant by his consent.**" *Jones v. Brinson*, 238 N.C. 506, 509, 78 S.E.2d 334 (1953); *Williams v. Holland*, 39 N.C.App. 141, 146, 249 S.E.2d 821 (1978) [emphasis added].

"A defendant may, **by consent**, confer personal jurisdiction upon a court that would otherwise not have jurisdiction over it, * * *." ***Packaging Store, Inc. v. Leung***, 917 P.2d 361, 363 (Colo.App. 1996) [emphasis added].

"The jurisdiction in such cases, both as to the subject-matter of the judgment, and as to the persons to be affected by it, **must appear by the record**; and **everything will be presumed to be without the jurisdiction which does not distinctly appear to be within it**. *Morse v. Presby*, 5 Foster, 302 [N.H.]" *Galpin v. Page*, 85 U.S. (18 Wall.) 350, 371 (1873) [emphasis added].

"* * * the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of **all other courts** of the United States, **in all cases** where such **jurisdiction does not affirmatively appear in the record** on which, in the exercise of that power, it is called to act." ***Mansfield, C. & L. M. RY. Co. and another v. Swan and others***, 111 U.S. 379 (1884); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900); *Kentucky v. Powers*, 201 U.S. 1, 35-36 (1906); *Chicago, B. & Q. R. Co. v. Willard*, 220 U.S. 413, 419 (1911); *Carden v. Arkoma Associates*, 110 S. Ct. 1015, 494 U.S. 185, 195 (1990) [emphasis added].

"Accordingly, if a plaintiff's allegations of jurisdictional facts are challenged by the defendant,

**the plaintiff bears the burden of supporting the allegations by competent proof.** *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188, 189 S., 56 S.Ct. 780, 784, 785; *KVOS, Inc. v. Associated Press*, 299 U.S. 269,278, 57 S.Ct. 197, 200. *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 729." ***Thomson v. Gaskill***, 315 U.S. 442, 446 (1942); *King Bridge Co. v. Otoe County*, 120 U.S. 225, 26 (1887); *Thomas v. Board of Trustees*, 195 U.S. 207, 210 (1904); *Minnesota v. Northern Securities Co.*, 194 U.S. 48, 62-63 (1904); *Warth v. Seldin*, 422 U.S. 490, 527, and n. 6 (Brennan, J., dissenting) (1975); *Simon v. Eastern K. Welfare Rights Organization*, 426 U.S. 26, 45, n. 25 (1976); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 114-115, and n. 31 (1979); *Bender v. Williamsport Area School District*, 475 U.S. 534, 546-547 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-889 (1990); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-561 (1992) [emphasis added].

"A void judgment is one which **shows upon the face of the record a want of jurisdiction** in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given. *Chickamauga Trust Co[mpany] v. Lonas*, 139 Tenn. 228, 235, 201 S.W. 777, L.R.A.1918D, 451; *Vanvabry v. Staton*, 88 Tenn. 353 [334], 12 S.W. 786; *Finley v. Gaut*, 67 Tenn. (8 Bext.), [148] 149; *Holmes v. Eason*, 76 Tenn. (8 Lea) [754], 755." ***Richardson v. Mitchell***, 237 S.W. 577, 34 Tenn. App. 318 (1950); see also, *Lynch v. State ex rel. Killebrew*, 179 Tenn. 339, 166 S.W.2d 397, *State ex rel. Underwood v. Brown*, 244 S.W. 2d 168, 193 Tenn. 113 (1951) [emphasis added].

"Jurisdiction is the power to hear and determine the particular questions in the case involved. **If this power is absent, then the court is without jurisdiction.**" ***Colorado State Bd. of Medical Examiners v. District Court In and For El Paso County***, 331 P.2d 502, 506, 138 Colo. 227, 233-234 (1958); *Colorado Dept. of Revenue v. District Court In and For Adams County*, 470 P.2d 864, 868, 172 Colo. 144, 150 (1970) [emphasis added].

"**A judgment obtained without jurisdiction over the defendant is void.**" ***Overby v. Overby***, 457 S.W.2d 851 (Tenn. 1970); *First Deposit National Bank v. Men K. Quach*, No. 01-A-01-9809-CH-00505 (Tenn.App. 1999) [emphasis added].

"Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, **the burden is on the plaintiff to prove jurisdiction**. *McNutt v. General Motors Acceptance Corp.*, 1936, 298 U.S. 178, 80 L. Ed. 1135, 56 S. Ct. 780; *Welsh v. American Surety Co.*, 5 Cir. 1951, 186 F.2d 16; 5 C. Wright & A. Miller, supra § 1363 at 653." ***Rosemond Sand v. Lambert Sand***, 469 F.2d 416 (5th Cir. 1972) [emphasis added].

"When it clearly appears that the court lacks jurisdiction, **the court has no authority to reach the merits**. In such a situation the action should be dismissed for want of jurisdiction." ***Melo v. United States***, 505 F.2d 1026 (8th Cir. 1974) [emphasis added].

"A void judgment is one rendered in the absence of jurisdiction over the subject matter or the parties. *Lange v. Johnson*, 295 Minn. 320, 323, 204 N.W.2d 205, 208 (1953)." ***Matson v. Matson***, 310 N.W.2d 502, (Minn. 1981).

"A judgment or order is void where it is entered by a court which **lacks jurisdiction over the parties** or the subject matter, or **lacks inherent power** to enter the particular order or judgment

(*Potenz Corp. v. Petrozzini* (1988), 170 Ill. App. 3d 617, 618), or where the order is procured by fraud (*Vulcan Materials Co. v. Bee Construction Co.* (1981), 101 Ill. App. 3d 30, 40)." **Evans v. Corporate Services**, 565 N.E.2d 724, 207 Ill. App. 3d 297 (1990) [emphasis added].

"\* \* \* lack of jurisdiction of the action, resulting in a **duty of the court to dismiss**." **Thomasian v. Superior Court**, 122 Cal.App.2d 322, 337, 265 P.2d 165 (Cal.App.Dist.1 1953) [emphasis added].

"Jurisdiction is the power to declare the law; and when it ceases to exist, the only function remaining to the court is that of announcing the fact and **dismissing the cause**." **Bullington v. Angel**, 220 N.C. 18, 16 S.E.2d 411 (1941) [emphasis added][also a Maxim of Law].

