# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**CIVIL NO. 1:16-CV-00441**

**UNITED STATES OF AMERICA,**

**Plaintiff**

- against -

**SALVATORE CELAURO, JR. [sic];**

**Wrongly Accused**
**Belligerent Litigant**

**MICHELE GRAZIANO; and**
**PARK COUNTY, COLORADO**

**Defendants.**

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 11 2016

JEFFREY P. COLWELL
CLERK

---

## SECOND
## OPPOSITION
## TO
## REPORT & RECOMMENDATION

---

**sal-junior:Celauro**
**c/o 25587 Conifer Road, suite 105 #317**
**Conifer, Colorado [80433]**
**8 August 2016**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:16-CV-00441

UNITED STATES OF AMERICA,

                              Plaintiff

        - against -

SALVATORE CELAURO, JR. [sic];
                              Wrongly Accused
                              Belligerent Litigant

MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

                              Defendants.

-----------------------------------------------------------------------------------------------------------

**SECOND**
**OPPOSITION**
**TO**
**REPORT & RECOMMENDATION**

**OFFICIAL NOTICE REQUESTED**
**JUDICIAL NOTICE: NOTICE TO THE ADMINISTRATIVE COURT**

Declarant, with all Due Respect, does Declare and Affirm that:

1. Declarant, sal-junior:Celauro, is a Natural born Living Soul, a man on the Land, of the Posterity of the People of the united States of America, one of the People of Colorado, an Inherent Holder of the Political Power of Colorado, and of this American union of States, **not** a corporation, **not** a person as statutorily defined, and **not** a surety for the artificial/fictional entity designated as SALVATORE CELAURO, JR, is here on Special Visitation only, and without the benefit of the Assistance of Counsel; for the sole and exclusive purpose of Noticing this purported Court as to its lack of lawful or legal Jurisdiction as to the subject matter and over me.

2. One of the fundamental and essential basics of a valid judicial proceeding sufficient to

comply with the Due Process requirements of the Fifth Amendment to the Constitution for the united States of America is that of a "court of competent jurisdiction".

3. Declarant is not now, and never has been, a licensed or trained Attorney and must demand the Court's reasonable indulgence and waiver of any perceived or imputed deficiencies as to the form of this Declaration.

4. Declarant, after reasonable inquiry believes that the subject matter of this proceeding, the legal fiction SALVATORE CELAURO, JR, is a creation of, and the property of, THE SOCIAL SECURITY ADMINISTRATION.

5. Declarant is not knowingly the Attorney, nor the Accountant, nor the Fiduciary, nor Withholding Agent, nor any other legal representative for the legal fiction entity, SALVATORE CELAURO, JR and will not, does not, and cannot, undertake said task.

6. Declarant has personally diligently read the official UNITED STATES DEPARTMENT OF DEFENSE document: "Army Regulation 840-10 (1998), Heraldic Activities: Flags, Guidons, Streamers, Tabards, and Automobile and Aircraft Plates" and it is incorporated herein.

7. In reasonable reliance upon the information contained in the afore-referenced official document, Declarant reasonably infers that this Court appears to be openly and notoriously sitting as some form of court-martial/military tribunal of the United States.

8. Declarant reasonably infers, based upon the following information, which the statutory authority of this "Court" to sit as a court-martial/military tribunal appears to have expired on September 14, 1978.

9. U.S.C. TITLE 50 - WAR AND NATIONAL DEFENSE, CHAPTER 34 – NATIONAL EMERGENCIES, 01/26/98 SUBCHAPTER I - TERMINATING EXISTING DECLARED EMERGENCIES, § 1601 Termination of existing declared emergencies:

(a) All powers and authorities possessed by the President, any other officer or employee of the Federal Government, or any executive agency, as defined in section 105 of title 5, as a result of

the existence of any declaration of national emergency in effect on September 14, 1976, are terminated two years from September 14, 1976. Such termination shall not affect-

(1) any action taken or proceeding pending not finally concluded or determined on such date;

(2) any action or proceeding based on any act committed prior to such date; or

(3) any rights or duties that matured or penalties that were incurred prior to such date.

