IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00441-CMA-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SALVATORE CELAURO, JR.,
MICHELE GRAZIANO, and
PARK COUNTY, COLORADO,

    Defendants.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ENTRY OF DEFAULT JUDGMENT**

---

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. # 36) and the Recommendation of the United States Magistrate Judge that default judgment be entered against Defendant as a sanction for his failure to follow this Court's orders (Doc. # 40). For the reasons described herein, Defendant's Motion to Dismiss is denied, and default judgment is entered against Defendant.

### I. DISCUSSION

On February 23, 2016, the United States initiated this suit, seeking to reduce to judgment certain outstanding federal tax liabilities assessed against Defendant Salvatore Celauro, Jr. and to foreclose federal tax liens on real property located in Park County, Colorado. (Doc. # 1.) To date, Mr. Celauro has submitted a number of filings

to this Court, all of which contain a nonsensical blend of frivolous tax protester arguments, conspiratorial rhetoric, and irrelevant political commentary.

As is common in the domain of tax protest, all of Mr. Celauro's various filings are an effort to attack the jurisdiction of this Court. On July 5, 2016, Mr. Celauro filed his Motion to Dismiss on that basis, arguing that this action is "unlawful for the Court's lack of constitutional authority to take jurisdiction and enter judgments, orders, and decrees in favor of the United States of America." (Doc. # 36 at 2.) The United States made no response.

On May 26, 2016, Mr. Celauro failed to appear at a court-ordered scheduling conference. (Doc. # 24.) Prior to the conference, the Court received no phone calls or communications of any kind requesting that the conference be rescheduled, and at no point after the conference did the Court receive any explanation for Mr. Celauro's absence. (Doc. ## 24, 25, 28.) Following Defendant Celauro's failure to appear, the United States Magistrate Judge issued an order to show cause, setting forth authority pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A)(vi), and ordering:

> that on **July 25, 2016, at 9:00 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held during which **Defendant Salvatore Celauro, Jr. SHALL APPEAR IN PERSON** and show cause why **sanctions up to and including default judgment** should not be entered against Defendant Salvatore Celauro, Jr. pursuant to Fed. R. Civ. P. 16(f). In addition to a recommendation that default judgment be entered, other sanctions that may very well be imposed are attorney fees and costs and a finding and order of contempt.

(Doc. # 28) (emphasis added). Mr. Celauro submitted a response to the Order to Show Cause, wherein he again asserted frivolous arguments attacking this Court's

2

jurisdiction.  (Doc. # 32) ("This Court is not a court of the Republic.  It is a court of the UNITED STATES OF AMERICA, INC., which has no jurisdiction over me.").  The frivolous response demonstrates that Mr. Celauro had notice of the Show Cause Hearing.  Nonetheless, he once again failed to appear.  (Doc. # 39.)

In accordance with the explicit advisement of the Magistrate Judge, a Report and Recommendation issued on July 26, 2016, recommending that this Court enter default judgment against Mr. Celauro pursuant to Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2)(A)(vi), and Fed. R. Civ. P. 55 for his disregard of court orders.  (Doc. # 40.)  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**A.     Mr. Celauro's Motion to Dismiss**

The Motion to Dismiss filed by Mr. Celauro is rooted in the notion that this Court has no jurisdiction to adjudicate the suit.  *See* (Doc. # 36.)  After asserting that this Court lacks the "constitutional authority" to "take jurisdiction and enter judgment, orders, and decrees in favor of the Unites States of America arising from a civil or criminal proceeding regarding a debt in Park County, Colorado[,]" Mr. Celauro demands that the suit be dismissed with prejudice and that he be awarded costs and exemplary damages. (*Id.*)

Normally, this Court would not refute this frivolity "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  *Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1984).  However, in light of Mr. Celauro's apparent disdain for this Court and our system of laws, there is

perhaps some value in describing, in detail, how jurisdiction is conferred and exercised in this suit.

The United States consists of "the states whose people united to form the Constitution, and such as have," like Colorado, "since been admitted to the Union." *Downes v. Bidwell*, 182 U.S. 244, 277 (1901). In forming the Union, the several states delegated to the federal government powers enumerated in the Constitution. *See Coyle v. Smith*, 221 U.S. 559, 567 (1911); *United States v. Cruikshank*, 92 U.S. 542, 550 (1876) ("The people of the United States resident within any State are subject to two governments: one State, and the other National.") Included among these are the "power to lay and collect taxes on incomes, from whatever source derived." U.S. Const., amend. XVI; *see also* U.S. Const., art. I, cl. 8. The Internal Revenue Code and the laws establishing the United States District Courts are, therefore, whether taxpayers wish to acknowledge them or not, the supreme law of the land. U.S. Const., art. VI, cl. 2.

Pursuant to 26 U.S.C. § 7402(a), the federal district courts have jurisdiction to "make and issue in civil actions . . . such . . . orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7403(a) authorizes the Attorney General to direct the filing of a civil action to enforce a federal tax lien and, pursuant to 26 U.S.C. § 7403(c), the district court "shall . . . adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such

property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and the United States." *See also* 28 U.S.C. § 1340 (vesting the district courts with jurisdiction over suits under the internal revenue laws); 28 U.S.C. § 1345 (conferring jurisdiction over suits commenced by the United States). Thus, it is beyond cavil that this Court has subject-matter jurisdiction. *See also United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (defendant's argument that "the District Court lacked jurisdiction over him because he is solely a resident of the state of Michigan and not a resident of any 'federal zone'" held to be "completely without merit and patently frivolous.").

