IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 1:16-cv-00441

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

SALVATORE CELAURO, JR.;
MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

      Defendants.

---

## ORDER OF FORECLOSURE AND JUDICIAL SALE

---

This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 & 2002 and 26 U.S.C. §§7402 & 7403. The Court hereby ORDERS as follows:

1.     This Order pertains to a parcel of real property owned by Salvatore Celauro, Jr., which is located at 3282 North County Road 43, Bailey, Colorado 80421 (the "Subject Property") and is more particularly described in Paragraph 16 of the United States' Complaint in this action (Doc. 1).

2.     The United States has valid and subsisting tax liens on all property and rights to property of Salvatore Celauro, including the Subject Property, arising from the assessments described in Paragraphs 8 and 10 of the United States' Complaint, which liens were effective as of the dates of those assessments. The United States further

protected its liens by filing Notices of Federal Tax Liens with the Park County, Colorado Recorder's Office, as set forth in the United States' Complaint. (Doc. 1, Complaint.)

3.      26 U.S.C. §7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Salvatore Celauro, Jr.

4.      The United States' federal tax liens against the Subject Property are hereby foreclosed. The United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§2001 and 2002 to offer for public sale and to sell the Subject Property free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshall or a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sale as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

5.      The United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

- 2 -

6.      The terms and conditions of the sale are as follows:

    a.      Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

    b.      The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

    c.      The sale shall be held at the United States District Court for the District of Colorado, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

    d.      Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Park County, Colorado, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. **State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law, and state or local law regarding redemption rights do not apply to these sales.** The

- 3 -

notice of sale shall describe the Subject Property, separately, and shall contain the material terms and conditions of sale in this Order of Foreclosure and Sale.

e.      The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

f.      Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Colorado. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g.      The balance of the purchase price of the Subject Property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale)

- 4 -

within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Colorado. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining to be applied first to the federal tax liabilities of Salvatore Celauro, Jr. The Subject Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second-highest bidder. The United States may bid as a credit without tender of cash.

h.  The sale of the Subject Property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

i.  Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser or purchasers.

j.  Upon confirmation of the sale, the interests of, liens against, or claims to the Subject Property held or asserted by the United States in the Complaint and any other parties to this action or any

- 5 -

successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. §2001. **Redemption rights under state or local law shall not apply to this sale under federal law.**

k.      Upon confirmation of the sale, the purchaser or purchasers shall have the Recorder of Deeds cause the transfer of the Subject Property to be reflected in the county property records.

7.      Until the Subject Property is sold, Salvatore Celauro, Jr. shall take all reasonable steps necessary to preserve Subject Property (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Subject Property. He shall keep current in paying real property taxes as they are assessed. He shall not commit waste against the Subject Property, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall he cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of Court and punishable as such.

8.      All persons occupying the Subject Property shall leave and vacate permanently such properties no later than 15 days after the entry of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave the Subject Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property or properties is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue.

9.      Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Subject Property is confirmed by this Court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof.

10.     If Salvatore Celauro, Jr. or any other person occupying the Subject Property vacates the Subject Property prior to the deadline set forth in Paragraph 8,

above, such person shall notify counsel for the United States no later than two business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by leaving a message for counsel for the United States, Ryan S. Watson, at (202) 514-5173.

      11.     The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following order of preference until these expenses and liens are satisfied: first, to the IRS for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. §1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the real property at issue pending sale and confirmation by the Court; second, to Park County to satisfy any existing Park County secured real property tax liens; third, to the United States of America to satisfy or partially satisfy the federal tax liabilities of Salvatore Celauro, Jr.; and fourth to Michele Graziano, to satisfy the amount owed to her on the judgment lien recorded with the Park County Recorder on July 20, 2015. Should there then be any remaining proceeds, those proceeds should be distributed to Salvatore Celauro, Jr. If the proceeds from the sale of the Subject Property are insufficient to satisfy the federal tax liabilities of Salvatore Celauro, Jr., the United States shall be entitled to move for a judgment for the amount of unsatisfied liabilities.

Dated this _____ day of _____, 2017

_____
SCOTT T. VARHOLAK
United States Magistrate Judge