**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 16-cv-00441-CMA-STV

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SALVATORE CELAURO, JR.,
MICHELE GRAZIANO, and
PARK COUNTY, COLORADO,

      Defendants.

---

**ORDER DENYING DEFENDANT'S "DEMAND FOR DISMISSAL, WITH PREJUDICE,**
**OF THIS ALLEGED CASE FOR LACK OF OATH OF OFFICE BY THE SO-CALLED**
**JUDGE"**

---

This matter is before the Court on Defendant Salvatore Celauro, Jr.'s Demand for Dismissal, With Prejudice, of this Alleged Case for Lack of Oath of Office by the So-Called Judge.  (Doc. # 55.)

On November 3, 2016, default judgment entered against Mr. Celauro pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A)(vi) for his repeated and flagrant disregard of this Court's orders.  (Doc. # 45.)  Mr. Celauro is an archetypal tax protester, whose bizarre and frivolous filings litter the docket in this case.  As is common in the domain of tax protest, Mr. Celauro refuses to acknowledge the reality that federal courts are vested with jurisdiction to adjudicate disputes between the United States and delinquent tax payers.  A full account of the procedural history of this case, Mr.

Celauro's meritless arguments, and this Court's clear delineation of its jurisdiction can be found in the order of November 3 entering default.

Given that Mr. Celauro's instant "demand" comes on the heels of the entry of default, this Court construes his filing as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60.  In addition to the factors set forth in Rule 60(b), a movant "must have a meritorious defense as well as a good reason to set aside the default [judgment]."  *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993).  Despite having ample opportunity throughout this action to set forth a viable defense to the claims of the United States, Mr. Celauro persists in pursuing absurd and frivolous arguments universally rejected by this and other courts. *See, e.g., United States v. Chisum*, 502 F.3d 1237, 1243 (10th Cir.2007) (rejecting the "hackneyed tax protester refrain"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir.1990) ("Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation. In the face of this uniform authority, it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case ...." (citations omitted)); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir.1990) (rejecting typical tax protester arguments as "completely lacking in legal merit and patently frivolous").  Mr. Celauro has no meritorious defense, and certainly offers no

good reason[1] to set aside the default judgment that entered after his flagrant and repeated disregard of this Court's orders.  Accordingly, his "demand" is denied.

Throughout this action, Mr. Celauro has demonstrated a pattern of disrespect for our system of laws and the authority of the courts.  This Court offers a final warning.  This case has been fully and finally adjudicated.  If Mr. Celauro continues to file frivolous and outrageous documents that serve only to delay, obstruct, or needlessly deplete judicial resources, this Court will consider sanctions pursuant to the Federal Rules, including but not limited to financial penalties and filing restrictions.

In accordance with the foregoing, it is ORDERED that Defendant Salvatore Celauro, Jr.'s Demand for Dismissal, With Prejudice, of this Alleged Case for Lack of Oath of Office by the So-Called Judge (Doc. # 55) is DENIED.

DATED:  March 10, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] Mr. Celauro's demand is rooted in a strange obsession with the oaths of office of the judicial officers involved in this case, which he erroneously believes must be filed with the Colorado Secretary of State.  Frankly, the Court hesitates to refute this frivolity "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1984).  But, for Mr. Celauro's benefit, the Court simply notes that while the Colorado Constitution might require justices and judges of **Colorado courts** to file their oaths of office with the Colorado Secretary of State (C.O. Const. art. XII, § 9), that requirement does not extend to judicial officers of the **federal courts**.  An oath of office for Michael J. Watanabe is on file with the Colorado Secretary of State only because he served as a state district court judge in the Eighteenth Judicial District of Colorado from 1987 until 1999, when he accepted a position as a magistrate judge with the Federal District Court.