IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:16-CV-00441

UNITED STATES OF AMERICA,

                                        Plaintiff

   - against -

SALVATORE CELAURO, JR. [sic];

                     Wrongly Accused
                     Belligerent Litigant

MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

                                        Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**AUG 22 2017**

JEFFREY P. COLWELL
CLERK

---------------------------------------------------------------------------------------------------------

## OBJECTION
## TO
## UNITED STATES' STATUS REPORT

Your status report is a **FRAUD**. Is that all you **criminals** are capable of doing, committing **FRAUD** and **STEALING** from the People?!?!

Christine M. Arguello is **NOT** a judge. She has **NO** Oath of Office as required by the Constitution for the United States of America. I proved that fact in my document "Demand for Dismissal, with Prejudice, of this Alleged Case for Lack of Oath of Office by the so-called judge".

She is impersonating an "officer or employee of the United States", which is a **crime**, as stated in 18 U.S.C. § 912, which states:

> "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both."

Oh, yes, she is not working for the United States of America. She is working for the United States Corporation. Therefore, that Code applies to Christine M. Arguello. And being that she has

committed this **crime**, her "Minute Order" is **NULL** and **VOID!**  In addition, she should be spending time in Club Fed.

As stated in your paragraph 2 that this "Minute Order" was signed on 10 February 2017, which I doubt.  I received an unsigned copy of the order with the document "United States' Motion for Order of Foreclosure and Judicial Sale", which does not have a "February 10, 2017" date on it but a blank date section, and the so-called judge to sign it was SCOTT T. VARHOLAK (see Exhibit A). Do you have proof that it was mailed to me and **that I received this**?  **Of course you don't.**  *That would also prove the FRAUD being committed by you criminals.*  The only time I received this so-called "Minute Order" was when it was handed to my girlfriend on 3 July 2017.  In addition, I never received the "Notice of Electronic Filing" for Document 50-1.  Does the Court have proof that it was mailed to me and **that I received this**?  Of course you don't.

How can I comply with a so-called "Minute Order" when I never received it?  As you can see from the history of this fraudulent case, I have answered every document sent to me.  I cannot say the same of Mr. Watson as he never answered any of my documents.  That is known as **FRAUD** when you have a duty to respond.

> **"Silence can only be equated with fraud** where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." *United States v. Prudden*, 424 F.2d 1021 (5th Cir. 1970); *United States of America v. Tweel*, 550 F.2d 297 (5th Cir. 1997) (emphasis added).

Being that he never responded to my documents, my documents stand as truth because he never negated anything I wrote.  How could he?  I only speak in truth and criminals can't handle the truth.

Since I never received this "Minute Order" until 3 July 2017, I could not comply or even submit my document objecting to it.  **More fraud by you criminals.**

**There will be no sale of my property!!!  I have proven the IRS does not have jurisdiction over me!!!**  Yet, you criminals don't care about truth and justice, just **FRAUD, STEALING** from the People, and **enriching yourselves.**

I have enclosed my Affidavit, dated 31 October 1998 (see Exhibit B), declaring my status as a State Citizen and **revoking** my signatures on all government documents. This Affidavit was sent to all the government Public Servants in the Service List attached to the Affidavit. Please note this was sent to the IRS Commissioner (# 29).

In addition, I have enclosed my Affidavit, dated 23 April 2014 (see Exhibit C), and placed in the Public Record at Jefferson county declaring my status as a State Citizen.

Additionally, I have enclosed a Memorandum of Law, dated 20 August 2017 (see Exhibit D), and placed in the Public Record at Jefferson county proving, again, that the IRS does not have jurisdiction over me or the People in the States. This document proves again that the IRS and the Courts are committing **FRAUD** against the People. It also shows that an IRS agent has exposed himself to an action in trespass, assault and battery, conversion, etc.

I am **NOT** a U.S. citizen, never have been, as you define it. **I am a State Citizen.** Provide proof that I am **NOT** a State Citizen. But, I know you can't because that will continue to expose the **FRAUD** you criminals use to steal from the People.

## CONCLUSION

Based upon all of my previous submitted documents, and the above,

WHEREAS, the so-called "judge", Christine M. Arguello, has **VIOLATED** the mandates of the Constitutions, the court cases cited in previous submitted documents, as having **FAILED** to file the required Oath of Office making the office vacant;

WHEREAS, Christine M. Arguello has committed a **crime** of impersonating an "officer or employee of the United States" as per 18 U.S.C. § 912;

WHEREAS, Christine M. Arguello has committed **FRAUD** by pretending to be a judge, where her actions are a **nullity**, i.e., **void** *ab initio*;

WHEREAS, the UNITED STATES CORORATION, Inc. and/or the INTERNAL REVENUE

SERVICE, which is not an agency of the government but a third party entity, has **FAILED** to **PROVE**, **on the record**, that it has **jurisdiction** over me, the Natural man, and a **State Citizen**, **NOT** a U.S. citizen;

WHEREAS, Mr. Watson, as attorney for the Plaintiff, has **failed** to answer any of my submitted documents in the past **requesting to prove jurisdiction**, and I expect the same with this document, having **never negated any of my statements** as they are all based in truth, facts, and documents used by the governmental system, and that his silence is equated to **FRAUD** as pursuit to *United States v. Prudden*, and *United States of America v. Tweel*;

WHEREAS, it is known by me and many People in this country that those in the governmental system commit **FRAUD** and try to hide that fact;

WHEREAS, this Court has commit **FRAUD** in issuing this so-called "Minute Order" when it has **no jurisdiction** over me, the Natural man, and a **State Citizen**;

WHEREAS, this Court has **violated** the Constitution, has **ignored** court cases that **proof of jurisdiction must be on the record**, and has ignored Maxims of Law;

WHEREAS, I have proven that I have declared myself as a State Citizen and not a U.S. citizen and having revoked my signature on all governmental documents in 1998;

WHEREAS, the IRS, Mr. Watson, and Christine M. Arguello have exposed themselves to an action in trespass, assault and battery, conversion, etc.;

WHEREAS, this case is **FRIVOLOUS** and **MERITLESS** as this Court **does not have jurisdiction** over me, the Natural man, and a **State Citizen**;

WHEREAS, at some point, the Constitution has to count for something;

WHEREAS, the only ruling this Court has is **to DISMISS the "Minute Order"**;

THEREFORE, I hereby **Demand**, again, that this case is **meritless, frivolous,** over this Natural man, and a **State Citizen,** and **must be dismissed.**

Date: 20 August 2017

Proceeding at all times under Threat, Duress and Coercion

_sal-junior_

sal-junior:Celauro
c/o 25587 Conifer Road, suite 105 #317
Conifer, Colorado [80433]

cc: UNITED STATES OF AMERICA via Ryan S. Watson
    MICHELE GRAZIANO
    PARK COUNTY, Colorado via Herbert C. Phillips

**Exhibit A**

Dated this _____ day of _____, 2017


_____
SCOTT T. VARHOLAK
United States Magistrate Judge

- 9 -

**Exhibit B**

# AFFIDAVIT

To Service List, with Two Witnesses of Mailing and This:

I, Sal Celauro, Jr., do Lawfully Affirm as follows this date:

1. I am a **"natural born free Citizen"** adult Constitutionally, a.k.a. American National non-immigrant, of New York State/Republic by birth, thus of America, and a temporary inhabitant living in New York State/Republic; thankfully endowed by our Creator with Unalienable Rights partially enumerated in America's founding organic documents, which I have never with knowingly intelligent acts waived; and I freely choose to **obey all American Law** and pay **all Lawful taxes** in jurisdictions applicable to me for the common good. I stand in **Proper Person, Special Appearance**, with Assistance. The foregoing, including my **STATUS** and Unalienable Rights, are not negotiable, and are stated for all to see in Articles 2:1:5, 1:2:3, 4:2:1 and 3:2:1 of the Constitution **FOR** the united States of **AMERICA**.

2. Recent diligent studies have convinced me of the above, and that as such I am **not** "subject to" the territorially-limited "exclusive Legislation" and its **foreign jurisdiction** mandated for Washington, D.C. etc. in our American Constitution's Articles 1:8:17-18 and 4:3:2, including its "internal" government organizations therein or by **contract adhesioned** thereto across America. And **neither** are millions of other such Citizens, unless they have provided **"WAIVERS** of Constitutional Rights" with "knowingly intelligent acts" (contracts with such government[s]) "with sufficient **awareness** of the relevant circumstances and likely consequences"; as ruled by the 1970 U.S. supreme Court (Brady v. US, 397 US 742 at 748). I've given **no** such "waivers".

3. These studies also prove that a shrewd and criminal **Constructive** Fraud has been slipped over the **"united States of America"** by a corporate federal **"United States"** and accomplices under counterfeit "color of law", through apparent entrapments of "certain ACTIVITIES (monopoly occupations) and PRIVILEGES" (other benefits) allowed by Statutory Acts or otherwise. By never-repealed American Law, such sources of past and present Criminal Element in [and behind] Government, hereinafter referred to as the "CEG", should be brought to Justice in a **Constitutional Court** for aiding and abetting this **Fraud** as willing Accomplices. It is for such Court with a 12-member **Jury** of Peers to decide who is and isn't Guilty among personnel of government, media, schools, lawyers, accountants, clergy and other pushers of **misinformation mind-set propaganda** in this and related regards.

4. Due to such shrewd entrapments, over the years I unwittingly signed many of the related documents or **contracts**, some even under the foreign **"perjury"** jurat as was supposedly required. With American Law on this Citizen's side, I hereby **REVOKE all** such signatures and render them null and void **except** for those that I choose to have measured as being under **"TDC"** (threat, duress and/or coercion), past and now. This is also my **Lawful Notice** that **all** such signatures of mine in the future, with such governmental or otherwise-adhesioned sources, are to be considered as under "TDC", whether appearing therewith or otherwise and including **banks** etc. So be it, respectfully demanding that my **Constitutional "Privileges and Immunities"** (Article 4:2) **are apart** from 1:8:17-18's D.C.-Club and shall **not** by Law be violated ever.

5. With this accurate knowledge, I Lawfully **"squarely challenge"** the **fraudulent** usurping-octopuslike **JURISDICTION/AUTHORITY** cited in item #2 **that does NOT apply** to me (ref.: 1974's Hagans v. Lavine, 415 US 528 at note 5), **with** "the supreme **Law** of the Land" (our Constitution's 6:2) again on this Citizen's side. It is therefore **now** mandatory for any personnel of Article 1:8:17-18 and 4:3:2's so-called "IRS", "BATF", "FDA" and "FEMA" for usurping federal examples, to **first** prove "jurisdiction" if any over me **before any** further procedures can take place in my regard [Title 5, U.S. Code, 556(d)]; **or else** any personnel and accomplices willfully violating this can and shall be personally charged **as citizens** under Title 18 U.S. Criminal Codes 241, 242, 1001 and/or otherwise. For fairness, IRS agents generally lack Lawful "Delegation of Authority", and their so-called "Form 1040" seems to be bogus concerning me.

6. With all of the above in mind, it appears that this private Citizen is by Law as **"Foreign"** and a "Non-Resident Alien" to the Article 1:8:17-18 and 4:3:2's D.C.-Club as to France; and thus shall feel free to use its interestingly-related **Forms** as needed [W-8 "Certificate of **FOREIGN STATUS**" for Payers, and 1040NR for "U.S. Nonresident Alien Income Tax Return" **Refunds** etc.].

FURTHER THE AFFIANT SAITH NOT, on this Date of October 31, 1998.

*[signature]* /TDC

19 Hanover Place, #117

Hicksville, New York [11801]/TDC

TWO WITNESSES OF MY SIGNATURE:

*[signature] Gabe Raggane*

*[signature] Paul Astrop*

SERVICE LIST for October 31, 1998      AFFIDAVIT by Sal Celauro, Jr., with respect and TWO WITNESSES of mailing this date (all Zips with TDC):

1. New York Governor George E. Pataki, State Capitol, Albany, New York [12224]

2. New York Secretary of State Alexander F. Treadwell, 41 State St., Albany, New York [12231]

3. New York Controller H. Carl McCall, Gov. Alfred E. Smith Bldg., Albany, New York [12236]

4. New York Senator 5th Dist. Carl Marcellino, 250 Townsend Square, Oyster Bay, New York [11771]

5. New York Assemblywoman 15th Dist. Donna Ferrara, 150 Post Ave., Westbury, New York [11590]

6. New York Attorney General Dennise C. Vacco, Trustee of the Public Trust for State of New York, State Capitol, Albany, New York [12224]

7. New York Taxation & Finance Dept. Commissioner Michael H. Urbach, W. A. Harriman Campus, Albany, New York [12227]

8. New York Economic Development Dept. Chairman Charles A. Gargano, One Commerce Plaza, 99 Washington Ave., Albany, New York [12245]

9. New York Health Dept. Commissioner Barbara A. DeBuono, MD, MPH, Mayor Erastus Corning II Tower, Empire State Plaza, Albany, New York [12228]

10. New York Motor Vehicle Dept. Commissioner Richard E. Jackson, Jr., Empire State Plaza, Albany, New York [12228]

11. New York Real Property Services Executive Director, 16 Sheridan Ave., Albany, New York [12210]

12. Nassau County Sheriff, 240 Old Country Road, Mineola, New York [11501]

13. Nassau County Executive Supervisor Thomas S. Gulotta, 1 West St., Mineola, New York [11501]

14. Nassau County Comptroller Frederick E. Parola, 240 Old Country Road, Mineola, New York [11501]

15. Nassau County District Attorney Dennis E. Dillon, 262 Old Country Road, Mineola, New York [11501]

16. Town of Oyster Bay Supervisor John Venditto, 74 Audrey Ave., Oyster Bay, New York [11771]

17. Town of Oyster Bay Receiver of Taxes John J. O'Leary, 74 Audrey Ave., Oyster Bay, New York [11771]

18. U.S. President William J. Clinton, White House, 1600 Pennsylvania Ave., Washington D.C. [20500]

19. U.S. Vice President, Albert Gore, Jr., White House, 1600 Pennsylvania Ave., Washington D.C. [20500]

20. U.S. Senator Alfonse D'Amato, 7 Penn Plaza #600, New York City, New York [10001]

21. U.S. Senator Daniel P. Moynihan, 405 Lexington Ave. #4101, New York City, New York [10174]

22. U.S. Congressman 3rd Dist. Peter T. King, 1003 Park Blvd., Massapequa Park, New York [11762]

23. U.S. Attorney General, U.S. Trustee of the Public Trust, 10th St. and Constitutional Ave., Washington D.C. [20530]

24. U.S. Secretary of Treasury, 1500 Pennsylvania Ave., N.W., Washington D.C. [20220]

25. U.S. supreme Court Chief Justice, 1 First St., N.E., Washington D.C. [20543]

26. U.S. FBI Director, J. Edgar Hoover Bldg., 9th & Pennsylvania Ave., N.W., Washington D.C. [20535]

27. U.S. Secretary of Commerce, 14th St. at Constitution Ave. & E St., N.W., Washington D.C. [20203]

28. U.S. Social Security Director, P.O. Box 17740, Baltimore, Maryland [21293]

29. U.S. IRS Commissioner, 1111 Constitution Ave., N.W. Washington D.C. [20224]

30. U.S. Tax Court Chief Chancellor, 400 2nd St., N.W., Washington D.C. [20217]

31. U.S. IRS District Director, Holtsville, New York [00501]

WITNESS TO AFFIANT'S MAILING of this Affidavit to this Service List on October 31, 1998:

Gabe Razzano          Paul Astrop

**Exhibit C**

R $16.00
D $0.00
2014030591
04/23/2014  12:12:01 PM    2 Page(s)
JEFFERSON COUNTY, Colorado

# AFFIDAVIT

I, sal-junior:Celauro, being of sound mind and lawful age, do solemnly declare:

1. I am a freeman, born on the land of New York, of parents who were white, who were Citizen-Principals and whose parents time out of mind were and always had been white. As a hereditament I acquired directly the status of Citizen-Principal of said state sharing equally in its sovereignty. *Slaughterhouse Cases*, 83 U.S. 36 (1873).

2. As a white man, born on the land of New York, I am not restricted by the 14th Amendment, and because I receive no protection from it, I have no reciprocal obligation to a 14th Amendment allegiance or sovereignty and owe no obedience to anyone under the 14th Amendment. *United States v. Wong Kim Ark*, 169 U.S. 649 (1898).

3. I am a free Citizen of the aforesaid state of my birth and derivative and mediate thereof I am also a Citizen of the united states of America as contemplated in the Constitutional Contract of 1787.

4. I am not a citizen of the United States as contemplated by the 14th Amendment, and I do not reside in any state with the intention of receiving from the Federal government or any other party a protection against the legislative power of that state pursuant to the authority of the 14th Amendment.

5. I am, therefore, "nonresident" to the residency and "alien" to the citizenship of the 14th Amendment.

6. As the tax imposed in 26 U.S.C.1, pursuant to 26 C.F.R. 1.1-1, is on citizens and residents as contemplated by the 14th Amendment, it is not an applicable Internal Revenue Law to me, as I am neither such a citizen nor resident.  Notwithstanding the fact that I may have in past years filed U.S. Individual Income Tax Returns, such filings were done under mistake by me not knowing that such filings were and are mandated only on citizens and residents of the United States as contemplated by the 14th Amendment.

7. Furthermore, I am not a resident of any state under the 14th Amendment and hereby publicly disavow any contract, form, agreement, application, certificate, license, permit or other document that I or any other person may have signed expressly or by acquiescence that would grant me any privileges and thereby ascribe to me rights and duties under a substantive system of law other than that of the Constitutional Contract of 1787 for the united states of America and of the constitutions for the several states of the Union, exclusive of the 14th Amendment.

8. I reiterate that I have made the above determinations and this declaration under no duress, coercion, promise of reward or gain, or undue influence and of my own free will, with no mental reservation and with no intent to evade any legal duty under the laws of the United States or any of the several states.

9. I sincerely invite any person who has reason to know or believe that I am in error in my determinations and conclusions above to so inform me and to state the reason(s) they believe I am in error in writing at the location of my abode shown below.

*2*

*sal-junior:Celauro*

sal-junior:Celauro

sui juris, with express reservation of all my Rights in Law, equity and all other natures of Law.
[Rights Reserved: UCC 1-308, Colorado Statute 4-1-308]
c/o 25587 Conifer Road, suite 105 #317, Conifer, Colorado [80433],
Jefferson county, State of Colorado

Signed before me this ___*11*___th day of April 2014

Personally known to me or showed sufficient identification.

_____
(Name of Notary)
My commission expires *08/04/2015*
# *2007401707*
Bonded thru *Bond 4 the Usst*
Notary Public – State of Colorado

```
VANESSA R ACREE
Notary Public
State of Colorado
```

**Exhibit D**

# Public Notice

# Memorandum of Law

### by sal-junior

This memorandum will be construed to comply with provisions necessary to establish presumed fact (Rule 301, Federal Rules of Civil Procedure, and attending State rules) should interested parties fail to rebut any given allegation or matter of law addressed herein. The position will be construed as adequate to meet requirements of judicial notice, thus preserving fundamental law. Matters addressed herein, if not rebutted, will be construed to have general application. A true and correct copy of this Public Notice is on file with and available for inspection at Jefferson county Clerk responsible for recording the instrument as legal notice. The memorandum addresses the character of the Internal Revenue Service and other agencies of the Department of the Treasury, and legal application of the Internal Revenue Code.

## 1. IRS Identity & Principal of Interest

In 1953, the Internal Revenue Service was created by the stroke of a pen when the Secretary of the Treasury changed the name of the Bureau of Internal Revenue (T.O. No. 150-29, G.M. Humphrey, Secretary of the Treasury, July 9, 1953). However, no congressional or presidential authorization for making this change has been located, so the source of authority had to originate elsewhere. Research to which IRS officials have acquiesced suggests that the Secretary exercised his authority as trustee of Puerto Rico Trust #62 (Internal Revenue) (see 31 USC § 1321), and as will be demonstrated, the Secretary does, in fact, operate as Secretary of the Treasury, Puerto Rico.

The solid link between the Internal Revenue Service and the Department of the Treasury, Puerto Rico, was first published in the September 1995 issue of Veritas Magazine, based on research by William Cooper and Wayne Bentson, both of Arizona. In October 1995, a criminal complaint was filed in the office of W. A. Drew Edmondson, attorney general for Oklahoma, against an Enid-based revenue officer, and in the time since, IRS principals have failed to refute the allegation that IRS is an agency of the Department of Treasury, Puerto Rico. In November 1995, criminal complaints were filed simultaneously with the grand jury for the United States district court for the District of Northern Oklahoma, Tulsa, and the office of Attorney General Edmondson, and both the office of the United States Attorney and IRS principals have yet to rebut the allegations in that instance (*United States of America vs. Kenney F. Moore*, et al, 95 CR-129C).

By consulting the index for Chapter 3, Title 31 of the United States Code, one finds that IRS and the Bureau of Alcohol, Tobacco and Firearms are not listed as agencies of the United States Department of the Treasury. The fact that Congress never created a "Bureau of Internal Revenue" is confirmed by publication in the Federal Register at 36 F.R. 849-890 [C.B. 1971 - 1,698], 36 F.R. 11946 [C.B. 1971 - 2,577], and 37 F.R. 489-490; and in Internal Revenue Manual 1100 at 1111.2.

Implications are condemning both to IRS and third parties who knowingly participate in IRS-initiated scams: No legitimate authority resides in or emanates from an office which was not legitimately created and/or ordained either by state or national constitutions or by legislative enactment. See variously, *United States v. Germaine*, 99 U.S. 508, 510 (1878); *Norton v. Shelby County*, 118 U.S. 425, 442, 6 S.Ct. 1121 (1886); *Pope v. Commissioner*, 138 F.2d 1006, 1009 (6th Cir. 1943); where the state

is concerned, *State v. Pinckney*, 276 N.W.2d 433, 436 (Iowa 1979).

Another direct evidence of the **FRAUD** is found at 27 CFR § 1, which prescribes basic requirements for securing permits under the Federal Alcohol Administration Act. The problem here is that Congress promulgated the Act in 1935, and the same year, the United States Supreme Court declared the Act unconstitutional. Administration of the Act was subsequently moved offshore to Puerto Rico, along with the Federal Alcohol Administration, and operation eventually merged with the Bureau of Internal Revenue, Puerto Rico, which until 1938, along with the Bureau of Internal Revenue, Philippines, created by the Philippines provisional government via Philippines Trust #2 (internal revenue) (see 31 USC § 1321 for listing of Philippines Trust #2 (internal revenue)), administered the China Trade Act (licensing and revenue collection relating to opium, cocaine, and citric wines). This line will be resumed after examining additional evidences concerning IRS and Commissioner of Internal Revenue authority.

Further verification that IRS does not have lawful authority in the several States is found in the Parallel Table of Authorities and Rules, beginning on page 751 of the 1995 Index volume to the Code of Federal Regulations. It will be found that there are no regulations supportive of 26 USC §§ 7621, 7801, 7802, and 7803 (these statute listings are absent from the table). In other words, no regulations have been published in the Federal Register, extending authority to the several States and the population at large, (1) to establish revenue districts within the several States, (2) extending authority of the Department of the Treasury [Puerto Rico] to the several States, (3) giving authority to the Commissioner of Internal Revenue and assistants within the several States, or (4) extending authority of any other Department of Treasury personnel to the several States.

Authority of the Internal Revenue Service, via the Commissioner of Internal Revenue, is convoluted in regulations, but makes an amount of sense by citing various regulations pertaining to the Service and application of the Commissioner's authority. General procedural rules at 26 CFR § 601.101(a) provide a beginning-point:

> (a) *General.* The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed. ...

The fact that there are no regulations extending Commissioner of Internal Revenue, or Department of the Treasury authority to the several States (26 USC § 7802(a)), has greater clarity in the light of the general merging of functions between IRS and other agencies presently attached to the Department of the Treasury. The Commissioner is given responsibility for issuing rules and regulations for the Code at 26 CFR § 301.7805-1(a), with approval of the Secretary, but there are no cites of authority for this CFR subpart, whether Treasury Order, publication in the Federal Register, or even statute cite. In other words, there is no actual or effective delegation which vests the Commissioner with significant independent authority which might be conveyed to IRS, BATF, Customs, or any other Department of the Treasury agency with respect to powers extending to or affecting the several States and the population at large.

The link between IRS and the Bureau of Alcohol, Tobacco and Firearms is significant as the tie with the Bureau of Internal Revenue, Department of the Treasury, Puerto Rico, is through this door. Reorganization Plan No. 3 of 1940, Section 2, made the following change:

§ 2. Federal Alcohol Administration

The Federal Alcohol Administration, the offices of the members thereof, and the office of the Administrator are abolished, and their function shall be administered under the direction and supervision of the Secretary of the Treasury through the Bureau of Internal Revenue in the Department of the Treasury.

Again, the Federal Alcohol Administration Act of 1935 was declared unconstitutional in 1935, and the operation thereafter transferred off shore to Puerto Rico. The name of the Bureau of Internal Revenue was changed to the Internal Revenue Service in 1953 (1953-2 C.B. 657 (August 21, 1953), filed with Division of the Federal Register on August 26, 1967, 18 Fed. Reg. 5120. Treasury Order 150-06 (July 9, 1953)), then the Bureau of Alcohol, Tobacco and Firearms, a division of the Internal Revenue Service, was seemingly separated from IRS (T.O. 120-01, June 6, 1972). In relevant part, the order reads as follows:

1. The purpose of this order is to transfer, as specified herein, the functions, powers and duties of the Internal Revenue Service arising under law relating to Alcohol, Tobacco, Firearms and Explosives including the Alcohol, Tobacco, and Firearms division of the Internal Revenue Service, to the Bureau of Alcohol, Tobacco and Firearms herein after referred to as the Bureau which is hereby established. The Bureau shall be headed by the Director of the Alcohol, Tobacco and Firearms herein referred to as the Director. …

2. The Director shall perform the functions, exercise the powers and carry out the duties of the Secretary and the administration and the enforcement of the following provisions of law:

A. Chapters 51 and 52 and 53 of the Internal Revenue Code of 1954 and Section 7652 and 7653 of such code insofar as they relate to the commodity subject to tax under such chapters.

B. Chapter 61 to 80 inclusive to the Internal Revenue Code of 1954 insofar as they relate to activities administered and enforced with respect to chapters 51, 52, 53.

Transfer of functions and duties of IRS to BATF relative to Internal Revenue Code Subtitle F (chapters 61 to 80) is important where the instant matter is concerned as the only regulations published in the Federal Register applicable to the several States are under 27 CFR, Part 70 and other parts of this title relating exclusively to alcohol, tobacco, and firearms matters. However, the charade doesn't end there. In Reorganization Plan No. 1 of 1965 (5 USC § 903), the original Bureau of Customs, created by Act of Congress in 1895, was abolished and merged under the Secretary of the Treasury.

In a Treasury Order published in the Federal Register of December 15, 1976, the Secretary of the Treasury used something of a slight of hand to confuse matters more by determining, "The term Director, Alcohol, Tobacco, and Firearms has been replaced with the term Internal Revenue Service."

Obviously, it is impossible to replace a person with a thing when it comes to administrative responsibility. However, the order demonstrates that IRS and BATF are one and the same, merely operating with interchangeable hats. Therefore, definitions and designations applicable to one are applicable to the other.

In definitions at 27 CFR § 250.11, the following provisions are found:

*Revenue Agent. Any duly authorized Commonwealth Internal Revenue Agent of the Department of the Treasury of Puerto Rico.*

*Secretary.* The Secretary of the Treasury of Puerto Rico.

*Secretary or his delegate.* The Secretary or any officer or employee of the Department of the Treasury of Puerto Rico duly authorized by the Secretary to perform the function mentioned or described in this part.

In the absence of any other definition describing revenue officers and agents, the Secretary, or the Department of the Treasury, definitions above are uniformly applicable to all IRS and BATF departments, functions and personnel. In fact, it will be found that even petroleum tax prescribed in Subtitle D of the Internal Revenue Code applies only to United States territorial jurisdiction exclusive of the several States and to imported petroleum. BATF has authority only with respect to firearms, munitions, etc., produced outside the several States and the first sale of imports.

The two delegations of authority to the Commissioner of Internal Revenue thus far located tend to reinforce conclusions set out above. Treasury Department Order No. 150-42, dated July 27, 1956, appearing in at 21 Fed. Reg. 5852, specifies the following:

*The Commissioner shall, to the extent of the authority vested in him, provide for the administration of United States internal revenue laws in the Panama Canal Zone, Puerto Rico and the Virgin Islands.*

On February 27, 1986 (51 Fed. Reg. 9571), Treasury Department Order No. 150-01 specified the following:

*The Commissioner shall, to the extent of authority otherwise vested in him, provide for the administration of the United States internal revenue laws in the U.S. Territories and insular possessions and other authorized areas of the world.*

To date only three statutes in the Internal Revenue Code of 1986, as currently amended, have been located that specifically reference the several States, exclusive of the federal States (District of Columbia, Puerto Rico, Guam, the Virgin Islands, etc.): 26 USC §§ 5272(b), 5362(c) & 7462. The first two provide certain exemptions to bond and import tax requirements relating to imported distilled spirits for governments of the several States and their respective political subdivisions, and the last provides that reports published by the United States Tax Court will constitute evidence of the reports in courts of the United States and the several States. None of the three statutes extend assessment or collections authority for IRS or BATF within the several States.

IRS is contracted to provide collection services for the Agency for International Development, and case law demonstrates that the true principals of interest are the International Monetary Fund and the World Bank (*Bank of the United States v. Planters Bank of Georgia*, 22 U.S. (9 Wheat.) 904, 6 L.Ed 244 (1824); *Federal Housing Adm. v. Burr*, 309 U.S. 242 (1940); see 22 USCA § 286, et seq.). In other words, IRS seemingly provides collection services for undisclosed foreign principals rather than collecting internal revenue for the benefit of constitutional United States government operation. To date, IRS principals have failed to dispute the published Cooper/Bentson allegation that the agency, via these foreign principals, funded the enormous tank and military truck factory on the Kama River, Russia.

**The Internal Revenue Service, a foreign entity with respect to the several States, is not registered to do business in the several States.**

## 2. Preservation of Due Process Rights

The Internal Revenue Service has for years been protected by statutory courts both of the United States and the several States, with the latter operating in the framework of adopted uniform laws which ascribe a federal character to the several States. Both operate under the presumption of Congress' Article IV jurisdiction within the geographical United States (the District of Columbia, Puerto Rico, etc.), both accommodate private international law under exclusively United States treaties on private international law, and both operate in the framework of admiralty rules to impose Civil Law (see both majority & dissenting opinions variously, *Bennis v. Michigan*, 516 U.S. 442 (1996)), which is repugnant to both state and national constitutions (see authority of Department of Justice as representative of the "Central Authority" established by U.S. treaties on private international law at 28 CFR § 0.49; also, "conflict of law" as a subcategory to "statutes" in American Jurisprudence). However, this house of cards will shortly fall as Cooperative Federalism, known as Corporatism well into the 1930s, has been thoroughly documented and is rapidly being exposed via state and United States appellate courts and in public forum.

In reality, the Internal Revenue Code preserves due process Rights, but the statute has been dormant until recently:

*[Sec. 7804(b)]*
**(b) PRESERVATION OF EXISTING RIGHTS AND REMEDIES.**– Nothing in Reorganization Plan Numbered 26 of 1950 or Reorganization Plan Numbered 1 of 1952 shall be considered to impair any right or remedy, including trial by jury, to recover any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws. For the purpose of any action to recover any such tax, penalty, or sum, all statutes, rules, and regulations referring to the collector of internal revenue, the principal officer for the internal revenue district, or the Secretary, shall be deemed to refer to the officer whose act or acts referred to in the preceding sentence gave rise to such action. The venue of any such action shall be the same as under existing law. The reorganization plans of 1950 & 1952 were implemented via the Internal Revenue Code of 1954, Volume 68A of the Statutes at Large, and codified as title 26 of the United States Code. Savings statutes have been in place since the beginning, but generally not understood by the general population or the legal profession. The statute set out above is easier to comprehend when references are consolidated. Further, the dependent clause "including trial by jury" relates to a constitutionally-assured right, not a remedy, so it should be moved to the proper location in the sentence. Finally, the matter of venue is important as "existing law" is constitutional and Common Law indigenous to the several States. In the absence of legitimate federal law which extends to the several States, those who operate under color of law, engage in oppression, extortion, etc., are subject to the foundation law of the States. Venue is determined by the law of legislative jurisdiction. Citing "including trial by jury" preserves the full slate of due process Rights included in Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the Constitution for the united States of America and corresponding provisions in constitutions of the several States. The example represents the class. Additionally, note that, (1) actions may issue against bogus assessments as well as collections, and (2) § 7804(b), unlike § 7433, does not presume that the complaining party is a "taxpayer". Finally, there is 26 CFR, Part 1 regulatory support for § 7804 where there are no regulations published in the Federal Register in support of § 7433 (see Parallel Table of Authorities and Rules, beginning on page 751 of the Index volume to the Code of Federal Regulations). Therefore, § 7804(b) preserves Rights and determines the nature of civil actions for remedies in the several States. When straightened out, applicable

portions of § 7804(b) read as follows: *Nothing in [the Internal Revenue Code] shall be considered to impair any right, [including trial by jury], or remedy, [\*\*\*], to recover any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... The venue of any such action shall be the same as under existing law.*

**The necessity of due process is implicitly preserved by 28 USC § 2463**, which stipulates that any seizure under United States revenue laws will be deemed in the custody of the law and subject solely to disposition of courts of the United States **with proper jurisdiction. In other words, even if IRS had legitimate authority in the several States, the agency would of necessity have to file a civil or criminal complaint prior to garnishment, seizure or any other action adversely affecting the life, liberty or property of any given person, whether a Fourteenth Amendment citizen-subject of the United States or a Citizen principal of one of the several States. Due process assurances in the Fifth and Fourteenth Amendments do not equivocate administrative seizures without due process can be equated only to tyranny and barbarian rule.** Further, even regulations governing IRS conduct acknowledge and therefore preserve Fifth Amendment assurances at 26 CFR § 601.106(f)(1).

> *(1) Rule I. An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is a taking of property without due process of law, in violation of the Fifth Amendment to the U.S. Constitution. Accordingly, an Appeals representative in his or her conclusions of fact or application of the law, shall hew to the law and the recognized standards of legal construction. It shall be his or her duty to determine the correct amount of the tax, with strict impartiality as between the taxpayer and the Government, and without favoritism or discrimination as between taxpayers.*

Even officers, agents and employees of United States agencies are assured due process where garnishment is concerned (5 USC § 5520a), **so the notion that IRS has authority to execute garnishment and other seizures via the private sector without due process is clearly ABSURD.** In the English-American lineage, **due process has always been deemed to mean trial by jury** under rules of the Common Law indigenous to the several States; the de jure people of America are not subject to admiralty or administrative tribunals.

Where officers, agents and employees of the Internal Revenue Service are concerned, there can be no plea of ignorance concerning the necessity of due process as the Handbook for Revenue Agents, at paragraph 332: (1), provides the following:

> *During the course of administratively collecting a tax, an occasion may arise where service of a levy or a notice of levy is not adequate to seize the property of a taxpayer. It cannot be emphasized too strongly that constitutional guarantees and individual rights must not be violated. Property should not be forcibly removed from the person of the taxpayer. Such conduct may expose a revenue officer to an action in trespass, assault and battery, conversion, etc.*

The provision acknowledges the Supreme Court decision in *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682 (1949).

In sum, the mandate for due process, meaning initiatives through judicial courts with proper jurisdiction, is clearly antecedent to imposition of administratively-issued liens, except where licensing agreements obligate assets, or seizures, whether by garnishment, attachment of bank accounts, administrative seizure and sale of real or private property, or any other initiative that compromises life,

liberty or property.

**3. Current Internal Revenue Code & Internal Revenue Code of 1939 Are Same**

Consult 26 USC §§ 7851 & 7852 to verify that the Internal Revenue Code of 1954, as amended in 1986 and since, simply reorganized the Internal Revenue Code of 1939. Read § 7852(b) & (c), then read the balance of §§ 7851 & 7852 for best comprehension.

The importance of making this connection rests on the fact that the Internal Revenue Code of 1939 was merely codification of the Public Salary Tax Act of 1939. There was no general income tax levied against the population at large in 1939 or since. The Public Salary Tax Act of 1939, which in the Internal Revenue Code of 1939 incorporated the Social Security tax activated after 1936, was premised on the notion that *working for federal government is a privilege*. Income and related taxes prescribed in Subtitles A & C of the current Internal Revenue Code **have never been mandatory for anyone other than officers, agents and employees of the United States,** as identified at 26 USC § 3401(c), and agencies of the United States, identified at § 3401(d), particularized at 5 USC §§ 102 & 105.

The privilege tax is an excise rather than direct tax, the Sixteenth Amendment, fraudulently promulgated in 1913, did not alter or repeal constitutional provisions which require all direct taxes to be apportioned among the several States (Constitution, Article I §§ 2.3 & 9.4). In *Eisner v. Macomber*, 252 U.S. 189 (1918), *Coppage v. Kansas*, 236 U.S. 1, and numerous decisions since, the United States Supreme Court **has repeatedly affirmed** that for purposes of income tax, **wages and other returns from enterprise of common Right are property, not income.** In fact, returns from enterprise of common Right are fundamental to all property, and the sanctity is preserved as a fundamental Common Law principle dating to signing of the Magna Charta in 1215.

The nature of Subtitles A & C taxes is revealed at 26 CFR § 31.3101-1: "The employee tax is measured by the amount of wages received after 1954 with respect to employment after 1936…"

In other words, the wage is not the object, but merely the measure of the tax. This verbiage constitutes so much legalese in an effort to circumvent the duck test, but the fact that taxes collected by the Internal Revenue Service fall into the excise category was confirmed by the Comptroller General's report following the initial effort to audit IRS (GAO/T-AIMD-93-3). It is further suggested at 26 CFR § 106.401(a)(2), where the regulation concedes that, "The descriptive terms used in this section to designate the various classes of taxes are intended only to indicate their general character…"

By referencing the Parallel Table of Authorities and Rules, cited above, it is found that the definition of "gross income" is still preserved in Section 22 of the Internal Revenue Code of 1939, thus cementing the link between the Code of 1939 and Subtitles A & C of the Code of 1954, as amended in 1986 and since. The Internal Revenue Code of 1939 merely codified the Public Salary Tax Act of 1939. This link is further confirmed in Senate Committee on Finance and House Committee on Ways and Means reports No. H.R. 8300 (1954, Internal Revenue Code), in which § 22 of the Internal Revenue Code of 1939 and § 61 of the Internal Revenue Code of 1954 (current code) were solidly linked. Both reports stipulate that the current definition of "gross income" is intended to be constitutional.

This intent is articulated at 26 CFR § 1.61-1(a): "Gross income means all income from whatever source derived, unless excluded by law."

An "Act of Congress" is policy, not law, and per definition located in Rule 54, Federal Rules of Criminal Procedure, has only local application in the District of Columbia and other United States territories and insular possessions unless general application is manifestly expressed: Rule 54(c) — "'Act of congress' includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession."

Where the Internal Revenue Code of 1954 is concerned (Vol. 68A, Statutes at Large, p. 3), the legislation is in fact styled, "An Act" "To revise the internal revenue laws of the United States."

As demonstrated above, **wages and other returns from enterprise of common Right are exempt from direct tax by fundamental law**, and the regulation for the current Internal Revenue Code definition for "gross income" clearly articulates the fundamental law exemption.

The exemption as it pertains to the several States is demonstrated by referencing the Parallel Table of Authorities and Rules (Index volume to the CFR, p. 751 of the 1995 edition): There are 26 CFR, Part 1 regulations listed for 26 USC §§ 61 & 62, the latter being the definition for adjusted gross income, but there is no 26 CFR, Part 1 or 31 regulation for 26 USC § 63, the definition for taxable income.

While definitions for gross and adjusted gross income are clearly antecedent to the definition of taxable income, they have no legal effect if there is no taxing authority for adjusted gross income which is not taxable within the several States is of no consequence where the federal tax system is concerned.

Further, on examination of 26 CFR § 1.62-1, pertaining to "adjusted gross income", it is found that subsections (a) & (b) are reserved so the published regulation is incomplete, with "temporary" regulation § 1.62-1T serving as the current authority defining "adjusted gross income." Temporary regulations have no legal effect.

Definitions at § 3401, Vol. 68A of the Statutes at Large (the Internal Revenue Code of 1954), make it clear that (§ 3401(a)(A)) "a resident of a contiguous country who enters and leaves the United States at frequent intervals...," is a nonresident alien of the United States (citizens and residents of the several States included), and the exclusion from "wages" extends even to citizens of the United States who provide services for employers "other than the United States or an agency thereof" (§3401(a)(8)(A)).

## 4. The Employer or Agent is Liable

Volume 68A of the Statutes at Large, the Internal Revenue Code of 1954, makes it perfectly clear who is "liable" for payment of Subtitles A & C taxes:

*SEC. 3504. ACTS TO BE PERFORMED BY AGENTS.*
In case a fiduciary, agent, or other person has the control, receipt, custody, or disposal of, or pays the wages of an employee or group of employees, employed by one or more employers, the Secretary of his delegate, under regulations prescribed by him, is authorized to designate such fiduciary, agent, or other person to perform such acts as are required by employers under this subtitle and as the Secretary or his delegate may specify. Except as may be otherwise prescribed by the Secretary or his delegate, all provisions of law (including penalties) applicable in respect to an employer shall be applicable to a fiduciary, agent, or other person so designated, but, except as so provided, the employer for whom such fiduciary, agent, or other person acts shall remain subject to the provisions of law (including penalties) applicable in respect to employers.

The liability is further clarified at Vol. 68A, Sec. 3402(d):

> *(d) TAX PAID BY RECIPIENT. — If the employer, in violation of the provisions of this chapter, fails to deduct and withhold the tax under this chapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer; but this subsection shall in no case relieve the employer from liability for any penalties or additions to the tax otherwise applicable in respect to such failure to deduct and withhold.*

These provisions from Vol. 68A of the Statutes at Large comply with and verify liability set out at 26 CFR, Part 601, Subpart D in general. Further, territorial limits of application are made clear by the absence of regulations supporting 26 USC §§ 7621, 7802, etc., which are the statutes authorizing establishment of internal revenue districts and delegations of authority to the Commissioner of Internal Revenue and assistants. The fact that the liability falls to the "employer" (26 USC § 3401(d)) and/or his agent, with no compensation for serving as "tax collector," narrows the field to federal government entities as "employers" if for no other reason than the population at large is not subject to the edict of government officials. **As a matter of course, government cannot compel performance where the general population is concerned.** The subject class that has "liability" for Subtitles A & C taxes is the "employer" or his agent, fiduciary, etc., as specified above.

The matter is further clarified in Sections 3403 & 3404 of Vol. 68A, Statutes at Large:

*SEC. 3403. LIABILITY FOR TAX.*
The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

SEC. 3404. RETURN AND PAYMENT BY GOVERNMENTAL EMPLOYER.
If the employer is the United States, or a State, Territory, or political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing, the return of the amount deducted and withheld upon any wages may be made by any officer or employee of the United States, or of such State, Territory, or political subdivision, or of the District of Columbia, or of such agency or instrumentality, as the case may be, having control of the payment of such wages, or appropriately designated for that purpose.

The territorial application, and limitation, is made clear by definitions in Title 26 of the Code of Federal Regulations, as follows:

*§ 31.3121(3)-1 State, United States, and citizen.*
(a) When used in the regulations in this subpart, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the Territories of Alaska and Hawaii before their admission as States, and (when used with respect to services performed after 1960) Guam and American Samoa.

(b) When used in the regulations in this subpart, the term "United States", when used in a geographical sense, means the several states (including the Territories of Alaska and Hawaii before their admission as States), the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands. When used in the regulations in this subpart with respect to services performed after 1960, the term "United States" also includes Guam and American Samoa when the term is used in a geographical sense. The term "citizen of the United States" includes a citizen of the Commonwealth of Puerto Rico or the Virgin Islands, and, effective January 1,

1961, a citizen of Guam or American Samoa.

Definition of the terms "includes" and "including" located at 26 USC § 7701(c) provides the limiting authority which the above definitions, beyond constructive application, are subject to:

> (c) *INCLUDES AND INCLUDING. — The terms "includes" and "including" when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined.*

Two principles of law clarify definition intent: (1) The example represents the class, and (2) that which is not named is intended to be omitted. In the definition of "United States" and "State" set out above, all examples are of federal States, and are exclusive of the several States, with the transition of Alaska and Hawaii from the included to the excluded class proving the point. This conclusion is reinforced by the absence of regulations which extend authority to establish revenue districts in the several States (26 USC § 7621), authority for the Department of the Treasury [Puerto Rico] in the several States (26 USC § 7801), and no grant of delegated authority for the Commissioner of Internal Revenue, assistant commissioners, or other Department of the Treasury personnel (26 USC § 7802 & 7803).

## 5. Lack of Regulations Supporting General Application of Tax

Here again, the Parallel Table of Authorities and Rules is useful as **it demonstrates that Subtitles A & C taxes do not have general application within the several States and to the population at large**. The regulation for 26 USC § 1 refers to 26 CFR § 301, but that amounts to a dead end. There is no regulation under 26 CFR, Part 1 or 31 which would apply to the several States and the population at large. Further, there are no supportive regulations at all for 26 USC §§ 2 & 3, and of considerable significance, no regulations supporting corporate income tax, 26 USC § 11, as applicable to the several States.

Where the instant matter is concerned, regulations supporting 26 USC § 6321, liens for taxes, and § 6331, levy and distraint, are under 27 CFR, Part 70. The importance here is that Title 27 of the Code of Federal Regulations is exclusively under Bureau of Alcohol, Tobacco and Firearms administration for Subtitle E and related taxes. There are no corresponding regulations for the Internal Revenue Service, in 26 CFR, Part 1 or 31, which extend comparable authority to the several States and the population at large.

The necessity of regulations being published in the Federal Register is variously prescribed in the Administrative Procedures Act, at 5 USC § 552 et seq., and the Federal Register Act, at 44 USC § 1501 et seq. Of particular note, it is specifically set out at 44 USC § 1505(a), that when regulations are not published in the Federal Register, application of any given statute is exclusively to agencies of the United States and officers, agents and employees of the United States, thus once again confirming application of Subtitles A & C tax demonstrated above. Further, the need for regulations is detailed in 1 CFR, Chapter 1, and where the Internal Revenue Service is concerned, 26 CFR § 601.702.

The need for regulations has repeatedly been affirmed by the Supreme Court of the United States, as stated in *California Bankers Ass'n. v. Schultz*, 416 U.S. 21, 26, 94 S.Ct. 1494, 1500, 39 L.Ed.2d 812 (1974):

> *Under the Act, the Secretary of the Treasury is authorized to prescribe by regulation certain recordkeeping and reporting requirements for banks and other financial institutions in this country.*

> *Because it has a bearing on our treatment of some of the issues raised by the parties, we think it important to note that the Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone.*

Only those who violate regulations may incur civil and criminal penalties. It is the regulations issued by the Secretary of the Treasury and not the broad, authorizing language of the statute, which is to be tested against the standards of the 4th Amendment.

Because there is a citation supporting these statutes applicable under Title 27 of the Code of Federal Regulations, it is important to point out that, "Each agency shall publish its own regulations in full text," (1 CFR § 21.21(c)), with further verification that one agency cannot use regulations promulgated by another at 1 CFR § 21.40. To date, no corresponding regulation has been found for 26 CFR, Part 1 or 31, so until proven otherwise, IRS does not have authority to perfect liens or prosecute seizures in the several States as pertaining to the population at large.

## 6. Misapplication of Authority

Regulations pertaining to seized property are found at 26 CFR § 601.326:

> *Part 72 of Title 27 CFR contains the regulations relative to the personal property seized by officers of the Internal Revenue Service or the Bureau of Alcohol, Tobacco and Firearms as subject to forfeiture as being used, or intended to be used, to violate certain Federal Laws; the remission or mitigation of such forfeiture; and the administrative sale or other disposition, pursuant to forfeiture, of such seized property other than firearms seized under the National Firearms Act and firearms and ammunition seized under title 1 of the Gun Control Act of 1968. For disposal of firearms and ammunition under Title 1 of the Gun Control Act of 1968, see 18 U.S.C. 924(d). For disposal of explosives under Title XI of Organized Crime Control Act of 1970, see 18 U.S.C. 844(c).*

The only other comparable authority thus far found pertains to windfall profits tax on petroleum (26 CFR § 601.405), but once again, application is not supported by regulations applicable to the several States and the population at large.

Where the provision for filing 1040 returns is concerned, the key regulatory reference is at 26 CFR § 601.401(d)(4), and this application appears related to "employees" who work for two or more "employers", receiving foreign-earned income effectively connected to the United States. The option of filing a 1040 return for refund is mentioned in instructions applicable to United States citizens and residents of the Virgin Islands, but to date has not been located elsewhere. Reference OMB numbers for § 601.401, listed on page 170, 26 CFR, Part 600-End, cross referenced to Department of Treasury OMB numbers published in the Federal Register, November 1995, for foreign application.

The fact that 1040 tax return forms are optional and voluntary, with special application, is further reinforced by Delegation Order 182 (reference 26 CFR §§ 301.6020- 1(b) & 301.7701). The Secretary or his delegate is authorized to file a Substitute for Return for the following: Form 941 (Employer's Quarterly Federal Tax Return); Form 720 (Quarterly Federal Excise Tax Return); Form 2290 (Federal Use Tax Return on Highway Motor Vehicles); Form CT-1 (Employer's Annual Railroad Retirement Tax Return); Form 1065 (U.S. Partnership Return of Income); Form 11-B (Special Tax Return – Gaming Services); Form 942 (Employer's Quarterly Federal Tax Return for Household Employees); and Form 943 (Employer's Annual Tax Return for Agricultural Employees).

The "notice of levy" instrument forwarded to various third parties is not a "levy" which warrants surrender of property. The Internal Revenue Code, at § 6335(a), defines the "notice" instrument by use, notice is to be served to whomever levy has been executed against after the seizure is effected. In short, the notice merely conveys information; it is not cause for action. The term "notice" is clarified by definition in Black's Law Dictionary, 6th Edition, and other law dictionaries. Use of the "notice of levy" instrument to effect seizure is **FRAUD** by design. Proper use of the "notice" process, administrative garnishment, et al, is specifically set out in 5 USC § 5514, as being applicable exclusively to officers, agents and employees of agencies of the United States (26 USC § 3401(c)). Even then, however, the process must comply with provisions of 31 USC § 3530(d), and standards set forth in §§ 3711 & 3716-17. In accordance with provisions of 26 CFR, Part 601, Subpart D, the employer, meaning the United States agency the employee is employed by, is responsible for promulgating regulations and carrying out garnishment.

Even if IRS was the agency responsible for collecting from an "employee," due process would be required, as noted above, so authority to collect would ensue only after securing a court order from a court of competent jurisdiction, which in the several States would mean a judicial court of the State. In law, however, there is no authority for securing or issuing a Notice of Distraint premised on non-filing, bogus filing, or any other act relating to the 1040 return. See *United States v. O'Dell*, 160 F.2d 304 (6th Cir. 1947). In *G.M. Leasing Corp. v. United States*, 429 U.S. 338 (1977), the United States Supreme Court held that a judicial warrant for tax levies is necessary to protect against unjustified intrusions into privacy. The Court further held that forcible entry by IRS officials onto private premises without prior judicial authorization was also an invasion of privacy.

## 7. Liability Depends on a Taxing Statute

General demands for filing tax returns, production of records, examination of books, imposition and payment of tax, etc., are of no consequence to the point a taxing statute (1) defines what tax is being imposed, and (2) the basis of liability. **In other words, even if the Internal Revenue Service was a legitimate agency of the United States Department of the Treasury and had authority in the several States, the Service would have to be specific with respect to what tax was at issue and would have to demonstrate the tax by citing a taxing statute with the necessary elements to establish that any given person was obligated to pay any given tax.**

This mandate has been clarified by the courts numerous times, with the matter definitively stated by the Tenth Circuit Court of Appeals in *United States v. Community TV, Inc.*, 327 F.2d 797, at p. 800 (1964):

> *Without question, a taxing statute must describe with some certainty the transaction, service, or object to be taxed, and in the typical situation it is construed against the Government. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed.858.*

See also, *United States v. Isham*, 84 U.S. (17 Wall.) 496, 504 (1873); *Hartranft v. Wiegmann*, 121 U.S. 609, 616, 7 S. Ct. 1240 (1887); *American Net and Twine Co v. Worthington*, 141 U.S. 468, 474, 12 S. Ct. 55 (1891); *Gould v. Gould*, 245 U.S. 151, 153 (1917); *United States v. Merriam*, 263 U.S. 179, 187-188 (1923); *Bowers v. New York & Albany Lighterage Co.*, 273 U.S. 346, 350 (1927); *Edson v. Lucas*, 40 F.2d 398 (8th Cir. 1930); *United Dominion Industries, Inc. v. United States*, 532 U.S. 822, 121 S.Ct. 1934, 150 L.Ed.2d 45 (2001).

In other words, to the point Service personnel produce the statute which mandates a certain tax and

which specifies, "… the transaction, service, or object to be taxed..," the burden of proof lies with the Government, with the consequence being that no obligation or civil or criminal liability can ensue to the point a taxing statute that meets the above requirements is in evidence.

This conclusion is supported by the statute which provides the underlying requirements for keeping records, making statements, etc., located at 26 USC § 6001:

> *Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person, or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title. The only records which an employee shall be required to keep under this section in connection with charged tips shall be charge receipts, records necessary to comply with section 6053(c), and copies of statements furnished by employees under section 6053(a).* ____

The control statute for Subtitle F, Chapter 61, Subchapter A, Part I, concerning records, statements, and special returns, clearly returns the matter to the "employee" defined at § 3401(c), and the "employer" defined at § 3401(d). In general, however, (1) the Secretary must provide direct notice to whomever is required to keep books, records, etc., as being the "person liable," or (2) specify the person liable by regulation. In the absence of notice by the Secretary, based on a taxing statute which makes such a person liable according to provisions stipulated in *United States v. Community TV, Inc.*, *Hassett v. Welch*, the cases cited above, and other such cases, or regulations which specifically set establish general liability, there is no liability.

Sec. 6001 also exempts "employees" from keeping records except where tips and the like are concerned. This is consistent with constructive demonstration that "employers" rather than "employees" are required to file returns, as opposed to paying deducted amounts as income tax returns, constructively demonstrated in a previous section of this memorandum and specifically articulated in 26 CFR § 601.104. Clarification via 26 USC § 6053(a) is as follows:

> (a) REPORTS BY EMPLOYEES. — Every employee who, in the course of his employment by an employer, receives in any calendar month tips which are wages (as defined in section 3121(a) or section 3401(a)) or which are compensation (as defined in section 3231(e)) shall report all such tips in one or more written statements furnished to his employer on or before the 10th day following such month. Such statements shall be furnished by the employee under such regulations, at such other times before such 10th day, and in such form and manner, as may be prescribed by the Secretary.

Unraveling § 6001 straightens out the meaning of § 6011, which requires filing returns, statements, etc., by the person made liable (§ 3401(d)), as distinguished from the person required to make returns (payments) at § 6012 (§ 3401(c)). Even though a person might be a citizen or resident of the United States employed by an agency of the United States, and thereby be required to return a prescribed amount of United States-source income, he is not the person liable under § 6011 and attending regulations.

The "method of assessment" prescribed at 26 USC § 6303 is therefore dependent on the taxing statute and must rest on authority specifically conveyed by a taxing statute which prescribes liability where

the Secretary (1) has provided specific notice, including the statute and type of tax being imposed, or (2) supports assessment by regulatory application. In the absence of one or the other, an assessment by the Secretary is of no consequence as it is not legally obligating.

The requirement for the Secretary to provide notice to whomever is responsible for collecting tax, keeping records, etc., is clarified at 26 CFR § 301.7512-1, particularly (a)(1)(i), relating to "employee tax imposed by section 3101 of chapter 21 (Federal Insurance Contributions Act)," and (a)(1)(iii), relating to "income tax required to be withheld on wages by section 3402 of chapter 24 (Collection of Income Tax at Source on Wages)…" The person liable is the employer or the employer's agent, and of particular significance, it is this "person" who is subject to civil and particularly criminal penalties (26 CFR § 301.7513-1(f); 26 CFR §§ 301.7207-1 & 301.7214-1, etc.). Officers and employees of the United States are specifically identified as being liable at 26 USC § 301.7214-1.

The matter of who is required to register, apply for licenses, or otherwise collect and/or pay taxes imposed by the Internal Revenue Code is ultimately and finally put to rest under "Licensing and Registration", 26 USC §§ 301.7001-1, et seq. Each of the categories so addressed has liability based on some particular taxing statute which creates liability.

## 8. The Necessity of Administrative Process

The requirement for a specific taxing statute, with 26 USC § 6001 clearly providing the first leg in necessary administrative procedure to determine liability, was addressed at length in *Rodriguez v. United States*, 629 F.Supp. 333 (N.D. Ill. 1986).

Presuming (1) the Secretary has provided the necessary notice, or (2) a regulation prescribes general application which makes any given person liable for a tax and requires tax return statements to be filed, each step in administrative process prescribed by 26 USC §§ 6201, 6212, 6213, 6303 and 6331 must be in place for seizure or any other encumbrance to be legal.

Here again, regulations published in the Federal Register are significant, with provisions of 5 USC § 552 et seq., 44 USC § 1501 et seq., 1 CFR, Chapter I, and 26 CFR, Part 601 all supporting the mandate for regulations to be published in the Federal Register before they have general application. It will be noted by referencing the Parallel Table of Authorities and Rules, beginning on page 751 of the 1995 Index volume to the Code of Federal Regulations, that application by regulation to the several States is only under Title 27 of the Code of Federal Regulations, or that there are no regulations published in the Federal Register. The following entries, or non-entries, are found:

*26 USC § 6201 Assessment authority 27 CFR, Part 70*

26 USC § 6212 Notice of deficiency, No Regulation

26 USC § 6213 Restrictions applicable to deficiencies; petition to Tax Court, No Regulation

26 USC § 6303 Notice and Demand for Tax 27 CFR, Part 53, 70

26 USC § 6331 Levy and distraint 27 CFR, Part 70

The assessment authority under 26 USC § 6201, in relevant part as applicable to Subtitles A & C taxes, are as follows:

(a) AUTHORITY OF SECRETARY. — The Secretary is authorized and required to make the inquires, determination, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include the following:

(1) TAXES SHOWN ON RETURN. — The secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists are made under this title.

(3) ERRONEOUS INCOME TAX PREPAYMENT CREDITS. — If on any return or claim for refund of income taxes under subtitle A there is an overstatement of the credit for income tax withheld at the source, or of the amount paid as estimated income tax, the amount so overstated which is allowed against the tax shown on the return or which is allowed as a credit or refund may be assessed by the Secretary in the same manner as in the case of a mathematical or clerical error appearing upon the return, except that the provisions of section 6213(b)(2) (relating to abatement of mathematical or clerical error assessments) shall not apply with regard to any assessment under this paragraph.

(b) AMOUNT NOT TO BE ASSESSED. –

(1) ESTIMATED INCOME TAX. — No unpaid amount of estimated income tax required to be paid under section 6654 or 6655 shall be assessed.

(2) FEDERAL EMPLOYMENT TAX. — No unpaid amount of Federal unemployment tax for any calendar quarter or other period of a calendar year, computed as provided in section 6157, shall be assessed.

(d) DEFICIENCY PROCEEDINGS. –
For special rules applicable to deficiencies of income, estate, gift, and certain excise taxes, see subchapter B.

The grant of assessment authority with respect to taxes prescribed in Subtitles A & C is limited to provisions set out above even where the Service might have authority relating to those made liable for the tax, meaning the "employer" specified at 26 USC § 3401(d). Clearly, returns made either by the agent of the United States agency required to file a return, or the Secretary, are to be evaluated mathematically, and errors are to be treated as clerical errors, nothing more. The Secretary has no authority to assess estimated income tax (individual estimated income tax at § 6554; corporation estimated income tax at § 6655), or unemployment tax (§ 6157). For all practical purposes, the trail effectively ends here.

## 9. The Impossibility of Effective Contract/Election

In order for there to be an opportunity for a nonresident alien of the United States (a Citizen of one of the several States) to elect to be taxed or treated as a citizen or resident of the United States, one or the other of a married couple, or the single "individual" making the election, must be a citizen or resident of the United States (26 USC § 6013(g)(3)). Some party must in some way be connected with a "United States trade or business" (performance of the functions of a public office (26 USC § 7701(a)(26)). A nonresident alien never has self-employment income (26 CFR § 1.1402(b)-1(d)). In the event that a nonresident alien is an "employee" (26 USC § 3401(c)), the "employer" (26 USC §

3401(d)) is liable for collection and payment of income tax (26 CFR § 1.1441-1). And in order for real property to be treated as effectively connected with a United States trade or business by way of election, it must be located within the geographical United States (26 USC § 871(d)).

Provisions cited above preclude any and all legal authority for Citizens of the several States, or privately owned enterprise located in the several States, to participate in federal tax and benefits programs prescribed in Subtitles A & C of the Internal Revenue Code and companion legislation such as the Social Security Act which provide benefits from the United States Government, which is a foreign corporation to the several States.

## 10. Summary & Conclusion

This memorandum is not intended to be exhaustive, but merely sufficient to support causes set out separately. The most conspicuous conclusions of law are that Congress never created a Bureau of Internal Revenue, the predecessor of the Internal Revenue Service; Subtitles A & C of the Internal Revenue Code prescribe excise taxes, mandatory only for employees of United States Government agencies; the Internal Revenue Service, within the geographical United States where the Service appears to have colorable authority, is required to use judicial process prior to seizing or encumbering assets; and the law demonstrates that People of the several States, defined as nonresident aliens of the self-interested United States in the Internal Revenue Code, cannot legitimately elect to be taxed or treated as citizens or residents of the United States. If a Citizen of one of the several States works for an agency of the United States or receives income from a United States "trade or business" or otherwise effectively connected with the United States, the employer or other third party responsible for payment is made liable for withholding taxes at the rate of 30% or 14%, depending on classification, and is thus "the person liable" and may be subject to Internal Revenue Service initiatives, with administrative initiatives, where seizure and/or encumbrance actions are concerned, subject to judicial determinations by courts of competent jurisdiction.

I am a State Citizen and not a U.S. citizen as described above.

Under penalties of perjury, per 28 USC § 1746(1), I attest that to the best of my knowledge and understanding, all matters of law and fact presented herein are accurate and true.

sal-junior:Celauro

sal-junior:Celauro

20 Aug 2017

Date