

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

Date: 10/24/2017

Clerk of the Court
United States District Court
901 19th Street
Denver, CO 80294

Re: United States of America v. Salvatore Celauro, Jr, et al.
    Case No. 1:16-cv-0041-CMA-STV

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
NOV 14 2017
JEFFREY P. COLWELL
CLERK

Dear Clerk of the Court,

The purpose of the attached notice of levy is to inform you that Salvatore Celauro Jr., defendant in the above-referenced action, is indebted to the Internal Revenue Service for the tax liability described in the notice of levy. The tax liability described in the notice of levy was assessed after the commencement of the above-referenced action and is separate from the liability that was reduced to judgment. This notice of levy attaches to excess proceeds after the United States receives payment for the taxes at issue in this case, all other parties in this case except Salvator Celauro, Jr., who are entitled to received proceeds from the sale have received their payments, and any other costs of sale or distributions required by the Order of Sale other than payment to Salvatore Celauro, Jr., have been made.

The Internal Revenue Service recognizes that property in the possession of the United States District Court is in *custodial egis,* and, accordingly, no interference with the orderly judicial process of the Court is intended.

Service of this levy is intended to notify the Court of the claims of the Internal Revenue Service outside of the above referenced action. In general, compliance with this levy contemplates that property of, or to be awarded to Mr. Celauro will be turned over to the Internal Revenue Service to the extent of the Service's claim at the time when such property or proceeds would otherwise be distributed or turned over to Mr. Celauro.

If you have any questions or need more information, please contact me at the address or the telephone number listed below:

Internal Revenue Service
324 25th St Rm 6025 M/S 5446
Ogden, UT 84401
Phone#: (801)626-0711

Sincerely,

Suzy Taylor
Revenue Officer

| Form 668-A(ICS) (January 2015) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

DATE: **10/12/2017**

REPLY TO: Internal Revenue Service
SUZY TAYLOR
324 25TH ST ROOM 6025
MS 5446-OGDEN
OGDEN, UT 84401-2310000

TELEPHONE NUMBER
OF IRS OFFICE: **(801)626-0711**

TO: CLERK OF THE COURT
UNITED STATES COURT
901 19TH STREET
DENVER, CO 80294

NAME AND ADDRESS OF TAXPAYER:
**SALVATORE CELAURO JR**
**3282 N COUNTY RD 43**
**BAILEY, CO 80421**

IDENTIFYING NUMBER(S): **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**

**CELA**

THIS IS NOT A BILL FOR TAXES YOU OWE.  THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2007 | $38,880.83 | $2,525.88 | $41,406.71 |
| 1040 | 12/31/2008 | $41,277.54 | $2,681.58 | $43,959.12 |
| 1040 | 12/31/2009 | $36,445.87 | $2,367.70 | $38,813.57 |

| This levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other Retirement Plans in your possession or control, unless it is signed in the block to the right. ===================⇒ | Total Amount Due | $124,179.40 |
|---|---|---|

We figured the interest and late payment penalty to **12/12/2017**

The Internal Revenue Code provides that there is a lien for the amount that is owed.  Although we have given the notice and demand required by the Code, the amount owed hasn't been paid.  This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person.  However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must be held for 21 calendar days** from the day you receive this levy before you send us the money.  Include any interest the person earns during the 21 days.  Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person.  At a minimum, search your records using the taxpayer's name, address, and identifying number*(s)* shown on this form.  Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.  You may not subtract a processing fee from the amount you send us.

To respond to this levy —
1. Make your check or money order payable to **United States Treasury.**
2. Write the taxpayer's name, identifying number*(s)*, kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub)*.
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative **SUZY TAYLOR** | Title **REVENUE OFFICER** |
|---|---|

Part 1 —   For Addressee            Catalog No. 15704T    www.irs.gov                Form **668-A(ICS)** (1-2015)

Excerpts from the Internal Revenue Code
* * * * * * * * * * *

Sec. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.–The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.–Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.–Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.–A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.–Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.–The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.–Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.–Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.–In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.–Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

Sec. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.–

(1) In general.–Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.–In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.–If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return–

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.— If—

(1) any property has been levied upon, and

(2) the Secretary determines that—

(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States, the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

* * * * * * * * *

**Applicable Sections of Internal Revenue Code**

**6321. LIEN FOR TAXES.**
**6322. PERIOD OF LIEN.**
**6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.**
**6331. LEVY AND DISTRAINT.**
**6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.**
**6333. PRODUCTION OF BOOKS.**
**6334. PROPERTY EXEMPT FROM LEVY.**
**6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.**
**7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.**
**7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.**

For more information about this notice, please call the phone number on the front of this form.

Form **668-A(ICS)** (1-2015)

| Form 668-A(ICS) (January 2015) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

DATE: **10/12/2017**

REPLY TO: **Internal Revenue Service**
**SUZY TAYLOR**
**324 25TH ST ROOM 6025**
**MS 5446-OGDEN**
**OGDEN, UT 84401-2310000**

TO: **CLERK OF THE COURT**
**UNITED STATES COURT**
**901 19TH STREET**
**DENVER, CO 80294**

TELEPHONE NUMBER
OF IRS OFFICE: **(801)626-0711**

NAME AND ADDRESS OF TAXPAYER:
**SALVATORE CELAURO JR**
**3282 N COUNTY RD 43**
**BAILEY, CO 80421**

IDENTIFYING NUMBER(S): **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**
**CELA**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2007 | $38,880.83 | $2,525.88 | $41,406.71 |
| 1040 | 12/31/2008 | $41,277.54 | $2,681.58 | $43,959.12 |
| 1040 | 12/31/2009 | $36,445.87 | $2,367.70 | $38,813.57 |

| This levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other Retirement Plans in your possession or control, unless it is signed in the block to the right. ====================> | Total Amount Due | $124,179.40 |
|---|---|---|

We figured the interest and late payment penalty to **12/12/2017**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar Institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order\*)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury**. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call. *Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service.

| Signature of Service Representative **/S/ SUZY TAYLOR** | Title **REVENUE OFFICER** |
|---|---|

Part 2 – For Taxpayer

Form **668-A(ICS)** (1-2015)

# Excerpts from the Internal Revenue Code
\* \* \* \* \* \* \* \* \* \*

## Sec. 6331. LEVY AND DISTRAINT.

(b) **Seizure and Sale of Property.**—The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) **Successive Seizures.**—Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

## Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) **Requirement.**—Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.—A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.—Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.—The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.—Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

## Sec. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

## Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.—

(1) In general.—Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if—

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.—In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.—The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.—If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return-

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.— If—

(1) any property has been levied upon, and

(2) the Secretary determines that—

(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States, the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

\* \* \* \* \* \* \* \* \*

**Applicable Sections of Internal Revenue Code**

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

For more information about this notice, please call the phone number on the front of this form.

Form **668-A(ICS)** (1-2015)

| Form 668-A(ICS)<br>(January 2015) | Department of the Treasury – Internal Revenue Service<br>**Notice of Levy** |
|---|---|
| DATE: **10/12/2017** | TELEPHONE NUMBER |
| REPLY TO: **Internal Revenue Service**<br>**SUZY TAYLOR**<br>**324 25TH ST ROOM 6025**<br>**MS 5446-OGDEN**<br>**OGDEN, UT 84401-2310000** | OF IRS OFFICE: **(801)626-0711**<br><br>NAME AND ADDRESS OF TAXPAYER:<br>**SALVATORE CELAURO JR**<br>**3282 N COUNTY RD 43** |
| TO: **CLERK OF THE COURT**<br>**UNITED STATES COURT**<br>**901 19TH STREET**<br>**DENVER, CO 80294** | **BAILEY, CO 80421**<br><br>IDENTIFYING NUMBER(S): **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**<br>**CELA** |

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2007 | $38,880.83 | $2,525.88 | $41,406.71 |
| 1040 | 12/31/2008 | $41,277.54 | $2,681.58 | $43,959.12 |
| 1040 | 12/31/2009 | $36,445.87 | $2,367.70 | $38,813.57 |

| This levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other Retirement Plans in your possession or control, unless it is signed in the block to the right. ====================⇒ | Total Amount Due | $124,179.40 |
|---|---|---|

We figured the interest and late payment penalty to **12/12/2017**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
1. Make your check or money order payable to **United States Treasury**.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.)*.
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative<br>**/S/ SUZY TAYLOR** | Title<br>**REVENUE OFFICER** |
|---|---|

| Part 3 – | Complete and return to IRS | Catalog No. 15704T | www.irs.gov | Form **668-A(ICS)** (1-2015) |
|---|---|---|---|---|

| Form **668-A(ICS)**<br>(January 2015) | Department of the Treasury – Internal Revenue Service<br>**Notice of Levy** |
|---|---|
| Taxpayer's name(s)<br>SALVATORE CELAURO JR | Identifying number(s) *(as shown on the front)*<br>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 |

## Section 1 – Levy Acknowledgment

| Signature of person responding | Printed name of person responding |
|---|---|
| Your telephone number | Date and time this levy received |

## Section 2 – Levy Results *(Check all applicable boxes.)*

☐ Check attached in the amount of $ _____

☐ No funds

☐ No account

☐ No record

☐ Account closed on _____ (date)

## Section 3 — Other Information *(please complete this section only if you are NOT sending us the total amount the taxpayer owes.)*

Taxpayer's latest address, if different from the one on this levy.

_____

_____

_____

Taxpayer's telephone number: (_____)_____  Next date you will owe funds to the taxpayer _____

Name and address of taxpayer's employer, *(if different from addressee)*

_____

_____

_____

Other information you believe may help us

---

Part 3    Return to IRS         Catalog No. 15704T    www.irs.gov         Form **668-A(ICS)** (1-2015)