IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 1:16-cv-00441-CMA-STV

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

SALVATORE CELAURO, JR.;
MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

      Defendants.

---

**UNITED STATES' MOTION FOR ORDER CONFIRMING SALE AND
DISTRIBUTING PROCEEDS**

---

The United States of America, through undersigned counsel, submits this Motion and respectfully requests that the Court enter an order confirming that the sale of the real property located at 3282 North County Road 43, Bailey, Colorado 80421 was conducted by the United States in compliance with 28 U.S.C. §§ 2001-2002 and in accord with the Court's Order dated February 10, 2017 (ECF No. 51). The United States further requests that the Court direct the Clerk of Court to distribute the proceeds of that sale as follows:

1.      First, by check made payable to the "United States Marshal for the District of Colorado" in the amount of $352.03 for costs of eviction, mailed to:

> United States Marshal, District of Colorado
> Attn: Deputy Gregorio Rivera
> 901 19th Street, 3rd Floor
> Denver, CO 80294

2.      Second, by check made payable to the "Internal Revenue Service" in the

amount of $736.92 for costs of sale, mailed to:

> Gary S. Chambers
> IRS Property Appraisal & Liquidation Specialist
> 1201 Pacific Ave, Suite 550, M/S W802
> Tacoma, WA 98402

3.      Third, by check made payable to the "United States Department of

Justice," with "U.S. v. Celauro, et al., Case No.  16-cv-441" written in the

memo field, in the amount of $267,218.07 in satisfaction of the Judgment

entered on November 3, 2016 (ECF No. 46), plus any interest accruing

after December 20, 2017, mailed to:

> Department of Justice, ATTN: TAXFLU
> P.O. Box 310 - Ben Franklin Station
> Washington, DC 20044

4.      Fourth, by check made payable to "Michele Graziano" in the amount of

$10,475.82 in satisfaction of a Judgment for unpaid support entered by the

Nassau County Family Court for the State of New York, mailed to:

> Michele Graziano
> 1796 Willis Ave.
> Merrick, NY 11566

5.      Fifth, payment in compliance with any lawful administrative collection

actions, including the IRS's Notice of Levy pursuant to 26 U.S.C. § 6331

by check made payable to the "United States Treasury" in the amount of

$124,179.40 in compliance with the Internal Revenue Service's Notice of

Levy (Doc. 64) for Defendant Celauro's unpaid federal income tax

liabilities for the 2007, 2008, and 2009 tax years, plus any interest and

penalties accruing after December 12, 2017, mailed to:

> Internal Revenue Service
> c/o Suzy Taylor
> 324 25th Street, Room 6025
> MS 5446-Ogden
> Ogden, UT 84401-2310000

6.      Sixth, the remainder to be paid to Defendant Salvatore Celauro, Jr. at the

following address on file with the Court:

> Salvatore Celauro, Jr.
> 25587 Conifer Road, Suite 105 #317
> Conifer, CO 80433

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel for the United States

conferred via email with Michele Graziano and counsel for Park County, Colorado

regarding the filing of this Motion on October 25, 2017. Neither party has objected. The

Court entered default judgment against Defendant Salvatore Celauro, Jr., and

Defendant Celauro has yet to enter a proper appearance in this matter; however, based

on previous filings, it is assumed that he objects to this Motion.

## I.  <u>BACKGROUND</u>

The United States initiated this civil action by filing a Complaint on February 23,

2016. (ECF No. 1, Complaint.) The Complaint sought to reduce federal tax

assessments against Defendant Celauro to judgment and to foreclose related federal

tax liens on real property located at 3282 North County Road 43, Bailey, Colorado 80421 (the "Subject Property"). The Subject Property is more-particularly described as follows:

> Lot 6,
> DEER CREEK VALLEY RANCHOS – UNIT 4
>
> County of Park,
> State of Colorado

The Complaint also named Michele Graziano and Park County, Colorado as defendants in this action as parties with a potential claim or interest in the Subject Property pursuant to 26 U.S.C. § 7403(b). Park County and Ms. Graziano each appeared in this matter through Stipulations in which they asserted an interest in the property and agreed to the priority of their interests *vis-à-vis* the United States' interest in the event the property should be sold. (*See* ECF Nos. 18-19, Park County Stipulation and Order; ECF Nos. 33-34, Graziano Stipulation and Order.)

Defendant Celauro did not properly appear in this matter, and on November 3, 2016, the Court entered Default Judgment against him. (ECF No. 46, Default Judgment.) On February 10, 2017, the Court entered an Order of Foreclosure and Judicial Sale (ECF No. 51), directing the sale of the Subject Property. The Order of Foreclosure and Judicial Sale provided that "[a]ll persons occupying the Subject Property shall leave and vacate permanently such properties no later than 15 days after the entry of this Order, each taking with them his or her personal property . . . when leaving and vacating." (ECF No. 51 ¶ 8.) Mr. Celauro did not comply with the Order, and

on July 3, 2017, Mr. Celauro was physically evicted by the U.S. Marshal from the premises. (*See* ECF No. 58.)

The Subject Property was advertised for sale in accordance with the Order of Sale. (Declaration of Gary S. Chambers "Chambers Decl." at ¶ 2). The Park County Republican and Fairplay Flume published a Notice of Judicial Auction Sale for four weeks prior to September 14, 2017. (Chambers Decl. ¶ 2; Ex. A, Proof of Publication).

On September 14, 2017 the property was sold at a public auction conducted by Gary S. Chambers, an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), on the premises of the Subject Property. (Chambers Decl. ¶ 4). The successful bidder bid $510,000 and deposited $51,000 with the Court, as required by the Order of Sale. (Chambers Decl. ¶ 5; ECF No. 61). On October 20, 2017, the successful bidder deposited the remaining $459,000 balance with the Clerk of Court. (Chambers Decl. ¶ 5; ECF No. 63, Clerk of Court's Receipt.)

The expenses incurred in the sale of the Subject Property totaled $1,088.95, consisting of the following:

| | |
|---|---|
| US Marshal Eviction (ECF No. 58): | $352.03 |
| Intermountain Rural Electric Association: (Chambers Decl. ¶ 6a; Ex. B) | $109.27 |
| Mathias Lock & Key Locksmithing: (Chambers Decl. ¶ 6b; Ex. C) | $516.99 |

\\

\\

- 5 -

Nationwide Newspapers
Legal Advertisement:          $110.66
(Chambers Decl. ¶ 6c; Ex. D)

## II. <u>REQUEST FOR CONFIRMATION OF SALE</u>

The general procedures to be followed in conducting a public sale of real

property under Court decree are set forth in 28 U.S.C. §§ 2001-2002. In pertinent part,

Section 2001 provides:

> (a) Any realty or interest therein sold under any order or decree of any court of
> the United States shall be sold as a whole or in separate parcels at public
> sale at the courthouse of the county, parish, or city in which the greater part
> of the property is located, or upon the premises or some parcel thereof
> located therein, as the court directs. Such sale shall be upon such terms
> and conditions as the court directs. . . .

28 U.S.C. § 2001. Section 2002 provides, in relevant part, that the public sale be

advertised in the following manner:

> A public sale of realty or interest therein under any order, judgment or
> decree of any court of the United States shall not be made without notice
> published once a week for at least four weeks prior to the sale in at least
> one newspaper regularly issued and of general circulation in the county,
> state or judicial district of the United States wherein the realty is situated . .

28 U.S.C. § 2002.

As described in PALS representative Gary Chambers' Declaration, the sale was

conducted in accordance with 28 U.S.C. §§ 2001-02 and the corresponding provisions

of the Court's Order of Sale. The full purchase price for the Subject Property has been

paid into the Court's registry. Accordingly, the United States has properly effected the

sale of the Subject Property, and the sale should be confirmed.

- 6 -

### III.  <u>DISTRIBUTION OF PROCEEDS</u>

In accordance with the Court's Order of Sale, the United States requests that the Court direct the Clerk of Court to distribute the deposited funds in the following manner: first, to satisfy the expenses of the sale; second, to the United States in satisfaction of the Court's Judgment on the 1998, 1999, 2001, 2002, and 2011 liabilities at issue in this matter; third, to Michele Graziano in satisfaction of her recorded judgment lien for unpaid support recorded against Defendant Celauro and the Subject Property; fourth, to the United States Treasury in compliance with the IRS's Notice of Levy served upon the Clerk of Court for federal income tax liabilities for the 2007, 2008, and 2009 tax years; and fifth, the remainder of the funds to Defendant Celauro.

### A.  Expenses

The United States Marshal for the District of Colorado incurred $352.03 in expenses to evict Defendant Celauro from the premises after he disregarded the Court's Order of Sale, which were reasonable and necessary to complete the sale of the Subject Property. (ECF No. 58). The PALS representative, Gary Chambers, an IRS employee, incurred and paid the following expenses, which were reasonable and necessary to complete the sale: $109.27 for electric bills from Intermountain Rural Electric Association (Chambers Decl. ¶ 6a; Ex. B); $516.99 in locksmith charges from Mathias Lock & Key (Chambers Decl. ¶ 6b; Ex. C); and $110.66 in legal advertising costs from Nationwide Newspapers (Chambers Decl. ¶ 6c; Ex. D). In total, Mr. Chambers incurred $736.92 in expenses to complete the sale of the Subject Property.

**B.      Property Taxes**

On May 17, 2016, the United States and Park County, Colorado stipulated that

"pursuant to 26 U.S.C. § 6323(b)(6), any Park County property tax lies upon the [Subject

Property] that are entitled to priority over prior security interests under Colorado state

law will have priority over the federal tax liens at issue in the above-captioned action."

(ECF No. 18 ¶ 4.) On October 31, 2017, in response to the United States' inquiry,

counsel for Park County, Colorado confirmed that no property taxes were owed on the

Subject Property. (Declaration of Ryan S. Watson "Watson Decl." ¶ 3; Ex. E, Email from

Herbert C. Phillips).

**C.      Amount Due to United States on Complaint and Judgment**

On November 3, 2016, the Court entered Default Judgment against Defendant

Celauro on the United States' claims for unpaid tax liabilities for the 1998, 1999, 2001,

2002, and 2011 tax years and on its claims to foreclose on the Subject Property. (ECF

No. 46, Default Judgment.) As of December 20, 2017, the amount due on the 1998,

1999, 2001, 2002, and 2011 tax liabilities will be $267,218.07. (Declaration of Maleia

Parker "Parker Decl." ¶ 1-8; Ex. F, IRS Payoff Calculation; Ex. G, IRS INTSTD Tax,

Interest, and Penalty Calculations).

**D.      Amount Due to Michele Graziano on Unpaid Support Judgment**

On April 1, 2015, the Family Court of the State of New York, Nassau County,

entered a Judgment for Michele Graziano and against Defendant Celauro in the amount

of $8,448.25 for his willful failure to pay child support as required by a May 22, 2001

court order. (Watson Decl. ¶ 4; Ex. H, Nassau County Judgment). Ms. Graziano then

recorded the New York Judgment with the Clerk and Recorder of Park County, Colorado on July 20, 2015. (*Id*.)

On June 9, 2016, the United States and Ms. Graziano stipulated that the United States' liens on the Subject Property had priority over Ms. Graziano's judgment lien. (ECF No. 33-34, Stipulation and Order.) The Stipulation further provided that the United States would provide for payment of Ms. Graziano's judgment lien in the event there were sufficient proceeds after the payment of any costs, property taxes, and the United States' recorded interests against Defendant Celauro. (*Id*.)

On October 25, 2017 and again on November 16, 2017, the United States requested a payoff for the total amount due from Ms. Graziano. (Watson Decl. ¶ 5; Ex. I, Emails to Michele Graziano). As of the time of this filing, Ms. Graziano has not yet responded. (Watson Decl. ¶ 5). However, under NY CPLR § 5004, Ms. Graziano's April 1, 2015 Judgment would accumulate nine percent uncompounded interest per annum (a total of $760.34 per year) under New York law from the time it was entered.[1] Accordingly, as of December 20, 2017, the amount due on Ms. Graziano's lien will be $10,475.82.

\\

\\

---

[1] NY CPLR § 5004 provides that "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." Unlike C.R.S. § 14-14-106, which provides for additional, compounding interest on unpaid support debt, New York does not have a specific support statute, nor does statutory interest compound. *See* Siegel, Practice Commentary, McKinney's NY CPLR § 5004.

### E.    IRS Notice of Levy

By letter dated October 24, 2017, the IRS served a Notice of Levy on the Clerk of Court for payment of Defendant Celauro's unpaid federal income taxes for the 2007, 2008, and 2009 tax years. (ECF No. 64.) This administrative action, taken by the IRS pursuant to 26 U.S.C. § 6331, is unrelated to the United States' claim to reduce the 1998, 1999, 2001, 2002, and 2011 tax years to judgment, and the assessments for the 2007, 2008, and 2009 tax years were made during the pendency of this action. (ECF No. 64 p. 1.) The notice of levy attaches to excess proceeds from the sale of the Subject Property, which after satisfaction of the liabilities and interests described above, would otherwise belong to Defendant Celauro.[2] (*Id.*)

## IV. <u>CONCLUSION</u>

For the above-stated reasons, the Court should grant the foregoing Motion, confirming that the sale of the real property located at 3282 North County Road 43, Bailey, Colorado 80421 was conducted by the United States in compliance with 28 U.S.C. §§ 2001-2002 and in accord with the Court's Order dated February 10, 2017. Furthermore, the Court should direct the Clerk of Court to distribute the proceeds of that sale as follows:

\\

---

[2] 26 U.S.C. § 6331 operates to allow the IRS to administratively collect unpaid tax liabilities "by levy upon all property and rights to property" of a delinquent taxpayer. The levied taxpayer is not without redress, however. Under 26 U.S.C. § 7422, a taxpayer may make a claim for a refund of an alleged overpayment or amount erroneously collected by the IRS.

1.      First, by check made payable to the "United States Marshal for the District

of Colorado" in the amount of $352.03 for costs of eviction, mailed to:

> United States Marshal, District of Colorado
> Attn: Deputy Gregorio Rivera
> 901 19th Street, 3rd Floor
> Denver, CO 80294

2.      Second, by check made payable to the "Internal Revenue Service" in the

amount of $736.92 for costs of sale, mailed to:

> Gary S. Chambers
> IRS Property Appraisal & Liquidation Specialist
> 1201 Pacific Ave, Suite 550, M/S W802
> Tacoma, WA 98402

3.      Third, by check made payable to the "United States Department of

Justice," with "U.S. v. Celauro, et al., Case No. 16-cv-441" written in the

memo field, in the amount of $267,218.07 in satisfaction of the Judgment

entered on November 3, 2016 (ECF No. 46), plus any interest accruing

after December 20, 2017, mailed to:

> Department of Justice, ATTN: TAXFLU
> P.O. Box 310 - Ben Franklin Station
> Washington, DC 20044

4.      Fourth, by check made payable to "Michele Graziano" in the amount of

$10,475.82 in satisfaction of a Judgment for unpaid support entered by the

Nassau County Family Court for the State of New York, mailed to:

> Michele Graziano
> 1796Iis Ave.
> Merrick, NY 11566

5.       Fifth, payment in compliance with any lawful administrative collection actions, including the IRS's Notice of Levy pursuant to 26 U.S.C. § 6331 by check made payable to the "United States Treasury" in the amount of $124,179.40 in compliance with the Internal Revenue Service's Notice of Levy (Doc. 64) for Defendant Celauro's unpaid federal income tax liabilities for the 2007, 2008, and 2009 tax years, plus any interest and penalties accruing after December 12, 2017, mailed to:

> Internal Revenue Service
> c/o Suzy Taylor
> 324 25th Street, Room 6025
> MS 5446-Ogden
> Ogden, UT 84401-2310000

6.       Sixth, the remainder to be paid to Defendant Salvatore Celauro, Jr., mailed to the following address on file with the Court:

> Salvatore Celauro, Jr.
> 25587 Conifer Road, Suite 105 #317
> Conifer, CO 80433

\\

\\

\\

\\

\\

\\

\\

Dated: <u>November 21, 2017</u>

Respectfully Submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

<u>/s/  *Ryan S. Watson*</u>
RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel:  202.514.5173
Ryan.Watson@usdoj.gov

*Of Counsel*
ROBERT TROYER
United States Attorney
District of Colorado

*Attorneys for the United States of America*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2017, I served the foregoing as follows:

<u>Via CM/ECF</u>:

Herbert C. Phillips
Lee@law-hcp.com
*Counsel for Park County, Colorado*

<u>Via U.S. Mail</u>:

Salvatore Celauro, Jr.
3282 North County Road 43
Bailey, Colorado 80421

Salvatore Celauro, Jr.
25587 Conifer Road, Suite 105 #317
Conifer, Colorado 80433

Michele Graziano
1796 Willis Ave.
Merrick, NY 11566

        */s/ Ryan S. Watson*    
        RYAN S. WATSON
        Trial Attorney, Tax Division
        U.S. Department of Justice