IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00441-CMA-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SALVATORE CELAURO, JR.,
MICHELE GRAZIANO, and
PARK COUNTY, COLORADO,

    Defendants.

---

## ORDER CONFIRMING SALE AND DISTRIBUTING PROCEEDS

---

This matter is before the Court upon Plaintiff United States of America's Motion for Order Confirming Sale and Distributing Proceeds. (Doc. # 65.) For the reasons stated herein, the Court grants the United States' Motion and issues this Order.

### I.    BACKGROUND

The United States initiated this action on February 23, 2016, seeking to reduce federal tax assessments against Defendant Salvatore Celauro, Jr., and to foreclose related federal tax liens on real property in Park County, Colorado (the "Subject Property"). (Doc. # 1.) As the Court explained in its Order Denying Defendant's Motion to Dismiss and Entry of Default Judgment (Doc. # 45), Plaintiff filed numerous filings asserting nonsensical arguments in protest of taxation and alleging a fraudulent conspiracy throughout this action. Defendant attacked the jurisdiction of this Court in

these filings, as tax-protesting defendants commonly do, and repeatedly failed to appear for scheduled hearings.

The Court entered default judgment against Defendant on November 3, 2016. (*Id.*) On February 10, 2017, the Court entered an Order of Foreclosure and Judicial Sale, directing the sale of the Subject Property. (Doc. # 51.) Defendant did not comply with the Court's directive that all persons occupying the Subject Property vacate it permanently, and on July 3, 2017, the United States Marshal physically evicted him from the Subject Property. *See* (Doc. # 58.) The Subject Property was then advertised for sale in accordance with the Court's order. (Doc. # 65-2 at 1–2.)

The Subject Property was sold at a public auction on September 14, 2017; an Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialist conducted the auction on the Subject Property's premises. (*Id*. at 2.) The successful bidder bid $510,000 and paid the required deposit of $51,000. (*Id*.) The bidder deposited the balance of the purchase price with the Clerk of the Court on October 20, 2017. (*Id*.) According to the United States, $1,088.95 in expenses were incurred in the sale of the Subject Property, broken down as follows:

      a. $352.03: United States Marshal's eviction, *see* (Doc. # 58);
      b. $109.27: electric bills for the Subject Property from Intermountain Rural Electric Association, *see* (Doc. # 65-6);
      c. $516.99: Locksmith's charge for changing the locks on the Subject Property, from Mathias Lock & Key, *see* (Doc. # 65-7); and
      d. $110.66: cost of advertising the sale in local media, from Nationwide Newspapers, *see* (Doc. # 65-8).

(Doc. # 65 at 5–6.)

On November 21, 2017, the United States filed the instant motion, requesting that the Court enter an order confirming the sale of the Subject Property and distributing the proceeds from that sale. (Doc. # 65.) Plaintiff filed two objections on December 14, 2017, (Doc. ## 67, 68), though the second objection is identical to a portion of the Plaintiff's first objection. Plaintiff therein demands that the Court return the Subject Property to him and refund $510,000 to the successful bidder. *E.g.,* (Doc. # 67 at 5.)

## II.  ANALYSIS

The general procedure for conducting a public sale of real property under Court direction is established at 28 U.S.C. § 2001(a):

> Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.

Relevant here, the statute also provides that the public sale be advertised:

> A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.

28 U.S.C. § 2002.

The Court is satisfied that the sale of the Subject Property was conducted in accordance with these statutory provisions and the Court's Order of Sale (Doc. # 51). The full purchase price for the Subject Property has been paid into the Court's registry. Accordingly, the United States has properly effected the sale of the Subject Property,

3

and the sale should be confirmed.  The proceeds from the sale are to be distributed in accordance with the United States' Motion (Doc. # 65.)

Defendant's arguments fail to persuade the Court otherwise.  Defendant again irrationally asserts that the Court does not have jurisdiction over him, that the Complaint against him is fraudulent, and that the Court and the United States' officials involved have committed criminal activity.  (Doc. ## 67, 68.)  The Court explained more than a year ago how jurisdiction is conferred and exercised in this suit.  *See* (Doc. # 45 at 3–6.)  More recently, on March 10, 2017, the Court offered a final warning to Defendant after he continued to disrespect our systems of laws and the authority of the courts.  (Doc. # 57 at 3.)  Defendant has flagrantly violated that warning by filing frivolous, contemptible "objections" to the instant Motion.  *See* (Doc. ## 67, 68.)

With this Order, this case is terminated.  If Defendant files any more frivolous documents with the Court in regard to this action, the Court may impose sanctions pursuant to the Federal Rules.  These sanctions may include financial penalties and filing restrictions.

### III.  CONCLUSION

Accordingly, IT IS ORDERED that the United States' Motion for Order Confirming Sale and Distributing Proceeds (Doc. # 65) is GRANTED.  It is

FURTHER ORDERED that sale on September 14, 2017, of the Subject Property was properly conducted.  The sale is hereby confirmed.  It is

FURTHER ORDERED that the Internal Revenue Service is authorized to execute and deliver to the purchaser a Certificate of Sale and Deed conveying the Subject Property to the successful bidder. It is

FURTHER ORDERED that, on delivery of the Certificate of Sale and Deed, all interests in, liens against, or claims to the Subject Property that are held or asserted in this action by the Plaintiff or any of the Defendants are discharged. On the delivery of the Certificate of Sale and Deed, the Subject Property shall be free and clear of the interests of Defendant Salvatore Celauro, Jr., Michele Graziano, Park County, Colorado, and the United States of America. It is

FURTHER ORDERED that possession of the property sold shall be yielded to the purchaser upon the production of a copy of the Certificate of Sale and Deed; if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of the Court to compel delivery of the property to the purchaser. It is

FURTHER ORDERED that the proceeds of the sale on September 14, 2017, of the Subject Property shall be distributed by the Clerk of Court as follows:

1. First, by check made payable to the "United States Marshal for the District of Colorado" in the amount of $352.03 for costs of eviction, mailed to:

   United States Marshal, District of Colorado
   Attn: Deputy Gregorio Rivera
   901 19th Street, 3rd Floor
   Denver, CO 80294

2. Second, by check made payable to the "Internal Revenue Service" in the amount of $736.92 for costs of sale, mailed to:

   Gary S. Chambers

> IRS Property Appraisal & Liquidation Specialist
> 1201 Pacific Ave, Suite 550, M/S W802
> Tacoma, WA 98402

3. Third, by check made payable to the "United States Department of Justice," with "U.S. v. Celauro, et al., Case No. 16-cv-441" written in the memo field, in the amount of $267,218.07 in satisfaction of the Judgment entered on November 3, 2016, (Doc. # 46), plus any interest accruing after December 20, 2017, mailed to:

> Department of Justice, ATTN: TAXFLU
> P.O. Box 310 - Ben Franklin Station
> Washington, DC 20044

4. Fourth, by check made payable to "Michele Graziano" in the amount of $10,475.82 in satisfaction of a Judgment for unpaid support entered by the Nassau County Family Court for the State of New York, mailed to:

> Michele Graziano
> 1796 Iis Ave.
> Merrick, NY 11566

5. Fifth, payment in compliance with any lawful administrative collection actions, including the IRS's Notice of Levy pursuant to 26 U.S.C. § 6331 by check made payable to the "United States Treasury" in the amount of $124,179.40 in compliance with the Internal Revenue Service's Levy (Doc. 64) for Defendant Celauro's unpaid federal income tax liabilities for the 2007, 2008, and 2009 tax years, plus any interest and penalties accruing after December 12, 2017, mailed to:

> Internal Revenue Service
> c/o Suzy Taylor

    324 25th Street, Room 6025
    MS 5446-Ogden
    Ogden, UT 84401-2310000

6.     Sixth, the remainder to be paid to Defendant Salvatore Celauro, Jr.,

mailed to the following address on file with the Court:

    Salvatore Celauro, Jr.
    25587 Conifer Road, Suite 105 #317
    Conifer, CO 80433


DATED: December 18, 2017

                                                   BY THE COURT:

                                                 */s/ Christine M. Arguello*
                                                 _____
                                                 CHRISTINE M. ARGUELLO
                                                 United States District Judge