IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil No. 1:16-cv-00441-CMA-STV

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SALVATORE CELAURO, JR.;
MICHELE GRAZIANO; and
PARK COUNTY, COLORADO

    Defendants.

## UNITED STATES' RESPONSE TO
## CELAURO'S NOTICE OF CLAIM OF RIGHT OF SUBROGATION

The United States of America, through undersigned counsel, submits this Response to Defendant Celauro's "Notice of Claim of Right of Subrogation for Court Bond Found in Fund with CUSIP: 693390353." While it is unclear what, if any, relief this peculiar filing requests, any such request for relief should be denied. This case has been closed for eight months, and any time period for appealing the Court's January 18, 2018 Final Judgment (ECF NO. 70) has long passed.

The United States brought this action against Defendant Salvatore Celauro, Jr. to reduce unpaid federal income tax and penalty assessments to judgment and to foreclose on Celauro's real property located in Park County, Colorado. (ECF No. 1.) After Celauro failed to file a proper answer to the Complaint and repeatedly disobeyed Court Orders, the Court entered default judgment in favor of the United States against

Celauro on November 3, 2016. (ECF No. 46.) Celauro's real property was sold at a judicial sale in September 2017 (*See* ECF No. 61), and the proceeds of the sale were distributed to various parties involved in this action, including Celauro, upon confirmation of the sale by the Court. (*See* ECF Nos. 65 & 69.) The Court entered its final judgment in the action on January 18, 2018. (ECF No. 70.)

On September 11, 2018—nearly a year after the sale of the property and over 7 months from the date of final judgment in this action—Celauro filed the instant "Notice of Claim of Right of Subrogation for Court Bond Found in Fund with CUSIP: 693390353." The Notice, to which Celauro attached his birth certificate and social security card, appears to claim that he is entitled to funds "using [his] equity" in a fund maintained by Pacific Investment Management Company, LLC ("PIMCO").

Celauro's fantastical claims that there is a secret fund to be used to offset his tax liabilities lack any basis in reality and are a continuation of the frivolous, tax-protestor filings he has made throughout this case. The Court should not consider them. *See United States v. Berryman*, 2013 WL 5466891 *5 (D. Colo. Sept. 27, 2013) (citing *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990)). In addition, even if he did have a cognizable argument, the time to file such an argument has long passed. *See* Fed. R. App. P. (4)(a)(1)(B) (requiring that an appeal of a final judgment be made within 60 days from the date of the judgment). Accordingly, to the extent Celauro's Notice requests relief, such relief should be denied.

\\

\\

- 2 -

Dated: <u>October 2, 2018</u>     Respectfully Submitted,


RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/  *Ryan S. Watson*
RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Tel:  202.514.5173
Ryan.Watson@usdoj.gov

*Of Counsel*
ROBERT TROYER
United States Attorney
District of Colorado

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2018, I served the foregoing as follows:

Via CM/ECF:

Herbert C. Phillips
Lee@law-hcp.com
*Counsel for Park County, Colorado*

Via U.S. Mail:

Salvatore Celauro, Jr.
3282 North County Road 43
Bailey, Colorado 80421

Salvatore Celauro, Jr.
25587 Conifer Road, Suite 105 #317
Conifer, Colorado 80433

Michele Graziano
1796 Willis Ave.
Merrick, NY 11566

                                                     */s/ Ryan S. Watson*
                                                     RYAN S. WATSON
                                                     Trial Attorney, Tax Division
                                                     U.S. Department of Justice