**Are all of these cases "frivolous"?**

Pursuant to FRCP Rule 8(b)(3) *General and Specific Denials*. "A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial." Not only have I made a general Denial, but also Specific Denials.

Pursuant to FRCP Rule 12 (b) HOW TO PRESENT DEFENSES. "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: \* \* \* (2) lack of personal jurisdiction \* \* \*." Not only have I made the defense proving that the Plaintiff, the IRS, and the Court lack personal jurisdiction over me, the Natural man, in all my documents, I have also made the defense in my Demand for Dismissal.

The term "United States" is used numerous times in the FRCP, yet there is no definition for the term. The closest is Rule 81(d)(2) *"State" Defined*. The term "state" includes, where appropriate, the District of Columbia and any United States commonwealth or territory. The FRCP gives reference to Title 28 U.S.C. There is no definition of "United States" to be found there. What is the definition of "United States" in the FRCP and Title 28 U.S.C.? Title 31 U.S.C., Subtitle B, Chapter II, Subchapter A, Part 212, § 212.3 Definitions states:

United States means:

> (a) A Federal corporation, \* \* \*.

Pursuant to the Constitution for the united States of America, Article VI clause 3:

"The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and **all** executive and **judicial Officers**, both of the United States and of the several States, **shall be bound by Oath** or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or **Public Trust** under the United States." [Emphasis added.]

The magistrate in this Court **must** have an Oath of Office filed.

"Constitutional mandates are imperative." *Fairbank v. U.S.*, 181 U.S. 283, 291 (1901).

"But constitutional provisions cannot be thus evaded." *Fairbank v. U.S.*, 181 U.S. 283, 296 (1901).

"Under this "presumption of regularity" the law further presumes that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his official duty requires to be done." *People New York v. Aarons*, 305 A.D.2d 45, 759 N.Y.S.2d 20 (2003).

Anyone who takes an office must abide by the Constitution as it can only be view in light of the

Common Law.

"The interpretation of the constitution of the United States is necessarily influenced by the fact that its provisions are framed in the language of the English common law, and are to be read in the light of its history." *Smith v. Alabama*, 124 U.S. 465 (1888)

"The Constitution is a written instrument. As such its meaning does not alter. **That which it meant when adopted, it means now.**" *State of South Carolina v. U.S.*, 199 U.S. 437, 448 (1905) [emphasis added].

"In this, as in other respects, it must be interpreted **in the light of the common law**, the principles and history of which were familiarly known to the framers of the Constitution. *Minor v. Happersett*, 21 Wall. 162, 22 L. ed. 627; *Ex parte Wilson*, 114 U.S. 417, 422, 29 S. L. ed. 89, 91, 5 Sup. Ct. Rep. 935; *Boyd v. United States*, 116 U.S. 616, 624, 625 S., 29 L. ed. 746, 748, 749, 6 Sup. Ct. Rep. 524; *Smith v. Alabama*, 124 U.S. 465, 31 L. ed. 508, 1 Inters. Com. Rep. 804, 8 Sup. Ct. Rep. 564. **The language of the Constitution**, as has been well said, could not be understood **without reference to the common law**. 1 Kent, Com. 336; Bradley, J., in *Moore v. United States*, 91 U.S. 270, 274, 23 S. L. ed. 346, 347." *United States v. Wong Kim Ark*, 169 U.S. 649, 654, 42 S. L. ed. 890, 893, 18 Sup. Ct. Rep. 456, 459 (1898); *Kansas v. Colorado*, 206 U.S. 46, 95 (1907) [emphasis added].

Filing an Oath of Office requires the Court to abide by its mandates. That means to leave the

People alone.

**"The Constitution is a charter of negative liberties; it tells the state to let people alone**; it does not require the federal government or the state to provide services, even so elementary a

service as maintaining law and order." *Bowers v. DeVito*, 686 F.2d 616, 618 (N.Y. 1982). See also, *Jackson v. City of Joliet*, 715 F.2d 1200 (Ill. 1983); *Beard v. O'Neal*, 728 F.2d 894 (Ill. 1984); *Jackson v. Byrne*, 738 F.2d 1443 (Ill. 1984); *Wittkowski v. State of New Mexico*, 103 N.M. 526, 710 P.2d 93 (N.M. 1985); *Schaffrath v. Village of Buffalo Grove*, 160 Ill.App.3d 999, 1003, 513 N.E.2d 1026, 1028 (1987); *Henderson v. Bradford*, 523 N.E.2d 64, 168 Ill.App.3d 777, 119 Ill.Dec. 596 (Ill 1988);  *Archie v. City of Racine*, 847 F.2d 1211, 1220-1223 (Wis. 1988); *Minor Child A. Doe v City of Chattanooga*, No. 876 (Tenn. 1989); *Jenicke v. City Forest Hill*, 873 S.W.2d 776 (Tex. 1994); *Jones v. Dane County*, 537 N.W.2d 74, 195 Wis.2d 892 (Wis. 1995); *Moore v. Ganim*, 660 A.2d 742, 233 Conn. 557 (Conn. 1995); *Lewis E. v. Spagnolo*, 186 Ill.2d 198, 710 N.E.2d 798, 238 Ill.Dec. 1 (Ill. 1999); *Allen v. Illinois Community College Board*, No. 5-99-0012 (Ill. 2000); *Workman v. Franklin County*, No. 00AP-1449 (Ohio 2001); *Severson v. Board of Trustees of Purdue University*, 777 N.E.2d 1181 (Ind. 2002); *Gormley v. Latanya Wood-El*, 422 N.J.Super. 426, 29 A.3d 336 (N.J. 2011); and many others too long to list.

If the magistrate has not filed an Oath of Office, then the office is vacant and any orders issued

by the Court are void *ab initio*.

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. **But if it act without authority, its judgments and orders are regarded as nullities.** They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal, in opposition to them. They constitute no justification, **and all persons concerned in executing such judgments or sentences are considered in law as trespassers.**" *Elliott v. Lessee of Piersol*, 26 U.S. (1 Pet.) 328, 340 (1828); see also, *Williamson v. Berry*, 49 U.S. (8 How.) 495, 541, 12 L. Ed. 1170, 1189 (1850); Dynes v. Hoover, 61 U.S. 65, 66 (1857) [emphasis added].

"C.R.S. '53, 35-1-5, ordains that in any of seven situations a county office becomes vacant. * * * The section provides that 'Every county **office shall become vacant**, on the happening of either of the following events, before the expiration of the term of office: * * * (6) His refusal or **neglect to take his oath of office**, or to give or renew his official bond, or to deposit such oath and bond within the time prescribed by law. * * *"' *Colorado v. Enlow and Wermuth*, 310 P.2d 539,  541, 135 Colo. 249, 253 (1957) [emphasis added].

"* * * **without the taking of the oath** prescribed by the Constitution of this State, **one cannot become either a de jure or de facto Judge, and his acts as such are void.**" *French v. State*, 572 S.W.2d 934, 939 (Tex. Crim. App. 1978) (opin. on sec. reh'g); see also *Davis v. State*, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997); *Fain v. State*, No. 03-95-00427-CR, 1998 WL 874928, at *3 (Tex. App.--Austin Dec. 17, 1998, no pet. h.)." *Prieto Bail Bonds v. State*, 994 S.W.2d 316 (Tex.App. Dist.8 1999) [emphasis added].

Coram non judice. "In the presence of a person not a judge. When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is said to be *coram non judice*, and the judgement is void. *Manufacturing Co. v. Holt*, 51 W. Va. 352, 41 S. E. 351" Black's Law Dictionary, by Henry Campbell Black, M. A., 2nd Ed., p. 271 (1910); Black's Law Dictionary, by Henry Campbell Black, M. A., 4th Ed., p. 406 (1968); Black's Law Dictionary,

by Henry Campbell Black, M. A., 6th Ed., p. 337 (1990).

Ex-IRS CID officer, Joseph Banister, who I met personally, was very dedicated to his Oath of Office. When he heard from a woman that the filing and paying of an income tax was voluntary, along with other serious flaws in the system, he set out to prove her wrong. After two years of his research, he discovered that she was correct. He wrote a report that he submitted to his superior to pass on to upper management. They then asked him to resign from the IRS. Why? My comprehension is as I have stated, the governmental system does not want the People to know of the **fraud** they are committing on the People. He then published his book titled, "Investigation the Federal Income Tax, a Preliminary Report" (see Exhibit D).

As I have stated I only speak and write in truth. Another example of being right and standing for the truth was Liberty County, Florida, Sheriff Nick Finch. On 8 March 2013 Sheriff Finch nullified the arrest of a man in his county. The State Police arrest him for "destroying public documents" and he was charged with one felony and one misdemeanor for his "heinous" act of releasing this man. He went to trial refusing to take a deal because he knew the whole thing was stupid, bogus, and frivolous. He counted on a jury to recognize the same. At one point during the trial, Sheriff Finch took the stand and the prosecutor badgered him about how he thought he was above the law. After being barraged with the same questions and attacks, Sheriff Finch confidently looked at the prosecutor and the jury in the eye and stated, "**At some point, the Constitution has to count for something.**" The jury took 75 minutes to find him innocent of all charges.

As stated online by the ACLJ (African Centre for Law & Justice):

"It's the most lawless Administration in history. Courts call President Obama's Department of Justice (DOJ) "unethical."" http://aclj.org/hold-the-corrupt-lawless-obama-administration-accountable?utm_source=townhall&utm_campaign=lawc

**This court is Presumed to know ALL these cases, Constitutions, U.S.C., and is required to take Judicial Notice of them all.**

## CONCLUSION

Based upon the forgoing,

WHEREAS, the UNITED STATES OF AMERICA and/or the INTERNAL REVENUE SERVICE, which is not an agency of the government, has **FAILED** to **PROVE**, **on the record**, that it has jurisdiction over me, the Natural man;

WHEREAS, this document and all the documents I have submitted have proven this Court does not have jurisdiction over me, the Natural man;

WHEREAS, none of my documents are "frivolous" as they contain court cases, maxims of law, the Constitutions, evidence, the FRCP, and other public documents, which are used by the Courts themselves;

WHEREAS, it is known me and many People in this country that those in the governmental system commit **fraud** and try to hide that fact;

WHEREAS, this case is **frivolous** and **meritless** as this Court does not have jurisdiction over me, the Natural man;

THEREFORE, this "Report & Recommendation" is without merit, frivolous, and the entire case must be dismissed.

Proceeding at all times under Threat, Duress and Coercion,

Date: 8 August 2016

*Sal-junior*
sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]

cc: UNITED STATES OF AMERICA via Ryan S. Watson
    Michele Graziano
    PARK COUNTY, Colorado via Herbert C. Phillips

**Exhibit A1**



# USPS Tracking®



**Customer Service ›**
Have questions? We're here to help.



Sign up for My USPS.

Tracking Number: **70153010000072234234**

## Product & Tracking Information          ## Available Actions

**Postal Product:**        **Features:**
Priority Mail 1-Day™       Certified Mail™       Up to $50 insurance included
                                                 Restrictions Apply

                                                                       Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 28, 2016 , 10:36 am | Delivered | DENVER, CO 80202 |

Your item was delivered at 10:36 am on March 28, 2016 in DENVER, CO 80202.

| | | |
|---|---|---|
| March 26, 2016 , 10:06 am | Out for Delivery | DENVER, CO 80294 |
| March 26, 2016 , 9:56 am | Sorting Complete | DENVER, CO 80294 |
| March 26, 2016 , 5:22 am | Arrived at Unit | DENVER, CO 80202 |
| March 26, 2016 , 4:53 am | Departed USPS Facility | DENVER, CO 80266 |
| March 25, 2016 , 11:41 pm | Arrived at USPS Facility | DENVER, CO 80266 |
| March 25, 2016 , 3:24 pm | Acceptance | ENGLEWOOD, CO 80112 |

## Track Another Package

Tracking (or receipt) number

                                              Track It

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**DENVER, CO 80294**

| | | |
|---|---|---|
| Certified Mail Fee $3.45 | | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $0.00 | |
| ☐ Return Receipt (electronic) | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | Here |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $0.00 | |
| Postage $6.80 | | |
| Total Postage and Fees $10.25 | | |

0181
12
VILLAGE BRENGL
MAR 25 2016
03/25/2016

Sent To US COURTHOUSE
Street and Apt. No., or PO Box No. 901 19TH ST Rm A105
City, State, ZIP+4® DENVER, CO 80294-3589

7015 3010 0000 7223 4234

HELPFUL LINKS          ON ABOUT.USPS.COM          OTHER USPS
Contact Us             About USPS Home            Business Cust
Site Index             Newsroom                   Postal Inspect
FAQs                   USPS Service Updates        Inspector Gen
                       Forms & Publications        Postal Explor
                       Government Services         National Posta
                       Careers                     Resources for

**Exhibit A2**

English        Customer Service        USPS Mobile                                    Register / Sign in



# USPS Tracking®



**Customer Service ›**
Have questions? We're here to help.



Sign up for My USPS.

Tracking Number: **70142120000173003982**

**On Time**
Expected Delivery Day: **Monday, March 28, 2016**

## Product & Tracking Information

**Postal Product:**          **Features:**
Priority Mail 2-Day™         Certified Mail™          Up to $50 insurance included
                                                     Restrictions Apply

## Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 28, 2016 , 9:26 am | Delivered, PO Box | WASHINGTON, DC 20044 |

Your item has been delivered and is available at a PO Box at 9:26 am on March 28, 2016 in WASHINGTON, DC 20044.

| | | |
|---|---|---|
| March 28, 2016 , 9:21 am | Arrived at Unit | WASHINGTON, DC 20066 |
| March 28, 2016 , 6:48 am | Departed USPS Facility | WASHINGTON, DC 20066 |
| March 28, 2016 , 4:11 am | Arrived at USPS Destination Facility | WASHINGTON, DC 20066 |
| March 26, 2016 , 3:39 am | Departed USPS Facility | AURORA, CO 80011 |
| March 25, 2016 , 10:36 pm | Arrived at USPS Origin Facility | AURORA, CO 80011 |
| March 25, 2016 , 3:29 pm | Acceptance | ENGLEWOOD, CO 80112 |

## Track Another Package

Tracking (or receipt) number

Track It



**Exhibit A3**

# CERTIFICATE OF SERVICE

I, sal-junior:Celauro, acting in the status of flesh and blood, Sui Juris, of the Posterity of the People of the united States, a free man, in the original sense, do hereby state and affirm the following facts:

That on the 24th day of March 2016 deponent served the within "Notice of My Challenge to the Political Jurisdiction of United States of America Over Me and Demand That This Complaint Against Me be Dismissed as United States of America Cannot Properly Establish That It Has Political or Civil Contractual Jurisdiction Over Me", "Challenge to Presumed Political Jurisdiction Over This Natural Man by the U.S. Government and its IRS", "Memorandum of Law", and "Affidavit in Opposition to United States' Complaint" on Ryan S. Watson, U.S. Department of Justice, P.O. Box 683, Washington, D.C. 20044-0683 by Certified Mail number 7014 2120 0001 7300 3982; on Michele Graziano at 1796 Willis Avenue, Merrick, New York 11566 by Certified Mail number 7014 2120 0001 7300 3968; and on Park County Clerk & Recorder at 501 Main Street, P.O. Box 220, Fairplay, Colorado 80440 by Certified Mail number 7014 2120 0001 7300 3975, all deposited under the exclusive care and custody of the United States Postal Service.

I declare the statements given above are to the best of my knowledge and comprehension, true, correct, complete, not misleading, the truth, the whole truth, and nothing but the truth.

Dated: 25th March 2016

_sal-junior:Celauro_

sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]

DC      7014 2120 0001 7300 3982

MG      7014 2120 0001 7300 3968

PC      7014 2120 0001 7300 3975

USDC     7015 3010 0000 7223 4234

**Exhibit B**

order the Clerk of this Honorable Court, to issue a check payable to sal-junior:Celauro that I be accorded any and all additional relief to which I might be entitled.

### ADDITIONAL NOTICE TO
### THIS HONORABLE COURT

Due to the fact that it will not be possible for the Executive Branch of UNITED STATES OF AMERICA to present proof, in conformance with the Federal Thirteenth Amendment, that UNITED STATES OF AMERICA has properly gained either political or civil contractual jurisdiction over me, I, sal-junior:Celauro, will not present myself to this Honorable Court unless and until the Executive Branch of UNITED STATES OF AMERICA presents to me its proof that it has such dominion over me, which I am not able to refute.

Let this Honorable Court be hereby advised: This Notice and Demand negates any promise to appear, unless and until the complaining entity successfully complies with this Demand.

Let this Honorable Court and UNITED STATES OF AMERICA be hereby further advised, should the Executive Branch of UNITED STATES OF AMERICA present such proof to me, in writing, that I cannot refute, I will then conform to any order of this Honorable Court.

Let this Honorable Court and UNITED STATES OF AMERICA be hereby further advised, I freely acknowledge that the complaining entity, UNITED STATES OF AMERICA, has a serious dilemma.  As there is no possible way that UNITED STATES OF AMERICA can present proof that it has properly gained any manner of jurisdiction over me, and at the same time, that if UNITED STATES OF AMERICA responds with the information that it does purport to have, UNITED STATES OF AMERICA knows that I will eviscerate any such presentation due to the self-evident fraudulent procurement thereof by UNITED STATES OF AMERICA, thereby totally embarrassing UNITED STATES OF AMERICA.

**Exhibit C**

## Case Citations re: Jurisdiction and Void Judgments

1.  "There are certain eternal principles of justice which never ought to be dispensed with, * * * that jurisdiction cannot be justly exercised by a state over property not within the reach of its process, or over persons not owing them allegiance or not subjected to their jurisdiction by being found within their limits." ***Mills v. Duryee***, 11 U.S. (7 Cran.) 481, 486 (1813).

2.  "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. **But if it act without authority, its judgments and orders are regarded as nullities.** They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal, in opposition to them. They constitute no justification, **and all persons concerned in executing such judgments or sentences are considered in law as trespassers.**" ***Elliott v. Lessee of Piersol***, 26 U.S. (1 Pet.) 328, 340 (1828) [emphasis added].

3.  "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are nullities; they are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal, in opposition to them; they constitute no justification, and all persons concerned in executing such judgments, or sentences, are considered in law as trespassers." ***Williamson v. Berry***, 49 U.S. (8 How.) 495, 541, 12 L. Ed. 1170, 1189 (1850); Dynes v. Hoover, 61 U.S. 65, 66 (1857).

4.  "The jurisdiction in such cases, both as to the subject-matter of the judgment, and as to the persons to be affected by it, must appear by the record; and everything will be presumed to be without the jurisdiction which does not distinctly appear to be within it. *Morse v. Presby*, 5 Foster, 302 [N.H.]" ***Galpin v. Page***, 85 U.S. (18 Wall.) 350, 371 (1873).

5.  "Judgment without jurisdiction is unavailing for any purpose." ***Galpin v. Page***, 85 U.S. (18 Wall.) 350, 373 (1873).

6.  "When, therefore, the record states the evidence or makes an averment with reference to a jurisdictional fact, it will be understood to **speak the truth on that point**, and it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred." ***Galpin v. Page***, 85 U.S. (18 Wall.) 350, 366 (1873); *Old Wayne Mut. Life Ass'n. v. McDonough*, 204 U.S. 8, 17, 27 S. Ct. 236 (1907) [emphasis added].

7.  "* * * the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of **all other courts** of the United States, **in all cases** where such **jurisdiction does not affirmatively appear in the record** on which, in the exercise of that power, it is called to act." ***Mansfield, C. & L. M. RY. Co. and another v. Swan and others***, 111 U.S. 379 (1884); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900); *Kentucky v. Powers*, 201 U.S. 1, 35-36 (1906); *Chicago, B. & Q. R. Co. v. Willard*, 220 U.S. 413, 419 (1911); *Carden v. Arkoma Associates*, 110 S. Ct. 1015, 494 U.S. 185, 195 (1990) [emphasis added].

8. "The Constitution did not mean to confer [upon the states] a new power or jurisdiction, but simply to regulate the effect of the acknowledged jurisdiction over persons and things within the territory." *Old Wayne Mut. Life Ass'n. v. McDonough*, 204 U.S. 8, 16-17, 27 S. Ct. 236 (1907).

9. "Courts are constituted by authority and they cannot beyond the power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal. *Elliott v. Peirsol*, 1 Pet. 328, 340; *Old Wayne Life Ass'n v. McDonough*, 204 U.S. 8, 27 Sup. Ct. 236." *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353-354, 41 S. Ct. 116 (1920).

10. "Jurisdiction is the power to declare the law; and when it ceases to exist, the only function remaining to the court is that of announcing the fact and **dismissing the cause**." *Bullington v. Angel*, 220 N.C. 18, 16 S.E.2d 411 (1941) [emphasis added].

11. "Accordingly, if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations **by competent proof**. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188, 189 S., 56 S.Ct. 780, 784, 785; *KVOS, Inc. v. Associated Press*, 299 U.S. 269,278, 57 S.Ct. 197, 200. *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 729." *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *King Bridge Co. v. Otoe County*, 120 U.S. 225, 26 (1887); *Thomas v. Board of Trustees*, 195 U.S. 207, 210 (1904); *Minnesota v. Northern Securities Co.*, 194 U.S. 48, 62-63 (1904); *Warth v. Seldin*, 422 U.S. 490, 527, and n. 6 (Brennan, J., dissenting) (1975); *Simon v. Eastern K. Welfare Rights Organization*, 426 U.S. 26, 45, n. 25 (1976); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 114-115, and n. 31 (1979); *Bender v. Williamsport Area School District*, 475 U.S. 534, 546-547 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-889 (1990); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-561 (1992) [emphasis added].

12. "'Jurisdiction should be distinguished from the exercise of jurisdiction. The authority to decide a cause at all, and not the decision rendered therein, is what makes up jurisdiction; and when there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction.' 15 C.J., p. 729, § 25; 21 C.J.S., Courts, § 26." *Klancher v. Anderson*, 158 P.2d 923, 925, 113 Colo. 478, 484 (1945); *McLeod v. Provident Mut. Life Ins. Co. of Philadelphia*, 526 P.2d 1318, 1322, 186 Colo. 234, 241 (1974).

13. "It is fundamental that a court, whether it is a trial or appellate court, has the jurisdiction to determine its own jurisdiction. (*In re Grove Street*, 61 Cal. 438; *Clary v. Hoagland*, 6 Cal. 685; *Cohen v. Barrett*, 5 Cal. 195; *In re Meisner*, 30 Cal. App. 2d 290 [86 P.2d 124]; *In re Wyatt*, 114 Cal. App. 557 [300 P. 132]; *Fitzpatrick v. Sonoma County*, 97 Cal. App. 588 [276 P. 113]; *In re Tassey*, 81 Cal. App. 287 [253 P. 948]; *Dillon v. Dillon*, 45 Cal. App. 191 [187 P. 27]; 21 C.J.S., Courts, § 113.) The general rule is stated in 21 Corpus Juris Secundum, Courts, section 113. "Every court has judicial power to hear and determine, or inquire into, the question of its own jurisdiction, both as to parties and as to subject matter, and to decide all questions, whether of law or fact, the decision of which is necessary to determine the question of jurisdiction.'" *Rescue Army v. Municipal Court*, 28 Cal. 2d 460, 473-474, 171 P.2d 8 (Carter, J., dissenting, 1946).

14. "A void judgment is one which **shows upon the face of the record** a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given. *Chickamauga Trust Co[mpany] v. Lonas*, 139 Tenn. 228, 235, 201 S.W. 777, L.R.A.1918D, 451; *Vanvabry v. Staton*, 88 Tenn. 353 [334], 12 S.W. 786; *Finley v. Gaut*, 67 Tenn. (8 Bext.), [148] 149; *Holmes v. Eason*, 76 Tenn. (8 Lea) [754], 755." ***Richardson v. Mitchell***, 237 S.W. 2d 577, 34 Tenn. App. 318 (1950) [emphasis added].

15. "A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment. *Lynch v. State ex rel. Killebrew*, 179 Tenn. 339, 166 S.W.2d 397." ***State ex rel. Underwood v. Brown***, 244 S.W. 2d 168, 193 Tenn. 113 (1951).

16. "Jurisdiction is the power of a court to decide a case on its merits; it is the power of a court to inquire into the facts, to apply the law, and to enter and enforce judgment. Jurisdiction presupposes the existence of a duly constituted court with control over a subject matter which comes within the classification limits designated by the constitutional authority or law under which the court is established and functions. *Williams v. Williams*, 188 N.C. 728, 125 S.E. 482; *S. v. Hall*, 142 N.C. 710, 55 S.E. 806; 14 Am. Jur., Courts, Sections 160 to 162. Jurisdiction also presupposes control by the court over the parties litigant, duly acquired either by general appearance or by such service of process as brings them before the court, actually or constructively, in a constitutional sense. *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E.2d 709; McIntosh, North Carolina Practice and Procedure, pp. 6 and 7." ***Jones v. Brinson***, 238 N.C. 506, 509, 78 S.E.2d 334 (1953); *Perry v. Owens*, 257 N.C. 98, 101-102, 125 S.E.2d 287 (1962) *In re T.P.*, 678 S.E.2d 781 (N.C.App. 2009).

17. "While it is true that no consent can give a court jurisdiction of the subject matter of an action which the court does not possess without such consent, it is equally true that a court may obtain jurisdiction over the person of a party litigant **by his consent**." ***Jones v. Brinson***, 238 N.C. 506, 509, 78 S.E.2d 334 (1953); *Williams v. Holland*, 39 N.C.App. 141, 146, 249 S.E.2d 821 (1978) [emphasis added].

18. "* * * lack of jurisdiction of the action, resulting in a **duty of the court to dismiss**." ***Thomasian v. Superior Court***, 122 Cal.App.2d 322, 337, 265 P.2d 165 (Cal.App.Dist.1 1953) [emphasis added].

19. "* * * in *Carter v. Rountree*, 109 N.C. 29, 13 S.E. 716, * * * "A void judgment is one that has merely semblance, without some essential element or elements, as when the court purporting to render it has not jurisdiction. * * * A void judgment is without life or force, and the court will quash it on motion, or ex mero motu. Indeed, when it appears to be void, it may and will be ignored everywhere, and treated as a mere nullity." The later decisions are in full accord: *Stafford v. Gallops*, 123 N.C. 19, 31 S.E. 265; *Moore v. Packer*, 174 N.C. 665, 94 S.E. 449; *Duffer v. Brunson*, 188 N.C. 789, 125 S.E. 619; *Simms v. Sampson*, 221 N.C. 379, 20 S.E.2d 554. See McIntosh, N.C. P. & P. 734-737." ***Mills v. Richardson***, 240 N.C. 187, 190-191, 81 S.E. 2d 409 (1954).

20. "A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it. Defect of jurisdiction may relate to a party or

parties, the subject matter, the cause of action, the question to be determined, or the relief to be granted. A judgment entered where such defect exists has neither life nor incipience, and a court is impuissant to invest it with even a fleeting spark of vitality, but can only determine it to be what it is--a nothing, a nullity. Being naught, it may be attacked directly or collaterally at any time. *Stubbs v. McGillis*, 44 Colo. 138, 96 P. 1005, 18 L.R.A.,N.S., 405, 130 Am.St.Rep. 116." ***Davidson Chevrolet, Inc. v. City and County of Denver***, 330 P.2d 1116, 1118-1119, 138 Colo. 171 (1958).

21.   "Jurisdiction is the power to hear and determine the particular questions in the case involved. **If this power is absent, then the court is without jurisdiction.**" ***Colorado State Bd. of Medical Examiners v. District Court In and For El Paso County***, 331 P.2d 502, 506, 138 Colo. 227, 233-234 (1958); *Colorado Dept. of Revenue v. District Court In and For Adams County*, 470 P.2d 864, 868, 172 Colo. 144, 150 (1970) [emphasis added].

22.   "And in *Davidson Chevrolet, Inc. v. City and County of Denver*, 138 Colo. 171, 330 P.2d 1116, 1118, we said: 'A void judgment is vulnerable to a direct or collateral attack regardless of the lapse of time.'" ***Michels v. Clemens***, 342 P.2d 693, 698, 140 Colo. 82 (1959).

23.   "I am at a complete loss to understand how my brethren who make up the majority can reconcile the present opinion with that in *Davidson Chevrolet, Inc. et al. v. City and County of Denver*, 138 Colo. 171, 330 P.2d 1116, 1118, in which all members of this court concurred and where the court speaking through Mr. Justice Frantz said:

'A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it. Defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or the relief to be granted. A judgment entered where such defect exists has neither life nor incipience, and a court is impuissant to invest it with even a fleeting spark of vitality, but can only determine it to be what it is--a nothing, a nullity. Being naught, it may be attacked directly or collaterally at any time. *Stubbs v. McGills*, 44 Colo. 138, 96 P. 1005, 18 L.R.A., N.S., 405, 130 Am.St.Rep. 116.'" ***City of Pueblo v. Grand Carniolian Slovenian Catholic Union of U.S. of America***, 358 P.2d 13, 23, 145 Colo. 6 (Moore, J., dissenting 1960).

24.   "Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of the person or subject matter and judgments procured through fraud. *Ward v. Sampson*, 395 Ill. 353, 70 N.E.2d 324; I.L.P. Judgments, Sections 174 and 175. They may be attacked directly or collaterally. *Escue v. Nichols*, 335 Ill. App. 244, 81 N.E.2d 652, *Rompza v. Lucas*, 337 Ill. App. 106, 85 N.E.2d 467." ***Irving v. Rodriquez***, 169 N.E.2d 145, 27 Ill.App.2d 75 (1960).

25.   "A void judgment is one which shows upon the face of the record a want of jurisdiction in the Court assuming to render the judgment, which want of jurisdiction may be either of the person, or the subject matter generally, or of the particular question to be decided or the relief assumed to be given. This statement was made in the *New York Casualty Company v. Lawson*, 160 Tenn. 329, 24 S.W.2d 881 case and quoted with approval in the case of *Lynch v. State ex rel. Killebrew*, 179 Tenn. 339, 342, 166 S.W.2d 397." ***State ex rel. Dawson v. Bomar***, 354 S.W.2d 763, 209 Tenn. 567 (1962).

26. "While the phrase "void on its face" is somewhat imprecise, it is clear that the invalidity need not appear on the face of the judgment alone; a judgment or order may be said to be intrinsically void, or "void on its face," if lack of jurisdiction appears from the record. *State of Missouri ex rel. and to Use of Stormfeltz v. Title Guaranty & Surety Co.*, 8 Cir., 72 F.2d 595, 598[8, 9], cert. den. 294 U.S. 708, 55 S.Ct. 404, 79 L.Ed. 1242; *Caruthersville School Dist. No. 18 v. Latshaw*, 360 Mo. 1211, 1219, 233 S.W.2d 6, 9[4-7]; *State ex rel. National Lead Co. v. Smith*, Mo. App., 134 S.W.2d 1061, 1069[18, 19]." ***Crockett Oil Co. v. Effie***, 374 S.W.2d 154 (Mo.App. 1964).

27. "A judgment obtained without jurisdiction over the defendant is void." ***Overby v. Overby***, 457 S.W.2d 851 (Tenn. 1970); *First Deposit National Bank v. Men K. Quach*, No. 01-A-01-9809-CH-00505 (Tenn.App. 1999).

28. "A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void one is one which, from its inception, was a complete nullity and without legal effect." ***Lubben v. Selective Service System***, 453 F.2d 645, 649 (1st Cir. 1972).

29. "Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 1936, 298 U.S. 178, 80 L. Ed. 1135, 56 S. Ct. 780; *Welsh v. American Surety Co.*, 5 Cir. 1951, 186 F.2d 16; 5 C. Wright & A. Miller, supra § 1363 at 653." ***Rosemond Sand v. Lambert Sand***, 469 F.2d 416 (5th Cir. 1972).

30. "A void judgment is one where the court lacks jurisdiction over the subject matter or over the parties." ***Lange v. Johnson***, 204 N.W.2d 205, 295 Minn. 320 (1973).

31. "Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction." ***Joyce v. United States***, 474 F.2d 215 (3rd Cir. 1973); *Dunser v. Aronoff*, 915 F.2d 1071 (6th Cir. 1990).

32. "When it clearly appears that the court lacks jurisdiction, **the court has no authority to reach the merits**. In such a situation the action should be dismissed for want of jurisdiction." ***Melo v. United States***, 505 F.2d 1026 (8th Cir. 1974) [emphasis added].

33. "Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. *Wahl v. Round Valley Bank*, 38 Ariz. 411, 300 P. 955 (1931); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 146 P. 203 (1914); see *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed.2d 278 (1940)." ***Cockerham v. Zikratch***, 619 P.2d 739, 127 Ariz. 230 (1980).

34. "A void judgment is one rendered in the absence of jurisdiction over the subject matter or the parties. *Lange v. Johnson*, 295 Minn. 320, 323, 204 N.W.2d 205, 208 (1953)." ***Matson v. Matson***, 310 N.W. 2d 502, (Minn. 1981).

35. "However, "[in] order for a judgment to be void, there generally must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. 7 Moore's

Federal Practice § 60.25[2] (2d ed. 1975)." *First Security Bank v. Neibaur*, 98 Idaho 598, 605 at n. 4, 570 P.2d 276, 283 at n. 4 (1977)." ***Puphal v. Puphal***, 105 Idaho 302, 669 P.2d 191 (1983); *Dragotoiu v. Dragotoiu*, 133 Idaho 644, 647, 991 P.2d 369 (1998)

36. "In making such allegations, the Department in effect challenged the court's subject matter jurisdiction to hear the case, a challenge which is properly raised by motion to dismiss." ***Criterion Ins. Co. v. State, Dept. of Ins.***, 458 So.2d 22, 25 (Fla.App. Dist.1 1984).

37. "A void judgment is one that has been procured by extrinsic or collateral fraud, [case cites omitted] or entered by court that did to have jurisdiction over subject matter or the parties, *Va. Dept. Corr. v. Crowley*, 227 Va. 254, 260-61, 316 S.E.2d 439, 442-43 (1984); *Slaughter v. Commonwealth*, 222 Va. 787, 791, 284 S.E.2d 824, 826 (1981); *Matthews v. Commonwealth*, 216 Va. 358, 359-61, 218 S.E.2d 538, 539-40 (1975); *Cofer v. Cofer*, 205 Va. 834, 836-37, 140 S.E.2d 663, 665-66 (1965)." ***Rook v. Rook***, 353 S.E. 2d 756, 233 Va. 92 (1987).

38. "A judgment or order is void where it is entered by a court which **lacks jurisdiction over the parties** or the subject matter, or **lacks inherent power** to enter the particular order or judgment (*Potenz Corp. v. Petrozzini* (1988), 170 Ill. App. 3d 617, 618), or where the order is procured by fraud (*Vulcan Materials Co. v. Bee Construction Co.* (1981), 101 Ill. App. 3d 30, 40)." ***Evans v. Corporate Services***, 565 N.E.2d 724, 207 Ill. App. 3d 297 (1990) [emphasis added].

39. "The defense of lack of personal jurisdiction is waived if it is not raised in the defendant's pleadings. *Clinic Masters, Inc. v. District Court,* 192 Colo. 120, 123, 556 P.2d 473, 475 (1976); *Board of County Comm'rs v. District Court*, 172 Colo. 311, 313, 472 P.2d 128, 129 (1970). However, the absence of subject matter jurisdiction may be raised at any stage of the proceedings. *Paine, Webber, Jackson & Curtis v. Adams*, 718 P.2d 508, 513 (Colo.1986); *Peaker v. Southeastern Colo. Water Conservancy Dist.*, 174 Colo. 210, 213, 483 P.2d 232, 233 (1971)." ***Stone's Farm Supply, Inc. v. Deacon***, 805 P.2d 1109, 1113 (Colo. 1991).

40. "A judgment is void if the court that rendered it lacked jurisdiction of the parties, or if its actions resulted in a denial of due process." ***Sramek v. Sramek***, 17 Kan.App.2d 573, 576, 840 P.2d 553 (1993).

41. "We conclude, based on our reading of cases from other jurisdictions, that a void judgment is an absolute nullity and may be ignored or disregarded, vacated on motion, or attacked on habeas corpus." ***Sramek v. Sramek***, 17 Kan.App.2d 573, 577, 840 P.2d 553 (1993).

42. "A void order, that is, one entered by a court which **lacks jurisdiction over the parties**, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided the party is properly before the court. *Evans*, 207 Ill. App. 3d at 301-02; see also *In re Annexation to City of Prospect Heights* (1982), 111 Ill. App. 3d 541." ***People ex rel. Brzica v. Village of Lake Barrington***, 644 N.E.2d 66, 268 Ill. App. 3d 420, 205 Ill. Dec. 850 (1994) [emphasis added].

43. "A defendant may, **by consent**, confer personal jurisdiction upon a court that would otherwise not have jurisdiction over it, * * *." ***Packaging Store, Inc. v. Leung***, 917 P.2d 361, 363 (Colo.App. 1996) [emphasis added].

44. "A void judgment is a mere nullity, and can be attacked at any time. *Tari v. State* (1927), 117 Ohio St. 481, 494, 159 N.E. 594, 597-598. * * * A void judgment is one entered by a court without jurisdiction to enter such judgment." ***State v. Blankenship***, 111 Ohio App.3d 198, 675 N.E. 2d 1303 (1996).

45. "A void Judgement is a "'Judgement, decree or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved . . . ." *Dike v. Dike*, 75 Wn.2d 1, 7, 448 P.2d 490 (1968) (quoting *Robertson v. Commonwealth of Virginia*, 25 S.E.2d 352, 358 (1943))." ***State ex rel. Turner v. Briggs***, 94 Wash.App. 299, 971 P.2d 581 (1999).

46. ""A void judgment or order is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order or judgment, or where the order was procured by fraud." *Miller v. Balfour*, 303 Ill. App. 3d 209, 215, 707 N.E.2d 759 (1999)." ***In re the Adoption of E.L. v. F. & P.A.***, 315 Ill.App.3d 137, 315 Ill.App.3d 137, 733 N.E.2d 846, 733 N.E.2d 846, 248 Ill.Dec. 171, 248 Ill.Dec. 171 (2000).

47. "In *Taylor v. State*, 995 S.W.2d 78 (Tenn. 1999), we reiterated that "[a] void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired. *Id.* at 83 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161-64))" ***State v. Richie***, 20 S.W.3d 624 (Tenn. 2000).

48. "Jurisdiction is the power and authority of the court to act. Unquestionably, a district court must have subject-matter jurisdiction over the cause of action. *See* Colo. Const. art. VI, § 9 ("The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases ....") In addition to subject-matter jurisdiction, the court must be able to assert personal jurisdiction over the defendants. Personal jurisdiction mandates that there is a proper relationship between the defendant and the forum. *See* U.S. Const. Amend. XIV; *Internat'l Shoe Co. v. Washington, 326* U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hancock v. Boulder County Pub. Trustee*, 920 P.2d 854, 858 (Colo.App.1995)." ***Spencer v. Sytsma***, 67 P.3d 1, 8-9 (Colo. 2003).

49. "A void judgment may be challenged at any time pursuant to C.R.C.P. 60(b)(3) and must be vacated upon request. *Rainsberger v. Klein*, 5 P.3d 351 (Colo.App.1999)." ***McGuire v. Champion Fence & Const., Inc.***, 104 P.3d 327, 329 (Colo.App. 2004).

50. "A covenant or provision that is void ab initio is "[n]ull from the beginning, as from the first moment when a contract is entered into." *Black's Law Dictionary* 1568 (7th ed. 1999)(defining "void ab initio"); *see City & County of Denver v. Bd. of County Comm'rs,*661 P.2d 1185, 1187 (Colo. App. 1982)(equating void ab initio with void, and stating, "The meaning of the term void is 'null, ineffectual, nugatory.' A 'void' judgment, for example, is one which 'has neither life nor incipience.' " (citation omitted) (quoting *Black's Law Dictionary and Davidson Chevrolet, Inc. v. City & County of Denver*, 138 Colo. 171, 175, 330 P.2d 1116, 1118 (1958)))" ***Phoenix Capital, Inc. v. Dowell***, 176 P.3d 835, 840 (Colo.App. 2007); *City and County of Denver v. Board of County Com'rs of Jefferson County*, 661 P.2d 1185, 1187 (Colo.App. 1982).

51. "A void judgment is a "complete nullity" and has no legal effect. *De Avila v. Estate of DeHerrera*, 75 P.3d 1144, 1147 (Colo.App.2003)." **SR Condominiums, LLC v. K.C. Const.**, Inc., 176 P.3d 866, 869 (Colo.App. 2007).

52. "A court may grant a party relief from a void judgment or order. *See* C.R.C.P. 60(b)(3). Generally, if a court lacks subject matter jurisdiction, any judgment it renders is void. *See In re Water Rights of Columbine Assocs.*, 993 P.2d 483, 488 (Colo. 2000); *Olson v. Hillside Cmty. Church SBC*, 124 P.3d 874, 878 (Colo. App. 2005); *In re Marriage of Mallon*, 956 P.2d 642, 645 (Colo. App. 1998)." **In re the Petition of C.L.S.**, 252 P.3d 556, 560 (Colo.App. 2011).

## Maxims of Law

53. "A judge who exceeds his office or jurisdiction is not to be obeyed." *Jenk. Cent.* p. 139, case 84; *Bouv.* 133.

54. "A judicial act by a judge without jurisdiction is void; but a ministerial act, from whomsoever proceeding, may be ratified. *Lofft.* 458.

55. "A judgment given by one who is not the proper judge is of no force and should not harm anyone." 10 *Coke*, 70, 766; *Bouv.* 133; *Fleta*, 1. 6, c. 6, s. 7; Broom, *Max.* 92.

56. "The condition of the defendant must be favored, rather than that of the plaintiff." *Dig.* 50, 17, 125; Broom, *Max.* 715.

57. "A good judge should do nothing of his own arbitrary will, nor on the dictate of his personal inclination, but should decide according to law and justice." 7 *Coke*, 27a.

**Exhibit D**



1040 Department of the Treasury—Internal Revenue Service
U.S. Individual Income Tax Return

# INVESTIGATING THE FEDERA

# INCOME TA

## A PRELIMINARY REPORT

### BY JOSEPH R BANISTER

#### SECOND EDITION

Joseph R. Banister
2/17/01