(b)For the purpose of this section, the words "any national emergency in effect" means a general declaration of emergency made by the President.

(Pub. L. 94-412, title I, § 101, Sept. 14, 1976, 90 Stat. 1255.)

10. It is an undisputed fact that the opposing attorney has introduced **no** Evidence into the Record that *any* court-martial or military court, provisional court, provost court, territorial court, military tribunal, or military commission has been authorized by act of Congress, by statute, by Executive Order, or by Proclamation of the President of United States to lawfully sit within the physical boundaries of Colorado since Colorado was admitted with full rights into the Union of the united States of America.

11. Declarant has knowledge certain that Declarant is not currently, and never has been an enlisted or commissioned member of the armed forces of the UNITED STATES or of the STATE OF COLORADO, which the attorney for the UNITED STATES OF AMERICA acknowledged in his "MOTION FOR ENTRY OF DEFAULT AGAINST SALVATORE CELAURO, JR." and "DECLARATION OF RYAN S. WATSON".

12. It is an undisputed fact that Declarant, at age 61, is too old to be a member of the statutory militia, per U.S.C. TITLE 10 - ARMED FORCES, Subtitle A - GENERAL MILITARY LAW, Part I - ORGANIZATION AND GENERAL MILITARY, Chapter 13 - THE MILITIA, § 311 - MILITIA: COMPOSITION AND CLASSES:

(a)The militia of the United States consists of all able-bodied males at least 17 years of age and, except as provided in section 313 of title 32, under 45 years of age who are, or who have made a declaration of intention to become, citizens of the United States and of female citizens

of the United States who are members of the National Guard.

13. It is an undisputed fact that Declarant is not currently an officer/employee of the corporate UNITED STATES nor of the corporate STATE OF COLORADO.

14. It is an undisputed fact that Declarant is not an officer of any corporation created by either the UNITED STATES or the STATE OF COLORADO.

15. Declarant knows of no lawful reason why or how this Court, while openly and notoriously sitting in the form of a court-martial/military tribunal, could have, or should acquire, lawful or legal jurisdiction over said Declarant, a private American man.

16. Declarant declares and affirms that to the extent that this Court is openly and notoriously sitting in form as a court-martial/military tribunal, it is in relation to Declarant *coram non judice* (i.e., not a court of competent jurisdiction), lacking both subject matter [military personnel] and personal jurisdiction.

17. Declarant does **NOT Consent** to trial, under any pretext or pretense, before a UNITED STATES "summary", "special", or "general" court-martial/tribunal/commission/etc.

18. Declarant reserves the Right to remove this matter to the nearest Article III district court of the United States, sitting as a civilian court, as soon as this court shall disclose to Declarant where said civilian court is located.

> "The federal district courts are created and established by Congress pursuant to the authority vested in it by the Constitution, [68. Seligmans, Inc. v. U.S., D.C.La., 30 F.Supp. 895] and the words "district court of the United States" are commonly used to describe constitutional courts created under Article III of the Constitution, [68.5. International Longshoremen's and Warehousemen Union v. Juneau Spruce Corp., Alaska, 72 S.Ct. 235, 342 U.S. 237, 96 L.Ed. 275] and not the legislative courts which have long been the courts of the Territories. [68.10. [same case]]" 36A Corpus Juris Secundum, Federal Courts, § 302 (1995).

> "The words "district court of the United States" commonly describe constitutional courts created under Article III of the Constitution, not the legislative courts which have long been the courts of the Territories." ***Longshoremen v. Juneau Spruce Corp.***, 342 U.S. 237, 241, 72 S.Ct. 235, 96 L.Ed. 275 (Alaska 1952)

19. Also:

"A district court of the United States is a creature of Congress; [87.50. Cochran v. St. Paul & Tacoma Lumber Co., D.C. Wash., 73 F.Supp. 288] a creature of the legislative branch of the government. [87.55. [same case]] While it is generally provided for by the Constitution, it is not, in a stricter sense, a constitutional court [87.60. [same case]] ... The federal district courts are courts of record. [88. In re Columbia Real-Estate Co., D.C.Ind., 101 F. 965, app. dism. 112 F. 643, 50 C.C.A. 406] They are not inferior courts in the technical sense of the term, [89. M'cormick v. Sullivant, Ohio, 10 Wheat. 192, 6 L.Ed. 300] although they have been said to be inferior in the sense that their jurisdiction is limited to that conferred by Congress. [90. Cole v. Blankenship, C.C.A.W.Va. 30 F.2d 211]" 36A Corpus Juris Secundum, Federal Courts, § 305 (1995).

"Although the Courts of the United States are Courts of limited jurisdiction, so that their judgments will be reversed on error, unless the jurisdiction appears upon the face of the record, yet they are not inferior Courts in a technical sense; and so long as their judgments remain unreversed, they are conclusive." *McCormick v. Sullivant*, 23 U.S. (10 Wheat.) 192, 198, 6 L.Ed. 300 (1825).

20. And yet:

"In the exercise of the power, granted to it by the Constitution, to make **all needful rules and regulations** with respect to the **territory or other property belonging to the United States,** Congress may, as shown supra sec. 2, **create territorial courts** and confer on them judicial power. The courts so created are **legislative courts** [28. Mookini v. U. S., Hawaii, 58 S.Ct. 543, 303 U.S. 201, 82 L.Ed 748, conformed to C.C.A. 95 F.2d. 960; Williams v. U. S., Ct.Cl., 53 S.Ct. 751, 289 U.S 553, 77 L.Ed. 1372; O'Donoghue v. U. S., Ct.Cl., 53 S.Ct. 740, 289 U.S. 516, 77 L.Ed. 1356] **rather than constitutional courts created under the judiciary article of the Constitution,** [29. Mookini...; International Longshoremen's and Warehousemen Union v. Juneau Spruce Corp., 170 F.2d. 183; cert. den. 69 S.Ct. 641, 336 U.S. 919, 93 L.Ed. 1082; reh. den. 69 S.Ct. 936, 336 U.S. 971, 93 L.Ed. 1121] ... While a territorial court may be considered a "court of the United States" for some purposes, [32.5] or a "district court of the United States" in the context of particular legislation, [32.10] the words **"court of the United States"** [32.15] or **"district court of the United States"** [32.20] **commonly describe constitutional courts created under the judiciary article of the Constitution** and **not territorial courts.** Most sections of Title 28 referring to the district courts are applicable to constitutional courts of the United States only and are not applicable to the territorial courts created by Congress. [32.25. Callwood v. callwood, D.C.Virgin Islands, 127 F.Supp. 179.]" 36A Corpus Juris Secundum, Federal Courts, § 312 (1995).

21. **Declarant declares and affirms that Declarant's position is amply and consistently supported by the United States Supreme Court in the following cases:** *Ex Parte Milligan*, **71 U.S. 2, 18 L. Ed. 281, 291-297 (1866);** *Ex parte Mitsuye Endo*, **323 U.S. 283, 304 (1944); and** *Duncan v. Kahanamoku*, **327 U.S. 304, 318-324 (1946).**

22. **This court is Presumed to know these cases and is requested to take Judicial Notice of**

**them.**

Proceeding at all times under Threat, Duress and Coercion,

Date: 8 August 2016

sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]

cc: UNITED STATES OF AMERICA via Ryan S. Watson
Michele Graziano
PARK COUNTY, Colorado via Herbert C. Phillips

**them.**

Proceeding at all times under Threat, Duress and Coercion,

Date: 8 August 2016

*sal-junior*

sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]

cc: UNITED STATES OF AMERICA via Ryan S. Watson
Michele Graziano
PARK COUNTY, Colorado via Herbert C. Phillips