Further, there can be no dispute with respect to this Court's exercise of personal jurisdiction over Mr. Celauro, who was personally served with a summons on March 8, 2016. (Doc. # 21); *see Burnham v. Superior Court*, 495 U.S. 604, 610–19 (1990) (in-state service of process sufficient to confer personal jurisdiction); *Milliken v. Meyer*, 311 U.S. 457, 462–63 (1940). Moreover, because Colorado is both the district of Mr. Celauro's residence and the situs of the subject property, venue in the District of Colorado is proper under 28 U.S.C. § 1396, which provides that "[a]ny civil action for the collection of internal revenue taxes may be brought . . . in the district of the taxpayer's residence," and 28 U.S.C. § 1391(b), which provides that "[a] civil action wherein jurisdiction is not found solely on diversity of citizenship may . . . be brought . . . in a judicial district in which . . . a substantial part of the property that is the subject of the action is situated."

Put simply, the hackneyed tax protester refrain that a federal court lacks jurisdiction to adjudicate a suit for the collection of unpaid federal income tax liabilities is wholly without merit. In accordance with the foregoing, Mr. Celauro's Motion to Dismiss is denied.

**B.      Recommendation for Entry of Default**

District courts may make schedules and set time limits, Fed. R. Civ. P. 16(b), and sanction attorneys and parties who disregard such orders, Fed. R. Civ. P. 16(f). Sanctions may include entering a default judgment against a party. Rule 16(f) specifically provides that if a party does not appear at a scheduling or pretrial conference, the judge may enter sanctions pursuant to Fed.R.Civ.P. 37(b)(2)(C), which authorizes entry of a default judgment. *See* Fed.R.Civ.P. 16(f) (expressly incorporating Fed.R.Civ.P. 37(b)(2)(C)).

Default judgment is generally considered a harsh sanction that should be used only when a party's noncompliance is due to "willfulness, bad faith, or any fault of the [disobedient party]," and not when a party is unable to comply with a discovery order. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640, (1976) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)); *see also In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987) ("We have defined a willful failure as 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'" (quoting *Patterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir.1965))). To determine if a sanction such as default judgment is appropriate, courts should consider (1) the degree of actual prejudice to the opposing party; (2) the amount

6

of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that entry of default would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing . . . a sanction." *Id*. at 921.

In this case, Mr. Celauro's refusal to comply with court orders has caused actual prejudice to the United States. Attorneys for the United States expended precious hours reviewing a parade of frivolous filings, and appearing at court-ordered hearings, all of which Mr. Celauro refused to attend.

With respect to the second factor, Mr. Celauro's disregard for the orders of this Court constitutes interference with the judicial process. *Id.* (litigant's failure to comply with a court order "flouted the court's authority," and hindered the court's ability "to administer orderly justice").

With respect to the third factor, this Court concludes that Mr. Celauro is culpable for his failure to follow court orders. Mr. Celauro's absence from the court-ordered hearings was no accident. The record demonstrates that Mr. Celauro knew of the order to show cause and the attendant hearing, and willfully disobeyed the Court by refusing to attend. *Id*. (district court did not err in concluding that litigant's refusal to appear constituted "willful and intentional disobedience to . . . court orders.").

Magistrate Judge Watanabe's Order to Show Cause plainly advised Mr. Celauro that a failure to appear at the July 25, 2016 hearing would result in sanctions, up to and

including an entry of default judgment.  (Doc. # 28.)  This clear warning satisfies the fourth factor.

Finally, this Court concludes that no lesser sanction would be efficacious in this case.  Mr. Celauro has the misguided belief that he is beyond the reach of the laws this Court is duty-bound to uphold and enforce.  A cursory review of the filings in this suit and the rhetoric contained therein makes clear that there are no corrective sanctions that could nudge Mr. Celauro, a man who completely rejects the authority of this Court, towards compliance.  Frankly, Mr. Celauro should count himself lucky that the sanction levied for his willful disobedience of court orders stops at default judgment, as it would be well within the boundaries of reasonableness to order payment of costs and fees, or to hold Mr. Celauro in contempt.  *See* Fed. R. Civ. P. 37(b)(2)(C).

Because all five factors outlined in *Ehrenhaus* weigh heavily in favor of default judgment as a sanction for Mr. Celauro's failure to comply with court orders, the Court concurs with the Recommendation of the Magistrate Judge that default judgment be entered as a sanction pursuant to Fed R. Civ. P. 16 and 37.

## II.  **CONCLUSION**

In accordance with the foregoing, it is ORDERED that Defendant Salvatore Celauro, Jr.'s Motion to Dismiss (Doc. # 36) is DENIED. It is

FURTHER ORDERED that the Recommendation of the United States Magistrate Judge (Doc. # 40) is AFFIRMED and ADOPTED.  It is

FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A)(vi), a default judgment on the complaint shall be entered in favor of the United States of America and against Defendant Salvatore Celauro, Jr.

DATED: November 3, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge